UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OCA – ASIAN PACIFIC AMERICAN ADVOCATES, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 25-0287 (TJK)<br>) |
| MARCO RUBIO, *et al.*, | )<br>)<br>) |
| Defendants. | )<br>) |

**DEFENDANTS' MOTION TO STAY PROCEEDINGS
AND MEMORANDUM IN SUPPORT**

**TABLE OF CONTENTS**

STATEMENT OF FACTS……………………..……………………………………………….2

ARGUMENT ……………………………………………………………………………………..4

CONCLUSION……………………………………………………………………………......7

# TABLE OF AUTHORITIES

**Cases**                                                                       **Page(s)**

*Consumer Financial Protection Bureau v. Credit acceptance Corp.*, ("CFPB"),
 Civ. A. No. 23- 38, 2023 WL 5013303 (S.D.N.Y. Aug. 7, 2023) ............................................. 6

*Air Line Pilots Ass'n v. Miller*,
 523 U.S. 866, (1998) ............................................................................................................... 4

*Barcardi v. Empresa Cub. Export Inc.*, Civ. A.,
 No. 04-519 (EGS), 2007 U.S. Dist. LEXIS 37716 (D.D.C. May 24, 2007) ............................ 4

*CASA, Inc. et al. v. Trump, et al.*,
 No. 25-1153, 2025 WL 654902 (4th Cir. Feb. 28, 2025) ......................................................... 3

*CASA, Inc. v. Trump et al.*, Civ. A.,
 No. 25—00201, 2025 WL 408636 (D. Md. Feb. 5, 2025) ........................................................ 2

*Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. EPA*,
 630 F. Supp. 2d 295 (S.D.N.Y. 2009) ..................................................................................... 7

*Clinton v. Jones*,
 520 U.S. 681 (1997) ................................................................................................................ 4

*Landis v. N. Am., Co.*,
 299 U.S. 248 (1936) ................................................................................................................ 4

*Diaz v. Department of Homeland Security*,
 Civ. A. No. 17-cv-24555-UU, 2018 WL 11476395 (S.D. Fla. Jan. 24, 2018) ..................... 5, 7

*Goldstein v. Time Warner New York City Cable* Group,
 3 F. Supp. 2d 423 (S.D.N.Y. 1998) ......................................................................................... 7

*Hisler v. Gallaudet Univ.*,
 344 F. Supp. 2d 29 (D.D.C. 2004) .......................................................................................... 4

*In re Literary Works*,
 2001 WL 204212 ..................................................................................................................... 7

*Jugmohan v. Zola*,
 Civ. A. No. 98 -1509, 2000 WL 222186 (S.D.N.Y. Feb. 25, 2000) ..................................... 5, 7

*Loftus v. Signpost,*
 464 F. Supp. 3d 524 (S.D.N.Y. 2020) ..................................................................................... 6

*Marshel v. AFW Fabric Corp.*,
 552 F.2d 471 (2d Cir.1977) ................................................................................................. 5, 7

*New Jersey v. Trump,*
 131 F.4th 27 (1st Cir. 2025) ..................................................................................................... 3

*Sikhs for Justice v. Nath,*
 893 F. Supp. 2d 598 (S.D.N.Y. 2012) ..................................................................................... 7

*Univ. of Colo. Health at Mem'l Hosp. v. Burwell*,
 233 F. Supp. 3d 69 (D.D.C. 2017) .......................................................................................... 5

*Trump v. CASA, Inc.*,
 No. 24A884, 2025 WL 817770 (U.S. March 13, 2025) .......................................................... 3

*Trump v. State of New Jersey*,
 No. 24A886, 2025 WL 819551 (U.S. March 13, 2025) .......................................................... 4

*Trump v. State of Washington*,
 No. 24A885, 2025 WL 819550 (U.S. March 13, 1025) .......................................................... 4

*Washington v. Trump*, Civ. A.,
   No. 25-0127, 2025 WL 415165 (W.D. Wash. Feb. 6, 2025) ...................................................2
*Washington v. Trump*,
   No. 25-807, 2025 WL 553485 (9th Cir. Feb. 19, 2025) .........................................................3

