**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| OCA – ASIAN PACIFIC AMERICAN ADVOCATES, *Plaintiff*, v. MARCO RUBIO, *et al.*, *Defendants.* | Case No. 1:25-cv-00287 |

# PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS

**TABLE OF CONTENTS**

**Page**

ARGUMENT ..........................................................................................................................1

I.   Defendants Have Not Demonstrated That They Will Suffer Harm Absent a Stay .............3

II.  A Stay Would Harm Plaintiff ...............................................................................................4

III. The Defendants Have Not Demonstrated a Stay Would Materially Promote
     Efficient Use of the Court's Resources ................................................................................6

CONCLUSION .....................................................................................................................11

# TABLE OF AUTHORITIES

    **Page(s)**

**Cases**

*\*Belize Soc. Dev. Ltd. v. Gov. of Belize*,
   668 F.3d 724 (D.C. Cir. 2012)..................................................................................1, 2, 10

*Beyond Pesticides v. Exxon Mobil Corp.*,
   No. 1-20-cv-0815-TJK (D.D.C. Apr. 6, 2021) (ECF No. 53) ..................................................10

*\*Ctr. for Biological Diversity v. Ross*,
   419 F. Supp. 3d 16 (D.D.C. 2019)..................................................................................2, 3, 6

*Dellinger v. Mitchell*,
   442 F.2d 782 (D.C Cir. 1971)..................................................................................2

*Dist. Hosp. Partners, L.P. v. Burwell*,
   No. CV 16-528 ESH, 2016 WL 3746466 (D.D.C. July 8, 2016) ......................................1, 6, 8

*District of Columbia v. Exxon Mobil Corp.*,
   No. 1:20-cv-01932-TJK (D.D.C. Dec. 20, 2022) (ECF No. 126) ......................................3, 4, 9

*Garmendiz v. Capio Partners, LLC*,
   No. 8:17-cv-00987-EAK-AAS, 2017 U.S. Dist. LEXIS 122229 (M.D. Fla.
   July 25, 2017)..................................................................................5, 9

*Hisler v. Gallaudet University*,
   344 F. Supp. 2d 29 (D.D.C. 2004)..................................................................................10

*In re: Literary Works in Elec. Databases Copyright Litig. (M.D.L. #1379)*,
   No. 00 CIV 6049, 2001 WL 204212 (S.D.N.Y. March 1, 2001)..............................................3

*Johnson v. U.S. R.R. Ret. Bd.*,
   969 F.2d 1082 (D.C. Cir. 1992)..................................................................................9

*Jughoman v. Zola*,
   No. 98 CIV. 1509 (DAB), 2000 WL 222186 (S.D.N.Y. Feb. 25, 2000)...................................8

*KalshiEX LLC v. Commodity Futures Trading Comm'n*,
   119 F.4th 58 (D.C. Cir. 2024)..................................................................................3

*\*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936).................................................................................. *passim*

*Loftus v. Signpost*,
   464 F. Supp. 3d 524 (S.D.N.Y 2020)..................................................................................3

*Marshel v. AFW Fabric Corp.*,
  552 F.2d 471 (2d Cir. 1977)..................................................................................................8

*Nken v. Holder*,
  556 U.S. 418 (2009).............................................................................................1, 3, 4

*Petras v. Ocwen Loan Servicing, LLC*,
  17-cv-73, 2017 U.S. Dist. LEXIS 85372 (M.D. Fla. Jun. 5, 2017) ..........................................9

*Sampson v. Murray*,
  415 U.S. 61 (1974)..................................................................................................4

*Sherrod v. McHugh*,
  334 F. Supp. 3d 219 (D.D.C. 2018) ..........................................................................5

*Trump v. CASA, Inc.*,
  No. 24A884............................................................................................................7

*United States v. Honeywell Int'l, Inc.*,
  20 F. Supp. 3d 129 (D.D.C. 2013) ....................................................................3, 6, 7

*Virginia Petroleum Jobbers Ass'n v. FPC*,
  259 F.2d 921 (D.C. Cir. 1958)..................................................................................4

*Wis. Gas Co. v. FERC*,
  758 F.2d 669 (D.C. Cir. 1985)..................................................................................3

*Wrenn v. District of Columbia*,
  179 F. Supp.3d 135 (D.D.C. 2016) ..........................................................................6

