UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OCA – ASIAN PACIFIC AMERICAN ADVOCATES,<br><br>        Plaintiff,<br><br>        v.<br><br>MARCO RUBIO,<br>Secretary of State, et al.,<br><br>        Defendants. | Civil Action No. 25-0287 (TJK) |

**REPLY IN FURTHER SUPPORT OF**
**DEFENDANTS' MOTION TO STAY PROCEEDINGS**

Defendants Donald J. Trump, in his official capacity as President of the United States, Kristi Noem, in her official capacity as Secretary of the United States Department of Homeland Security and the U.S. Department of Homeland Security, Marco Rubio in his official capacity as Secretary of State and the U.S. Department of State, Pam Bondi, in her official capacity as Attorney General of the United States and the U.S. Department of Justice, and Leland Dudek, in his official capacity as Acting Commissioner of the Social Security Administration and the U.S. Department of Social Security (collectively, "Defendants"), through their undersigned counsel, respectfully file this reply in further support of their motion to stay all proceedings pending the resolution of the three emergency applications filed in the United States Supreme Court seeking to limit or stay the nationwide injunctions or, alternatively allow twenty-one calendar days from issuance of any order denying this motion to respond to Plaintiffs' petition. *See* Defs. Mot. (ECF No. 16).

**ARGUMENT**

As Plaintiff correctly explains, to determine whether to stay a proceedings in a case pending proceedings in a different case, a court weighs three factors: "(1) harm to the nonmoving party if

a stay does issue; (2) the moving party's need for a stay—that is, the harm to the moving party if a stay does not issue; and (3) whether a stay would promote efficient use of the court's resources." *Ctr. for Biological Diversity v. Ross*, 419 F. Supp. 3d 16, 20 (D.D.C. 2019). As explained below, the first and third factors weigh most heavily in this analysis, but regardless, all three factors weigh toward a stay here. Accordingly, this Court should stay proceedings in this case pending the Supreme Court's resolution of the three emergency applications seeking to stay or limit the three nationwide injunctions that other courts have entered prohibiting Defendants from enforcing the challenged Executive Order (the "Order").

**The Judicial Economy and Harm to the Nonmovant Factors Favor a Stay Because the Challenged Executive Order Already is Subject to Three Nationwide Injunctions**

The "harm to the nonmovant" and "judicial economy" factors firmly favor a stay for the same reason: three separate nationwide injunctions issued by other courts prevent Defendants from enforcing it against anyone, including Plaintiff. For that reason, at a minimum until the proceedings in the Supreme Court to resolve the scope of these three injunctions concludes, the Order will have no impact on anyone, much less Plaintiff. Plaintiff will suffer no harm from a stay given that the duration of the stay that Defendants seek is coextensive with the period in which Defendants will be enjoined three ways from enforcing the Order. Defendants agree that if all three nationwide injunctions are either stayed or narrowed in a manner that removes Plaintiff from their coverage, it would be appropriate to un-stay this action immediately. For these reasons, considerations of judicial economy also strongly favor a stay. This Court has many pressing matters on its docket and does not need to waste scarce judicial resources adjudicating a dispute that, for the time being, will have no practical effect on Plaintiff because the challenged action is thrice enjoined.

Plaintiff's argument that it should not be forced to stand aside pending proceedings in these other matters overlooks the fact that a stay can only benefit, not prejudice, Plaintiff. If even one of

the three nationwide injunctions ultimately continues to cover Plaintiff, Defendants will be enjoined from enforcing the challenged Order against Plaintiff. If all three injunctions are stayed or narrowed in a manner that removes Plaintiff from their coverage, then the requested stay would terminate, and nothing would preclude Plaintiff from litigating the same issues in this action. A stay thus would present Plaintiff with a "heads I win, tails you lose" scenario: a ruling leaving those injunctions in place would govern Defendants' conduct toward plaintiffs here, while a ruling narrowing those injunctions would not prevent Plaintiff from proceeding in this case.

