UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OCA – ASIAN PACIFIC AMERICAN ADVOCATES,

       *Plaintiff*,

  v.

MARCO A. RUBIO et al.,

       *Defendants*.

Civil Action No. 25-287 (TJK)

## MEMORANDUM ORDER

Before the Court is Defendants' Motion to Stay Proceedings, which asks the Court to stay this case until the Supreme Court resolves an interlocutory appeal in three related cases. Plaintiff opposes. Because the Court concludes that a stay is unwarranted, it will deny the motion.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Whether to grant a motion to stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55. But "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.* at 255. So in deciding whether to grant a stay, courts generally consider three factors: "(1) harm to the nonmoving party if a stay does issue; (2) the moving party's need for a stay—that is, the harm to the moving party if a stay does not issue; and (3) whether a stay would promote efficient use of the court's resources." *Ctr. for Biological Diversity v. Ross*, 419 F. Supp. 3d 16, 20 (D.D.C. 2019). The default, however, is for the litigation to continue as usual, and "the burden of making out the justice and wisdom of a departure from the beaten track lay[s] heavily on the"

movants.  *Landis*, 299 U.S. at 256.

Defendants do not meet that burden here.  To begin, the first two factors—harm to the non-movant should a stay issue and harm to the movant absent a stay—are a wash, with the first tipping slightly in Plaintiff's favor and the second slightly on the side of Defendants.

As to the risk of harm to Plaintiff, the D.C. Circuit has recognized that plaintiffs have a "right to maintain their case."  *Dellinger v. Mitchell*, 442 F.2d 782, 787 (D.C. Cir. 1971).  A stay impacts that right by preventing Plaintiff from pressing its claims while the stay is in place.  But the modest nature of the stay requested here limits the severity of that impact.  Though Defendants' motion appeared to ask for an indefinite stay, Defendants clarified in their reply that they seek a stay "pending the resolution of the three emergency applications filed in the United States Supreme Court seeking to limit or stay the nationwide injunctions."  ECF No. 18 at 1.[1]  Based on the emergency nature of the applications, the Supreme Court will likely hear and resolve them expeditiously.  Thus, while a stay would delay this case, the requested stay would not result in "[a]ny *protracted* halting or limitation of [P]laintiff['s] right to maintain [its] case."  *Dellinger*, 442 F.2d at 787 (emphasis added).  Furthermore, as Defendants point out, enforcement of Executive Order 14160 has been enjoined on a nationwide basis (for the moment) in the same three cases, meaning Defendants cannot apply the Order to Plaintiff during the stay.  So although Plaintiff would be harmed to some degree by being subjected to an unwanted delay, that harm is not great.

The harm to Defendants absent a stay is similarly slight, if there is any harm at all.  "[B]eing required to defend a suit, without more," is generally not a significant harm.  *Ctr. for Biological Diversity*, 419 F. Supp. 3d at 21 (quotation omitted).  "This is particularly true of counsel for the

---

[1] This clarification is well-taken in light of the substantial caselaw disfavoring indefinite stays.  *See Landis*, 299 U.S. at 256; *Dellinger*, 442 F.2d at 787; *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732 (D.C. Cir. 2012).

United States, the richest, most powerful, and best represented litigant to appear before [the Court]." *Id.* (alteration in original) (internal quotation marks and quotation omitted). And that is even more so here, given that the cases Defendants are already defending concern the same Executive Order, and the same legal issues, at the heart of this case. So even if forcing Defendants to remain on "the beaten track" constitutes harm in some sense, that harm does little to support their motion. *Landis*, 299 U.S. at 256.

Because the first two factors are in rough equipoise, Defendants' motion largely turns on whether they have shown that issuing a stay "would promote efficient use of the court's resources." *Ctr. for Biological Diversity*, 419 F. Supp. 3d at 20. They haven't.

To repeat, Defendants request a stay only until the Supreme Court resolves the pending emergency applications for partial stays of the referenced injunctions. ECF No. 18 at 1. But the question the Government seeks to have the Supreme Court resolve in those cases is whether the lower courts erred in granting "universal" or "nationwide"—rather than party-specific—injunctions. *E.g.*, Application for a Partial Stay of the Injunction Issued by the United States District Court for the District of Maryland, *Trump v. CASA, Inc.*, No. 24A884 (U.S. Mar. 13, 2025). Because the answer to that question says nothing about the merits of this case—in other words, whether Executive Order 14160 is lawful—there is little "efficien[cy]" in delaying this case until the Supreme Court rules. *Ctr. for Biological Diversity*, 419 F. Supp. 3d at 20. Instead, a stay would simply *reallocate* the Court's time by delaying the case's resolution.

Thus, while district courts often stay cases if a different case presenting the same merits issue is pending before the Supreme Court or a court of appeals that would bind them, that is not the case here. As such, Defendants' other arguments relating to the Court's resources fall flat.

For example, Defendants argue that the stay would "minimize[] the possibility of conflicts

between different courts." ECF No. 16 at 10.  But even assuming it would—and Defendants have not explained exactly how that is so, given the modest length of the stay they request—the risk of inconsistent opinions between courts when one does not bind the other is no reason to force Plaintiff to "stand aside." *Landis*, 299 U.S. at 255.  As the D.C. Circuit has noted, "[i]t cannot be said to be unseemly or lacking in respect for a court of coordinate jurisdiction, for this court, or the District Court, to take up and decide a question of law that is pending in another circuit." *Dellinger*, 442 F.2d at 787.  That is so even in cases "of national importance," as "the Supreme Court may well welcome the interim expression of views by more than one" court. *Id.*

Defendants also argue that the Court should grant the stay because "it is likely that the parties in the cases currently on appeal will seek further review in the United States Supreme Court."  ECF No. 16 at 11.  Of course, if the Supreme Court takes up the question of whether Executive Order 14160 is lawful, that would be a different matter.  But until then, the Court cannot see how the requested stay would materially promote efficient use of its resources.  Thus, the third factor weighs against granting it, and so the Court concludes that Defendants have not borne their "heav[y]" "burden" to show that the Court should stay this case. *Landis*, 299 U.S. at 256.

For all the above reasons, it is hereby **ORDERED** that Defendants' Motion to Stay Proceedings, ECF No. 16, is **DENIED**.  It is further **ORDERED** that Defendants shall answer or otherwise respond to the Complaint by June 4, 2025.

**SO ORDERED.**

/s/ Timothy J. Kelly<br>TIMOTHY J. KELLY<br>United States District Judge

Date: May 14, 2025