UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OCA – ASIAN PACIFIC AMERICAN ADVOCATES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MARCO RUBIO, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 25-0287 (TJK) |

**DEFENDANTS' MOTION FOR EXTENSION OF TIME
TO RESPOND TO THE COMPLAINT**

Defendants Donald J. Trump, in his official capacity as President of the United States, Kristi Noem, in her official capacity as Secretary of the United States Department of Homeland Security and the U.S. Department of Homeland Security; Marco Rubio in his official capacity as Secretary of State and the U.S. Department of State; Pam Bondi, in her official capacity as Attorney General of the United States and the U.S. Department of Justice; and Leland Dudek, in his official capacity as Acting Commissioner of the Social Security Administration and the U.S. Department of Social Security (collectively, "Defendants"), by and through their attorneys, respectfully submit this motion for extension of time to file their response to the Complaint.

OCA-Asian Pacific American Advocates ("OCA") filed this action on January 31, 2025. On April 7, 2025, Defendants filed a motion for extension of time to file a motion to stay on April 14, 2025. ECF No. 13. The Court ultimately granted Defendants' request *nunc pro tunc* on April 14, 2025. *See* April 14, 2025, Minute Order. On April 14, 2025, Defendants filed their motion to stay proceedings primarily because the Executive Order Plaintiffs are challenging—Executive Order 14160, Protecting the Meaning and Value of American Citizenship ("EO 14160" or the

"Executive Order")—is already the subject of three nationwide injunctions and because in the interests of judicial economy the stay would avoid duplicative and potentially conflicting litigation. Defendants also stated that to the extent that the Court denies their motion to stay, they be allowed twenty-one calendar days from issuance of any order denying the motion to stay to respond to Plaintiff's petition. On May 14, 2025, the Court denied Defendants' motion to stay holding, in part, "that a stay would simply *reallocate* the Court's time by delaying the case's resolution." And that "if the Supreme Court takes up the question of whether Executive Order 14160 is lawful, that would be a different matter. But until then, the Court cannot see how the requested stay would materially promote efficient use of its resources." Mem. Op. at 3-4, ECF No. 19. Accordingly, the Court ordered that Defendants shall answer or otherwise respond to the Complaint by June 4, 2025, twenty-one (21) days from its decision. Defendants are mindful of their initial request but due to the press of business and the need for departmental review, are hereby requesting an extension of twenty-one days from June 4, 2025, up to and including Wednesday, June 25, 2025.

Pursuant to Local Civil Rule 7(m), undersigned counsel contacted Plaintiff's counsel on May 28, 2025, regarding the extension motion. Plaintiff's position on this motion is as follows: "As a professional courtesy, Plaintiff has no objection to a one-week extension from the current June 4, 2025, responsive pleading deadline. We oppose any longer extension, because it is (i) unfair to our clients because it unduly delays the time in which the Government must answer for the constitutional violations asserted in this case and the ultimate resolution of this case, and (ii) inconsistent with, and far exceeds the Government's prior request to set the Government's responsive pleading deadline 'twenty-one calendar days from issuance' of an order denying the motion to stay (ECF No. 18 at 1)—which the Court granted by its May 14 order setting June 4 as the responsive pleading deadline (ECF No. 19). If the Government seeks a longer extension,

Plaintiffs plan to file an opposition in accordance with Judge Kelly's January 31 Standing Order (ECF No. 6)." In support of this motion, Defendants state as follows:

    Due to the significance of this matter and its nationwide constitutional implications, once the stay was denied, the matter was referred to the Federal Programs Branch within Main Justice for a determination of whether they would handle the case. The Federal Programs Branch decided to delegate handling of the case to the U.S. Attorney's Office. Because of the remaining short timeframe to respond and counsel's current litigation and supervisory responsibilities, an extension is necessary to prepare the motion and to seek internal Justice Department review of the motion. Undersigned counsel has assumed the complete docket of an Assistant U.S. Attorney who has been out of the office due to a family emergency. As a result, the undersigned has had the full responsibility of defending a full docket of cases that includes FOIA, Immigration, written defense of miscellaneous matters, Privacy Act, Tort and Employment Discrimination cases. Thus, her time has been spent reviewing, researching, discussing, preparing and filing various memoranda for those cases. This, in addition to the undersigned's responsibilities as a manager in the office, interviewing candidates, conferring with subordinate attorneys about their work product and reviewing memoranda to be filed with the Court has stymied the preparation of a response to the Complaint in this case.

\* \* \*

Accordingly, Defendants respectfully request an extension of time until Wednesday, June 25, 2025, to file their response to the Complaint.

Dated: May 29, 2025
      Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:     */s/ Heather Graham-Oliver*
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2500 (main)

*Attorneys for the United States of America*