# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OCA – ASIAN PACIFIC AMERICAN ADVOCATES,<br><br>*Plaintiff*,<br><br>v.<br><br>MARCO RUBIO, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-00287 |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO THE COMPLAINT

Plaintiff opposes Defendants' Motion for Extension of Time to Respond to the Complaint ("Motion") (ECF No. 20), for the reasons that follow:

### PROCEDURAL BACKGROUND

1. Plaintiff filed its Complaint (ECF No. 1) on January 30, 2025, and served the Complaint on February 4, 2025. ECF No. 10. Defendants' responsive pleading was originally due on April 7, 2025. ECF No. 10.

2. On April 7, 2025, Defendants sought to "extend the time to respond to Plaintiff's Complaint until April 14, 2025, to file a Motion to Stay the proceedings." ECF No. 13 at 1. Plaintiffs consented to extend Defendants' time to file a responsive pleading by 30 days, but did not consent to a motion to stay. *See Id.*

3. Defendants did not file a responsive pleading. Instead, on April 14, 2025, the Defendants moved for an indefinite stay of this matter, but alternatively requested to set Defendants' responsive pleading deadline "twenty-one calendar days from issuance" of an order denying the motion to stay. ECF No. 16 at 1; ECF No.18 at 1.

4.      On May 14, 2025, the Court denied the motion for stay, but granted Defendants' alternative request for an extension, setting the response date for June 4. ECF No. 19 at 4.

5.      On May 28, 2025, Defendants' counsel advised Plaintiff's counsel that it would be seeking a further 45-day extension to file a responsive pleading. After being advised that Plaintiff would consent to a seven-day extension as a matter of professional courtesy but nothing longer, Defendants filed the present motion seeking a 21-day extension. ECF No. 20.

**ARGUMENT**

6.      As the Court's January 31 Standing Order provides, motions for extensions "are discouraged." ECF No. 6 ¶ 10. The present Motion nonetheless represents the Government's third request to extend time to file a responsive pleading in this matter. The Government has never acknowledged the language in the Standing Order, and its Motion fails to identify several pieces of information the Standing Order requires to support a motion for extension. The Motion should be denied.

7.      No "good cause" exists for an extension, as required under either the January 31 Standing Order or Federal Rule of Civil Procedure 6(b)(1)(B). Defendants present no circumstances justifying an extension of time beyond the Government's two prior requests for extension.

8.      Defendants vaguely claim that "the press of business and the need for departmental review" justify their requested extension. ECF No. 20 at 2. But the June 4, 2025 deadline that this Court previously set already gives defendants 120 days from the date of service of the complaint to file a responsive pleading. That—combined with an additional seven-day extension to which Plaintiff has consented as a matter of professional courtesy—is more than

- 3 -

double the time afforded under Rule 12, and more than adequate time for Defendants to prepare their response.

9. Defendants also appear to attribute their supposed need for more time to delays caused by the Justice Department's internal staffing deliberations regarding the assignment of the case. But Defendants were presumably aware of these internal procedures when they made their two earlier requests to extend the responsive pleading deadline, including its prior request that the Court set the responsive pleading deadline "twenty-one calendar days from issuance" of an order denying the motion to stay. ECF No. 18 at 1. At bottom, the circumstances remain the same as they were when the Government made its initial request for an extension of time. Having failed to establish "good cause," the Motion should be denied.

10. Granting Defendants' requested extension would deny Plaintiff the opportunity to defend its own rights and interests (and those of its members) and to move the case forward to this Court's ultimate decision—inflicting the same harms. Notably, since the question of extensions was last raised with this Court, the Solicitor General has taken the position (in the Supreme Court arguments concerning other litigation challenges to Executive Order 14160) that, in the absence of a decision from the Supreme Court or a certified nationwide class, court orders invalidating the Executive Order would only be valid as to litigants who brought a particular case or within particular appellate circuits. *See* Transcript of Oral Argument at 30-36, 60-64, *Trump v. CASA* (2025) (No. 24A884). In making this argument, the Government insisted that "percolation" of cases concerning the Executive Order in as many trial courts as possible was "really important." *Id.* at 65.

11. In light of the Government's position—which effectively serves as a warning to litigants challenging the Order that the Government does not intend to honor injunctions issued by other courts—Plaintiff intends to move this matter expeditiously to judgment.

12. If "percolation" of the challenge to EO 14160 through numerous district courts is as important as the Solicitor General insisted in the Supreme Court, the Government should file its responsive pleading and stop seeking further delay.

The Motion should be denied.

Dated: May 30, 2025                                             Respectfully submitted,

/s/ *John A. Freedman*                                          John C. Yang (D.C. Bar No. 438672)
John A. Freedman (D.C. Bar No. 453075)                          Niyati Shah (D.C. Bar No. 1659560)
Sally Pei (D.C. Bar No. 1030194)                                Noah Baron (D.C. Bar No. 1048319)
Jonathan L. Stern (D.C. Bar No. 375713)                         ASIAN AMERICANS
Ronald D. Lee (D.C. Bar No. 411516)                             ADVANCING JUSTICE-AAJC
ARNOLD & PORTER KAYE SCHOLER LLP                                1620 L Street, NW, Suite 1050
601 Massachusetts Avenue, N.W.                                  Washington, D.C. 200036
Washington, D.C. 20001                                          (202) 296-2300
(202) 942-5000                                                  jcyang@advancingjustice-aajc.org
John.Freedman@arnoldporter.com                                  nshah@advancingjustice-aajc.org
Sally.Pei@arnoldporter.com                                      nbaron@advancingjustice-aajc.org
Jonathan.Stern@arnoldporter.com
Ronald.Lee@arnoldporter.com

                                                                Kaitlin Banner (D.C. Bar No. 1000436)
                                                                Sarah Bessell (D.C. Bar No. 219254)
                                                                Madeleine Gates (D.C. Bar No. 90024645)
                                                                WASHINGTON LAWYERS' COMMITTEE
                                                                FOR CIVIL RIGHTS AND URBAN
                                                                AFFAIRS
                                                                700 14th Street, NW, Suite 400
                                                                Washington, D.C. 20005
                                                                (202) 319-1000
                                                                kaitlin_banner@washlaw.org
                                                                sarah_bessell@washlaw.org
                                                                madeleine_gates@washlaw.org

*Counsel for Plaintiff*