**Other Authorities**

Executive Order 14160.................................................................................................... 1, 2, 5, 6
*Fed. Prac. & Proc. Juris.* § 4433 (3d ed. Apr. 2022 update).........................................................5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| OCA – ASIAN PACIFIC AMERICAN ADVOCATES, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 25-0287 (TJK) |
| MARCO RUBIO, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' MOTION TO STAY PROCEEDINGS

Defendants Donald J. Trump, in his official capacity as President of the United States, Kristi Noem, in her official capacity as Secretary of the United States Department of Homeland Security and the U.S. Department of Homeland Security; Marco Rubio in his official capacity as Secretary of State and the U.S. Department of State; Pam Bondi, in her official capacity as Attorney General of the United States and the U.S. Department of Justice; and Leland Dudek, in his official capacity as Acting Commissioner of the Social Security Administration and the U.S. Department of Social Security (collectively, "Defendants"), by and through their attorneys, respectfully submit this memorandum of law in support of their motion to stay this case.

In the event the Court denies this motion, Defendants respectfully request that they be allowed twenty-one calendar days from issuance of any order denying this motion to respond to Plaintiffs' petition. Pursuant to Local Civil Rule 7(m), the Parties have conferred through counsel and Defendants understand that Plaintiffs oppose the Defendants' request for a stay.

The Court should exercise its discretion to stay this case because the Executive Order Plaintiffs are challenging – Executive Order 14160, Protecting the Meaning and Value of

American Citizenship ("EO 14160" or the "Executive Order") – is already the subject of three nationwide injunctions. Furthermore, the Government has sought an expedited appeal in each of those cases and it is reasonable to believe that the parties will seek further review in the U.S. Supreme Court. Given that there would be no prejudice to Plaintiffs by staying this case and granting a stay would serve the interests of judicial economy by avoiding duplicative and potentially conflicting litigation, the Court should grant Defendants' motion to stay the case.

## STATEMENT OF FACTS

Plaintiffs filed their Complaint in this action on January 30, 2025, challenging the constitutionality of the Executive Order and seeking declaratory and injunctive relief. ECF No. 1. Plaintiffs then filed an errata to the Complaint on January 31, 2025. ECF No. 4-1.

Prior to the filing of Plaintiffs' Complaint in this action, and while the Complaint has been pending, the constitutionality of Executive Order 14160 has been the subject of challenge in several other federal courts. In particular, three district courts have entered nationwide injunctions barring the implementation and enforcement of the Executive Order, which remain in effect. *See CASA, Inc. v. Trump et al.*, Civ. A. No. 25—00201, 2025 WL 408636 (D. Md. Feb. 5, 2025) (enjoining the government from implementing and enforcing EO 14160); *Washington v. Trump*, Civ. A. No. 25-0127, 2025 WL 415165 (W.D. Wash. Feb. 6, 2025) (same); *New Jersey v. Trump*, Civ. A. No. 25—10139, ECF Nos. 144, 145 (D. Mass. Feb. 13, 2025) (same).

In *Casa*, the Government appealed the District Court's Order enjoining the Government from implementing and enforcing the Executive Order to the United States Court of Appeals for the Fourth Circuit and moved to stay the Court's Order pending appeal. *CASA, Inc. v. Trump et al.*, No. 8:25-cv-00201-DLB, ECF Nos. 69-70. On February 18, 2025, the District Court denied the Government's motion to stay the preliminary injunction pending appeal. ECF No. 76. The

2

Government then filed a partial motion to stay the preliminary injunction in the Fourth Circuit, which was denied on February 28, 2025. *See CASA, Inc. et al. v. Trump et al.*, No. 25-1153, 2025 WL 654902, at *2 (4th Cir. Feb. 28, 2025).

In *Washington,* the Government noticed its appeal of the preliminary injunction to the United States Court of Appeals for the Ninth Circuit and moved to partially stay the preliminary injunction. *Washington v. Trump*, Civ. A. No. 25-0127 (W.D. Wash.), ECF Nos. 116, 122. The Government also filed an emergency motion in the Ninth Circuit seeking a partial stay of the preliminary injunction pending appeal. *Washington v. Trump*, No. 25-80, ECF No. 21. The emergency motion was denied by the Ninth Circuit on February 19, 2025. *Washington v. Trump,* No. 25-807, 2025 WL 553485, at *1 (9th Cir. Feb. 19, 2025).[1] The Ninth Circuit has issued an expedited briefing schedule with oral argument scheduled for June 2025. *Id.*