## Other Authorities

18A Arthur Wright et al., *Fed. Prac. & Proc. Juris.* § 4433 (3d. ed. Apr. 2022
  update)....................................................................................................................7

L7(c)........................................................................................................................10

Defendants' Motion to Stay Proceedings ("Motion") (ECF No. 16) in this case—for an unspecified and indeterminate period of time—is inappropriate and entirely unjustified. The Supreme Court has made clear that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). And only in even rarer circumstances, if ever, should a litigant "be compelled to stand aside" where, as here, the other litigation will not, and cannot, "settle a rule of law that will define the rights" of the party opposing the stay. *Id.* Such circumstances do not exist here. Defendants have failed to demonstrate why a stay is warranted or necessary. Their contentions as to harm and judicial efficiency are boilerplate conclusions, unsupported by the record, and legally unavailing. And an indefinite stay would be particularly inappropriate given that Defendants are actively contesting and seeking to limit the scope of the preliminary injunctions they cite as the basis for the stay. Defendants' vague and generic Motion, made worse by their failure to include a specific proposed order in accordance with the Local Rules, falls well short of articulating the need for a stay. Defendants' Motion should be denied.

## ARGUMENT

As the party seeking to stay the proceedings, Defendants bear the burden of "establishing the stay's necessity," *Dist. Hosp. Partners, L.P. v. Burwell*, No. CV 16-528 ESH, 2016 WL 3746466, at *1 (D.D.C. July 8, 2016), and, in particular "of showing that the circumstances justify an exercise of th[e] [Court's] discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). As noted above, Supreme Court doctrine—reflected in this Court's own precedents—is that "[o]nly . . . rare circumstances" should hold back one case because of proceedings in another. *See Belize Soc. Dev. Ltd. v. Belize*, 668 F.3d 724, 732 (D.C. Cir. 2012) (citing *Landis*, 299 U.S.

at 255). And only in even rarer circumstances, if ever, should a litigant "be compelled to stand aside" where, as here, the other litigation will not, and cannot, "settle[] the rule of law that will define the rights" of the party opposing the stay. *Id.* Moreover, any stay must be for a finite period of time, as a "court abuses its discretion in ordering a stay of indefinite duration in the absence of a pressing need . . . and [a stay] which is to continue by its terms for an immoderate stretch of time is not to be upheld . . . because conceivably the court that made it may be persuaded at a later time to undo what it has done." *Id*. at 731-32 (quotations omitted). Defendants have not come close to establishing a pressing need for the unbounded relief they request.

Defendants claim a stay is warranted because the Executive Order is already subject to three nationwide injunctions in other ongoing cases. ECF No. 16 at 3-7. But the mere existence of such injunctions is not enough to warrant a stay. A request for a stay based on the pendency of "independent proceedings," *id.* at 4, is appropriate only if the requesting party can "make out a clear case of hardship or inequity in being required to go forward." *Ctr. for Biological Diversity v. Ross*, 419 F. Supp. 3d 16, 20 (D.D.C. 2019) (citing *Landis*, 299 U.S. at 255). *See also Dellinger v. Mitchell*, 442 F.2d 782, 786 (D.C. Cir. 1971) (same). That assessment considers "(1) harm to the nonmoving party if a stay does issue; (2) the moving party's need for a stay—that is, the harm to the moving party if a stay does not issue; and (3) whether a stay would promote efficient use of the court's resources." *Ctr. for Biological Diversity*, 419 F. Supp. 3d at 20.[1] Defendants satisfy none of these factors.

---

[1] In some jurisdictions, courts look also to other factors, none of which support Defendants' position here. For example, some courts also consider the "traditional" stay factors in deciding whether to grant a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits [of the appeal]; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties

2

I.      **Defendants Have Not Demonstrated That They Will Suffer Harm Absent a Stay**

Defendants have not "[made] out a clear case of hardship or inequity in being required to go forward." *Center for Biological Diversity*, 419 F. Supp. 3d at 20. Their failure to meet this factor is fatal. *See, e.g.*, *United States v. Honeywell Int'l*, 20 F.Supp.3d 129, 133 (D.D.C. 2013) (denying government's request to stay pending resolution of summary judgment motions in parallel cases). In similar context—i.e., stays pending appeal—this Court and the D.C. Circuit have held that "[r]egardless of the other factors, the Court cannot grant a stay absent irreparable harm . . . ." *District of Columbia v. Exxon Mobil Corp.*, No. 1:20-cv-01932-TJK, at 1 (D.D.C. Dec. 20, 2022) (Kelly, J.) (order denying stay) (citing *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). *See also KalshiEX LLC v. Commodity Futures Trading Comm'n*, 119 F.4th 58, 64 (D.C. Cir. 2024) ("Th[e] failure [to demonstrate irreparable harm] is fatal to the [party's] stay request because a showing of irreparable harm is a necessary prerequisite for a stay.") (citing *Wis. Gas Co.*, 758 F.2d at 674).