And even if the stay remains in effect pending a final ruling of the Supreme Court on the Order's validity, a stay would not prejudice Plaintiff for two reasons: (1) this Court and Plaintiff can rest assured that the Supreme Court would enjoy the benefit of the highest possible caliber of advocacy on all sides and (2) Plaintiff would be free to participate in the Supreme Court proceedings as amicus curiae.

Plaintiff's arguments for why a stay nonetheless would harm it are unpersuasive. Plaintiff argues that delay will prejudice it, but as explained, no such prejudice would occur because the stay would remain in effect only so long as Defendants are enjoined from enforcing the Order and would terminate should the injunctions be stayed or narrowed to as to remove Plaintiff from their coverage. And in any event, the "mere assertion of delay does not constitute substantial harm" for purposes of a motion to stay. *United States v. Philip Morris Inc.*, 314 F.3d 612, 622 (D.C. Cir. 2003). Plaintiff's assertion that a stay will pose a "risk of evidence being lost or destroyed and the potential for witness' memories to fade further," Pl.'s Resp. at 5, is particularly unpersuasive. The question of the Order's validity is a pure question of law that almost certainly will not turn on witness testimony or other evidence. To the extent that any witnesses are relevant, those witnesses would be the drafters and ratifiers of the Fourteenth Amendment, who already are unavailable, and

there is little risk that historical documents bearing on the Fourteenth Amendment's meaning will be lost or destroyed between now and when the requested stay terminates.

Equally unpersuasive is Plaintiff's argument that the existence of three separate nationwide injunctions prohibiting Defendants from enforcing the Order do not offer adequate security against harm to Plaintiff because Defendants are seeking in those cases to vacate or narrow the injunctions. That is because here, Defendants request a stay only so long as at least one of the three injunctions remains in effect and continues to cover Plaintiff. Should all three injunctions be vacated and/or narrowed in a way that removes Plaintiff from their coverage, the requested stay would terminate immediately, and Plaintiff would be free to resume litigating its challenge to the Order in this case.

Plaintiff's argument that a stay would not promote judicial economy is unpersuasive. This Court has a heavy docket of cases, and any time spent on this case is time that cannot be spent resolving other cases before the Court. The question, then, is whether this Court's limited time is best spent adjudicating a dispute that will have no practical effect on Plaintiff—or anyone else—because Defendants already are enjoined three ways from enforcing the challenged Order. For that reason, Plaintiff's argument that "the events in parallel challenges" will not necessarily "moot this action," Pl.'s Resp. at 6, are beside the point. Even if the other three cases do not moot this action, a stay would still enable this Court to direct its limited judicial resources toward other pending matters while there is no risk of harm befalling Plaintiff here, and while a possibility remains that this Court will never need to weigh in at all because the injunctions will continue to cover Plaintiff and/or the Supreme Court conclusively will resolve the question of the Order's validity. And of course, should these things happen, then the other proceedings would indeed moot this action.

Plaintiff's argument that decisions by other District Courts or Circuit Courts cannot bind this Court, in turn, fundamentally misstate the relevant issue. What matters is that the nationwide

injunctions that the other District Courts have entered against the government bind the government nationwide, including with respect to how the government interacts with the Plaintiffs in this case. That is separate from the question of whether the *reasoning* of those District Courts or their respective Circuit Courts have binding precedential effect in this case.

The primary considerations in whether to stay a case pending proceedings in another case are judicial economy and whether a stay would harm the nonmovant—whether the movant will suffer harm absent a stay is far less important in this analysis. Indeed, the leading Supreme Court decision on the power to stay proceedings in one case pending proceedings in another case frames the inquiry entirely in terms of judicial economy and whether a stay would prejudice the nonmovant, without discussing harm to the movant absent a stay. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-56 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. . . . the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else . . . Occasions may arise when it would be a scandal to the administration of justice . . . if power to coordinate the business of the court efficiently and sensibly were lacking altogether. . . . Especially in cases of extraordinary public moment, the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted. . . . a decision in the cause then pending [in one court] may not settle every question of fact and law in suits by other [parties], but in all likelihood it will settle many and simplify them all." (quotation marks omitted)); *see also IBT/HERE Emp. Reps. Council v. Gate Gourmet Div. Ams.,* 402 F. Supp. 2d 289, 292 (D.D.C. 2005) ("A trial court may, with propriety, find it is efficient for its own docket

. . . to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case").