In *New Jersey,* the Government noticed its appeal of the preliminary injunction to the United States Court of Appeals for the First Circuit and moved to stay the preliminary injunction. *New Jersey v. Trump*, No. 1:25-cv-10139-LTS, ECF Nos. 150, 157, 158. On February 26, 2025, the District Court denied the Government's motion to stay. ECF No. 165. The Government then moved for a stay pending appeal in the First Circuit, which was denied on March 11, 2025. *New Jersey v. Trump,* 131 F.4th 27, 44 (1st Cir. 2025). To be clear, the District Court's nationwide injunction order also applies to the District of Columbia as it is one of the Plaintiffs in the case.

On March 13, 2025, the Government filed three emergency applications in the United States Supreme Court seeking to limit or stay the nationwide injunctions. *See Trump v. CASA, Inc.*, No. 24A884, 2025 WL 817770 (U.S. March 13, 2025) ("Application for a Stay of the

---

[1] The district court in *Washington v. Trump* terminated the motion to stay pending before it as moot following the Ninth Circuit's decision. *Washington v. Trump*, C25-0127-JCC (W.D. Wash. Feb. 24, 2025) (text note only on docket).

3

Injunction Issued By the United States District Court for the District of Massachusetts."); *Trump v. State of Washington*, No. 24A885, 2025 WL 819550 (U.S. March 13, 1025) ("Application for a Partial Stay of the Injunction Issued By the United States District Court for the Western District of Washington."); and *Trump v. State of New Jersey*, No. 24A886, 2025 WL 819551 (U.S. March 13, 2025) ("Application for a Stay of the Injunction Issued By the United States District Court for the District of Massachusetts."). Approximately ten amicus briefs have been filed with the Supreme Court on this issue, illustrating nationwide interest.

## ARGUMENT

The Court should stay this matter. "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Moreover, "[a] trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere." *Barcardi v. Empresa Cub. Export Inc.*, Civ. A. No. 04-519 (EGS), 2007 U.S. Dist. LEXIS 37716, *3-4 (D.D.C. May 24, 2007), (quoting *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 35 (D.D.C. 2004)) "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6, (1998) (quoting *Landis v. N. Am., Co.*, 299 U.S. 248, 254-55 (1936). "Indeed, a trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Barcardi*, *supra.*, (quoting *Hisler*, 344 F. Supp. 2d at 35).

Factors that bear on whether to issue a stay include whether: (1) "determination of the appeal in the first action will . . . preclude the entire second action" or instead, the second case

4

involves "claims or issues that must be tried regardless of the outcome of the first action," and (2) there are "cogent reasons to fear the effects of delay." 18A Arthur Wright et al., *Fed. Prac. & Proc. Juris.* § 4433 (3d ed. Apr. 2022 update); *accord Univ. of Colo. Health at Mem'l Hosp. v. Burwell*, 233 F. Supp. 3d 69, 88 (D.D.C. 2017) (same). Here, the determination of the appeals in the other actions will preclude the need for this entire case as this case does not involve "claims or issues that must be tried regardless of the outcome of the first action," nor are there "cogent reasons to fear the effects of delay." *See, e.g., Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2d Cir.1977) (instructing district court to stay action pending a Supreme Court decision in a "closely related case" which was likely to determine the question of liability); *Jugmohan v. Zola*, Civ. A. No. 98 -1509, 2000 WL 222186, at *5 (S.D.N.Y. Feb. 25, 2000) (staying action and "declin[ing] to rule on the same issue" as presented to the Supreme Court in a case in which the higher court had recently granted certiorari).

A Northern District of California court confronting a lawsuit raising challenges to Executive Order 14160 similar to this case pending before the Court has stayed proceedings. *See County of Santa Clara v. Trump*, Civ. A. No. 250098, ECF No. 37 (N.D. Cal. Mar. 18, 2025) (staying case challenging Executive Order 14160 in light of several nationwide injunctions). Like that court, this Court should also stay this case. In fact, staying proceedings when there is an issue of nationwide significance is not a novel approach. See, *e.g., Diaz v. Department of Homeland Security*, Civ. A. No. 17-cv-24555-UU, 2018 WL 11476395, at *1 (S.D. Fla. Jan. 24, 2018) (granting stay of lawsuit challenging government's decision to wind down the Deferred Action for Childhood Arrivals policy, including motion for a temporary restraining order and preliminary injunction, based on nationwide injunction issued by district court in the Northern District of California).