Defendants do not claim that denial of the requested stay would inflict any injury on them, let alone anything approaching "hardship" or "inequity." The closest they come—and the sum total of their single-sentence presentation on this factor—was the conclusory assertion that "Defendants' interests will be furthered by a stay as the Government will avoid expending time and resources on this duplicative litigation." ECF No. 16 at 6 (citations omitted). Of course, for Defendants to say that their "interests will be furthered by a stay" is not the same thing as

---

interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 425-26 (citation omitted). And some courts recognize a fifth factor, namely, "the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed." *Loftus v. Signpost, Inc.*, 464 F. Supp. 3d 524, 526 (S.D.N.Y 2020) (citation omitted). *See also, e.g.*, *In re: Literary Works in Elec. Databases Copyright Litig. (M.D.L. #1379)*, No. 00 CIV 6049, 2001 WL 204212 at *2 (S.D.N.Y. Mar. 1, 2001) (same) (citations omitted).

3

making "a clear case" that they will experience hardship or inequity if a stay is denied. *Landis*, 299 U.S. at 255. Even so, Defendants' attempted harm argument is generic, not specific to the facts of this case, and wholly insufficient to warrant a stay, as Defendants would avoid expending time and resources in any case in which the court grants a stay.

Even if the Court were to construe Defendants' assertion regarding the "further[ing] [of its] interests" as an attempt to make the requisite showing of irreparable harm, that attempt fails. *See* ECF No. 16 at 6. By nature, a stay prevents the expenditure of time and resources. If pointing to a desire to conserve time and resources were enough to show hardship or inequity, the requirement to show harm to support a stay would be meaningless. Accordingly, as this Court has held, a "situation [that] would require [a] party to expend substantial money and effort" does not qualify as "irreparable harm" for purposes of the stay analysis: "[It] is well established that 'money, time and energy necessarily expended in the absence of a stay,' 'however substantial,' are not irreparable injuries," and "[s]o those potential harms cannot satisfy the second [stay] factor." *Exxon Mobil Corp.*, No. 1:20-cv-01932-TJK, at 2 (quoting *Sampson v. Murray,* 415 U.S. 61, 90 (1974). See also *Va. Petroleum Jobbers Ass'n v. FPC*, 259 F.2d 921 (D.C. Cir. 1958) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough" to justify a stay).

Because Defendants have not met their burden of making "a clear case of hardship or inequity in being required to go forward," the Court need go no further, and should deny the Defendants' Motion. In any event, Defendants' arguments with respect to the other stay factors likewise fail.

## II.   A Stay Would Harm Plaintiff

A stay would harm Plaintiff for several reasons. First, delay would prejudice Plaintiff. *See Nken v. Holder*, 556 U.S. 418, 421 (2009) ("It takes time to decide a case on appeal.

4

Sometimes a little; sometimes a lot."). The indeterminate length of the stay Defendants request presents a "risk of evidence being lost or destroyed and the potential for witness' memories to fade further." *Garmendiz v. Capio Partners, LLC*, No. 8:17-cv-00987-EAK-AAS, 2017 U.S. Dist. LEXIS 122229, at *5 (M.D. Fla. July 25, 2017).

Defendants' arguments to the contrary are conclusory and unpersuasive. According to Defendants, "Plaintiffs will not be prejudiced by a stay" merely because (1) the Executive Order is already subject to nationwide injunctions issued by other courts, and (2) the substantive claims in this action are alleged in other cases that are on appeal. ECF No. 16 at 6. Both arguments fail.[2]