Plaintiff's argument that staying proceedings in one case pending proceedings in a different case is improper unless the movant shows that it will suffer irreparable harm absent a stay rests on inapposite cases from an entirely different context—staying an order pending appeal in the same case. The purpose of staying proceedings in a case pending proceedings in another case is different than the purpose of staying an order pending an appeal in the same case. Staying proceedings in a case pending proceedings in a different case is intended primarily to promote judicial economy, as explained above. The purpose of staying an order pending appeal in the same case, however, is entirely different: to prevent an order from irreparably harming a party while an appeal is pending. *See Nken v. Holder*, 556 U.S. 418, 432 (2009) ("The authority to grant stays has historically been justified by the perceived need 'to prevent irreparable injury to the parties or to the public' pending review" (quoting *Scripps-Howard Radio v. FCC*, 316 U.S. 4, 9 (1942))). Tellingly, almost all the cases Plaintiff cites for the idea that a stay of proceedings in one case pending proceedings in another case require a showing of irreparable harm involved stays of orders pending appeal in the same case. *See* Pl.'s Resp. at 3-4. These cases are inapposite, and Plaintiff tellingly cites nothing for the idea that a movant must show irreparable harm to obtain a stay of proceedings in one case pending proceedings in a different case, rather than of an order pending an appeal in the same case.

Indeed, Plaintiff cites only two cases involving a stay of proceedings in one case pending proceedings in a different case, both of which easily are distinguishable if not inapposite on their own terms. First, *United States v. Honeywell International, Inc.*, 20 F. Supp. 3d 129, 132 (D.D.C. 2013), did not hold or even hint that a movant must demonstrate irreparable harm absent a stay to obtain a stay of proceedings in one case pending proceedings in a different case. Plaintiff's decision

to cite *Honeywell International* for a point that it plainly does not support is puzzling. Regardless, in that case, the movant failed to "specify what questions of fact or law that the [other cases] raise, or provide any analysis of how resolution of each question one way or the other would simplify discovery or narrow issues in this case, or state how [the plaintiff] would be bound by resolution of an issue in a case to which it is not a party." *Id.* Here, in contrast, the issues of law and fact that are common to this case and the cases in which nationwide injunctions prohibiting the Order's enforcement have issued are self-evident, as is how those three injunctions bind the government.

Second, *Center for Biological Diversity v. Ross*, 419 F. Supp. 3d 16, 20 (D.D.C. 2019) (cleaned up), merely noted that "[i]f there is even a fair possibility that the stay will work damage to someone else, the movant must make out a clear case of hardship or inequity in being required to go forward." *Accord Landis*, 299 U.S. at 255 (same). That rule by its plain terms applies only if there is a fair possibility that a stay will harm a nonmovant, which is not the case here, as explained.

*   *   *

## CONCLUSION

For these reasons, as well as the reasons discussed in Defendants' motion, Defendants request that the Court stay this action pending the Supreme Court's resolution of the three emergency applications seeking to stay or limit the three nationwide injunctions prohibiting Defendants from enforcing the challenged Executive Order.

Dated: May 5, 2025
Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By: _____*/s/ Heather Graham-Oliver*_____
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
Civil Division
601 D Street, NW
Washington, DC 20530
Main: (202) 252-2520

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OCA – ASIAN PACIFIC AMERICAN ADVOCATES,<br><br>        Plaintiffs,<br><br>    v.<br><br>MARCO RUBIO,<br>Secretary of State, et al.,<br><br>        Defendants. | Civil Action No. 25-0287 (TJK) |

## **[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' motion to stay proceedings in this action, and the entire record herein, it is hereby

ORDERED that Defendants' motion is GRANTED; and it is further,

ORDERED that this matter is STAYED; and it is further,

ORDERED that the parties file a joint status report within fourteen days of a decision in the three cases which the Government filed an emergency application in the United States Supreme Court or earlier, if any developments so warrant.

SO ORDERED.

_____                  _____
Dated                                                               Timothy J. Kelly
                                                                                       United States District Judge