5

Here, Plaintiffs will not be prejudiced by a stay. The Executive Order is already subject to three nationwide injunctions which independently bar Defendants from implementing and enforcing Executive Order 14160. Moreover, each of those injunctions has been appealed to the Court of Appeals, and the injunctions remain in place pending those appeals. Furthermore, all of the substantive claims in this action are alleged in the other cases that are currently on appeal. Accordingly, any delay resulting from a stay in this case will not harm Plaintiffs. *See id*. at 1-2.[2] While the Government, on March 13, 2025, filed three emergency applications in the United States Supreme Court seeking to limit or stay the nationwide injunctions (*see supra*), the Supreme Court has not acted on those applications and briefing on those applications is ongoing.

Second, Defendants' interests will be furthered by a stay as the Government will avoid expending time and resources on this duplicative litigation. *See, e.g.*, *Consumer Financial Protection Bureau v. Credit acceptance Corp.*, ("*CFPB*"), Civ. A. No. 23-38, 2023 WL 5013303, at *3 (S.D.N.Y. Aug. 7, 2023); *Loftus v. Signpost,* 464 F. Supp. 3d 524, 526 (S.D.N.Y 2020). Third, a stay is in the interests of the court by "promoting judicial efficiency" through the avoidance of duplicative litigation and "minimize[ing] the possibility of conflicts between different courts." *CFPB*, 2023 WL 5013303, at *3 (internal quotation marks and citation omitted); *see also County of Santa Clara*, Civ. A. No. 25-0981 (EKL), ECF No. 37 at 3 ("Judicial efficiency further warrants a stay in this case [challenging EO 14160] given the recent rulings by the First, Fourth, and Ninth Circuits, denying motions to stay those injunctions pending appeal.").

---

[2] The Court can avoid any potential prejudice to Plaintiffs by including provisions in its stay order that the stay shall automatically expire if the First, Fourth or Ninth Circuit vacates the preliminary injunction and requiring the parties to submit joint status reports to the Court every 60 days. *See County of Santa Clara*, Civ. A. No. 25-0981(EKL), ECF No. 37 at 4.

Finally, a stay is in the interests of persons not parties to the civil litigation and the public interest. *See CFPB,* 2023 WL 5013303, at *4. Proceeding with this case "could well lead to unnecessary litigation that is time-consuming for this court, as well as for any third parties who might be impacted by it . . ." *Id.* (internal quotation marks and citation omitted); *see also Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. EPA*, 630 F. Supp. 2d 295, 306 (S.D.N.Y. 2009) ("By conserving judicial resources, a stay will serve not only the interest of the courts, but also the interests of the Parties, the nonparties, and the public in an orderly and efficient use of judicial resources.") (internal quotation marks and citation omitted).

Furthermore, based on the importance of the issues raised by the case challenging the Executive Order, it is likely that the parties in the cases currently on appeal will seek further review in the United States Supreme Court. That provides an additional, compelling reason why this Court should avoid duplicative litigation and stay this case. *See Marshel*, 552 F.2d at 472 (instructing district court to stay action pending a Supreme Court decision in a "closely related case"); *In re Literary Works*, 2001 WL 204212, at *3 (granting stay in light of pending Supreme Court decision that would significantly impact the litigation); *Sikhs for Justice v. Nath,* 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012) (same); *Jugmohan*, 2000 WL 222186, at *5 (staying action where "same issue" was being litigated in Supreme Court).[3]

---

[3] Even if the issues raised in this case do not reach the Supreme Court, that would not change the analysis because "[a] court may properly exercise [the] power [to stay a case] when a higher court is close to settling an important issue of law bearing on the action." *In re Literary Works*, 2001 WL 204212, at *2; *accord Goldstein v. Time Warner New York City Cable* Group, 3 F. Supp. 2d 423, 439 (S.D.N.Y. 1998); *Diaz*, 2018 WL 11476395, at *1;

7

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to stay this action.

Dated: April 14, 2025
       Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By:       /s/ Heather Graham-Oliver
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2520
heather.graham-oliver@usdoj.gov

*Attorneys for the United States of America*

8