As to the first justification, while Defendants cite the existence of nationwide injunctions as a reason why Plaintiff will not be prejudiced, Defendants in the same breath acknowledge that they are actively seeking to undermine those injunctions: they have appealed them to the relevant courts of appeals, and they are simultaneously engaged in emergency litigation in the Supreme Court to "limit or stay" the same injunctions they say protect Plaintiff from prejudice in this matter. ECF No. 16 at 3. The durability and duration of those injunctions is therefore uncertain, and that very uncertainty is prejudicial to Plaintiff. If any of Defendants' requested relief is granted, Plaintiff and its members—which include individuals in every state, including 28 states that are not litigants in the pending cases—would be subject to the irreparable injury Plaintiff seeks to prevent through this suit. A stay, by its very nature, will delay Plaintiff's opportunity to move the case forward to this Court's ultimate decision. For Defendants to suggest to this Court

---

[2] Defendants' failure to develop either argument, or provide meaningful authority in support of either, also dooms them. *Sherrod v. McHugh*, 334 F. Supp. 3d 219, 265 (D.D.C. 2018) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are deemed waived.") (citation omitted).

5

that Plaintiff is protected by legal bulwarks Defendants are actively seeking to tear down is hollow comfort, at best.

Defendants' second argument, regarding potential overlap of claims, amounts to a contention that Plaintiff is protected because other parties in other lawsuits can protect their own rights. That argument is untenable. Plaintiff has a presumptive and critical interest in not being "compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. Plaintiff also has a compelling interest in not being forced to "deviate from the normal course of the litigation process." *Wrenn v. District of Columbia*, 179 F. Supp. 3d 135, 140 (D.D.C. 2016). Staying the proceedings as the Defendants request, particularly in light of the patently insufficient arguments that the Defendants have presented in support of that request, thwarts those interests to the manifest "prejudice to [the Plaintiff] in its right to proceed" with the prosecution of its own complaint and to defend its own rights and interests. *Honeywell Int'l*, 20 F. Supp. 3d at 133; *see also supra* n.1 (regarding the fifth stay factor).

### III. The Defendants Have Not Demonstrated a Stay Would Materially Promote Efficient Use of the Court's Resources

Defendants claim that a stay would "'promot[e] judicial efficiency' through the avoidance of duplicative litigation and 'minimiz[e] the possibility of conflicts between different courts.'" ECF No. 16 at 6. Defendants are wrong on both counts.

First, Defendants' "judicial efficiency" argument is unmoored from any facts specific to the instant case. *See, e.g.*, *Dist. Hosp. Partners, L.P.*, 2016 WL 3746466 at *1 (finding that requested stay was "unwarranted in light of the mere possibility that judicial resources might be conserved"). Here, Defendants have made no showing that the events in parallel challenges would moot this action. *Cf. Ctr. for Biological Diversity*, 419 F. Supp. 3d at 23 (noting

6

Defendants' failure to establish that case would be mooted signified failure to establish judicial economy factor).[3] And the outcomes of the appeals currently pending in the First, Fourth, and Ninth Circuits will not in any way bind this Court with respect to the merits of Plaintiff's claims. Even the pending case before the Supreme Court will not bind this Court with respect to the merits of Plaintiff's claims, as it is limited to the scope of the injunctions issued by other district courts—as the Government affirmatively conceded in its briefing there.[4]

This fact is a critical distinction between this case and those cases Defendants cite in support of their request for a stay, ECF No. 16 at 5, which all sought to stay matters pending

---

[3] The Defendants also argue (citing Wright & Miller) that a stay may be appropriate where "(1) 'determination of the appeal in the first action will … preclude the entire second action' or instead, the second case involves 'claims or issues that must be tried regardless of the outcome of the first action,' and (2) there are 'cogent reasons to fear the effects of delay.'" ECF No. 16 at 4-5 (citing 18A Arthur Wright et al., *Fed. Prac. & Proc. Juris.* § 4433 (3d. ed. Apr. 2022 update)). Applying this standard, Defendants have failed to identify any actual pending appellate proceedings identified in the Defendants' Motion that would "preclude the entire … [instant] action." Rather, this case is one which "involves claims or issues that must be tried together regardless of the outcome of the [other] action[s]."  This is so because even if the claims and issues were identical across the three pending courts of appeal cases and the instant case (which they are not), decisions by those other courts of appeal would not "preclude the entire action" in this case for the simple reason that those decisions would not be binding on this Court, nor otherwise binding on the Plaintiff. *See, e.g.*, *Honeywell*, 20 F. Supp. 3d at 132. Similarly, the pending applications in the Supreme Court would likewise not "preclude the entire action" in the instant case, because those proceedings do not bear on the merits at all, consideration of which the government has explicitly forsworn in those proceedings. Rather, those applications, and the relief they seek, relate only to the scope of the preliminary injunctions to which the plaintiffs would be entitled while they await the adjudication of the merits in their cases.

[4] The Defendants' applications to the Supreme Court, and the relief sought, relate only to the scope of the injunction to which the Plaintiff would be entitled were it to prevail on the merits in this case. *See* Application for a Partial Stay, *Trump v. CASA, Inc.*, No. 24A884, at 1-2 ("[A]t this stage, the government comes to this Court with a 'modest' request: while the parties litigate weighty merits questions, the Court should 'restrict the scope' of multiple preliminary injunctions that 'purpor[t] to cover every person *** in the country,' limiting those injunctions to parties actually within the court's power.") (brackets and asterisks in original) (citations omitted).  *See also id.* at 4, 39 (reciting relief requested); Reply in Support of Application for a Partial Stay, *Trump v. CASA, Inc.*, No. 24A884, at 1; *id.* at 11 ("[T]he merits are not now before this Court.").

either (1) a ruling by the Supreme Court that would significantly inform the determination of the *merits* of the case before the district court, or (2) a decision from the court of appeals in whose circuit the district court was located.

In *CFPB v. Credit Acceptance Corp.*, for example, the district court expressly found that the party opposing the stay "d[id] not deny that the [pending] Supreme Court[] ruling could substantially impact their ability to proceed with th[e] action." 2023 WL 5013303, at *5 (S.D.N.Y. Aug. 7, 2023). By contrast, the Supreme Court's forthcoming determination will affect only the scope of preliminary injunctions, not the merits of Plaintiff's case.

And in *County of Santa Clara*, the Northern District of California would be bound by the anticipated ruling in the *State of Washington*'s appeal to the Ninth Circuit. *See* ECF No. 16 at 5 (citing *County of Santa Clara v. Trump*, Civ. A. No. 250098, (N.D. Cal. Mar. 18, 2025) (order staying proceedings)). Moreover, the outcome of that appeal would necessarily inform the *County of Santa Clara* district court's merits analysis.

The same is true for the other cases Defendants cite (ECF No. 16 at 5). *See, e.g.*, *Marshel v. AFW Fabric Corp.*, 552 F.2d 471 (2d Cir. 1977) (Supreme Court litigation likely to determine only remaining claim in case in which stay was sought); *Jughoman v. Zola,* No. 98 CIV. 1509 (DAB), 2000 WL 222186 (S.D.N.Y. Feb. 25, 2000) (claim in District Court brought under VAWA and question of constitutionality of VAWA was pending before the Supreme Court at time stay was sought).

Nor, contrary to Defendants' assertion, ECF No. 16 at 7, is a stay warranted merely because of possible future Supreme Court proceedings in unrelated cases. *Dist. Hosp. Partners, L.P.*, 2016 WL 3746466, at *1 (rejecting notion that "nothing more than a possibility that the Court of Appeals could narrow the issues here" justified stay). Rather, the fact of that uncertainty

8

is yet another reason to *deny* Defendants' motion. *Garmendiz*, 2017 U.S. Dist. LEXIS 122229, at *4-5 (denying stay in light of "uncertainty regarding when the D.C. Circuit Court of Appeals will issue a final determination" and "the potential for either party, in the D.C. Circuit Court of Appeals' case, to request a review by the circuit court *en banc* and/or seek a writ of *certiorari* to the United States Supreme Court" which "will further delay any concrete resolution to the issue") (citing *Petras v. Ocwen Loan Serv., LLC*, No. 5:17-cv-73-Oc-30PRL, 2017 U.S. Dist. LEXIS 85372, at *2 (M.D. Fla. Jun. 5, 2017)).This uncertainty about future proceedings also undermines Defendants' assertions of harm: this Court and other federal courts are in accord that to satisfy the movant's burden to show harm, that "putative harm" must be "certain and great, actual and not theoretical, . . . and of such *imminence* that there is a clear and present need . . . to prevent" it. *Exxon Mobil Corp.,* No. 1:20-cv-01932-TJK, at 2. (citation omitted). Plaintiff should not be forced to stand by based on the speculation that other parties in other suits *might* seek to litigate their cases to conclusion before a Supreme Court that *might* take those cases up and *might* decide one of them in a way that *might* affect the disposition of Plaintiff's claims here.

  Second, as for Defendants' assertion that a stay is warranted because it would minimize "the possibility of conflicts between different courts," ECF No. 16 at 6, that argument is predicated on the mistaken premise that conflicting decisions of the lower courts are inherently undesirable. But that is a feature of the federal judicial system. It is for the Supreme Court, in its discretion and when it has jurisdiction, to resolve conflicts between the circuits, and the percolation of legal issues in multiple courts aids the Court's analysis.  *See, e.g., Johnson v. U.S. R.R. Ret. Bd.*, 969 F.2d 1082, 1093 (D.C. Cir. 1992) ("[T]here is an additional value to letting important legal issues 'percolate' throughout the judicial system, so the Supreme Court can have the benefit of different circuit court opinions on the same subject.").

In any event, the mere theoretical possibility of inconsistent rulings does not constitute an extraordinary or rare circumstance that would warrant staying this action pending the resolution of independent litigation elsewhere. *Beyond Pesticides v. Exxon Mobil Corp.*, No. 1-20-cv-0815-TJK (D.D.C. Apr. 6, 2021) (Kelly, J.) (minute order denying motion to stay). That is particularly so where, as noted above, Defendants have not explained how they will suffer any harm. *See Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 35-36 (D.D.C. 2004) (cited at ECF No. 16 at 4).

\*\*\*

Defendants' request is all the more unwarranted because Defendants are seeking an indefinite stay. *Cf. Belize*, 668 F.3d at 732 (a "court abuses its discretion in ordering a stay of indefinite duration in the absence of a pressing need") (quotation omitted). Nowhere do Defendants conclusively identify an end point for the requested stay, either specifically or even conceptually, and it would likely be difficult for them to do so, given the many eventualities that may factor into the ultimate resolutions of the cases Defendants posit as grounds to delay this matter. A proposed order might have shed some light on what the Defendants have in mind, but Defendants failed to submit one with their motion. *Cf.* LCvR 7(c). This deficiency is not merely technical: a number of the Defendants' arguments might at least hypothetically turn on the duration of the requested stay (assuming *arguendo* that Defendants had otherwise met their burden, which they have not), and moreover, Plaintiff and the Court can only properly consider Defendants' request if they know what that request actually is.

As noted above, the D.C. Circuit has held that a district court "abuses its discretion in ordering a stay of indefinite duration in the absence of a pressing need." *Belize*, 668 F.3d at 732-33 (quotation omitted). Like its failure to identify harm, Defendants have also identified no pressing need, and this gives rise to an independent reason for denying Defendants' request.

10

## CONCLUSION

For the foregoing reasons, and for such other reasons as may appear from the record, undersigned counsel respectfully submit that the Defendants' Motion should be denied.

Dated: April 28, 2025                                              Respectfully submitted,

| | |
|---|---|
| /s/ *John A. Freedman* <br> John A. Freedman (D.C. Bar No. 453075) <br> Sally Pei (D.C. Bar No. 1030194) <br> Jonathan L. Stern (D.C. Bar No. 375713) <br> Ronald D. Lee (D.C. Bar No. 411516) <br> ARNOLD & PORTER KAYE SCHOLER LLP <br> 601 Massachusetts Avenue, N.W. <br> Washington, D.C. 20001 <br> (202) 942-5000 <br> John.Freedman@arnoldporter.com <br> Sally.Pei@arnoldporter.com <br> Jonathan.Stern@arnoldporter.com <br> Ronald.Lee@arnoldporter.com | John C. Yang (D.C. Bar No. 438672) <br> Niyati Shah (D.C. Bar No. 1659560) <br> Noah Baron (D.C. Bar No. 1048319) <br> ASIAN AMERICANS ADVANCING JUSTICE-AAJC <br> 1620 L Street, NW, Suite 1050 <br> Washington, D.C. 200036 <br> (202) 296-2300 <br> jcyang@advancingjustice-aajc.org <br> nshah@advancingjustice-aajc.org <br> nbaron@advancingjustice-aajc.org <br><br> Kaitlin Banner (D.C. Bar No. 1000436) <br> Sarah Bessell (D.C. Bar No. 219254) <br> Madeleine Gates (D.C. Bar No. 90024645) <br> WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS <br> 700 14th Street, NW, Suite 400 <br> Washington, D.C. 20005 <br> (202) 319-1000 <br> kaitlin_banner@washlaw.org <br> sarah_bessell@washlaw.org <br> madeleine_gates@washlaw.org |

*Counsel for Plaintiff*