UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OCA – ASIAN PACIFIC AMERICAN ADVOCATES and JANE DOE #1, BABY DOE #1, and JANE DOE #2,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARCO RUBIO, U.S. Secretary of State, in his official capacity; U.S. DEPARTMENT OF STATE; JAMES McHENRY, Acting Attorney General, in his official capacity; U.S. DEPARTMENT OF JUSTICE, KRISTI NOEM, Secretary of Homeland Security, in her official capacity, U.S. DEPARTMENT OF HOMELAND SECURITY; FRANK BISIGNANO, Commissioner of the Social Security Administration, in her official capacity; U.S. SOCIAL SECURITY ADMINISTRATION; and DONALD J. TRUMP, President of the United States, in his official capacity,<br><br>*Defendants*. | Civil Action No. 1:25-cv-00287 (TJK) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO PROCEED PSEUDONYMOUSLY**

Plaintiffs OCA – Asian Pacific American Advocates ("OCA"), Jane Doe #1, Baby Doe #1, and Jane Doe #2 move this Court for an order permitting certain participants in this action to proceed pseudonymously because of substantial fear of retaliation against them and their families. Specifically, Plaintiffs seek an order permitting Plaintiff Jane Doe #1, Plaintiff Baby Doe #1, and Plaintiff Jane Doe #2 (collectively the "Anonymous Participants") to proceed under pseudonym for the purposes of their participation in this litigation. The Anonymous Participants and their

1

families face real danger of retaliation, not only from the United States government, but also from members of the public, and therefore seek an order from this Court to protect their identities as this litigation proceeds.

## STATEMENT OF FACTS

Plaintiff Jane Doe #1 is a native of a foreign country who now resides in the United States lawfully with a "U" visa.[1] She gave birth to a child, Plaintiff Baby Doe #1, in the United States after February 19, 2025, and Baby Doe #1 would be denied birthright citizenship under President Trump's Executive Order "Protecting the Meaning and Value of American Citizenship" (the "Executive Order" or the "Order"), if it were to take effect. *See* Jane Doe #1 Decl. ¶ 4.[2] Jane Doe #1 fears that the U.S. government and members of the public will retaliate against her, her husband, or their minor children because of her participation in this lawsuit due to the sensitive nature of the issues at play in this case. Jane Doe #1 Decl. ¶¶ 6-7, 11-15. Other cases raising these same issues have been highly publicized.[3] Jane Doe #1 fears that if this case receives similar publicity, she and her family could be subjected to harassment by the government, members of their immediate community, and members of the public generally. Jane Doe #1 Decl. ¶¶ 11-15. Jane Doe #1 fears, in particular, deportation, detention, and separation from her children. *Id.* ¶¶ 11, 12, 15. In addition, Jane Doe #1's husband (the father of her children) is neither a U.S. citizen nor a Lawful Permanent Resident ("LPR"). *Id.* ¶ 5. Jane Doe #1 is concerned that Defendants will target

---

[1] *See* Jane Doe #1 Decl. ¶ 3 (attached as Exhibit A).
[2] *See also* Exec. Order No. 14,160, 90 Fed. Reg. 8449 (Jan. 20, 2025).
[3] *See* Jane Doe #1 Decl. ¶ 13; *see, e.g.*, A. Marimow, *Supreme Court Grapples with Nationwide Orders Blocking Birthright Citizenship Ban*, Wash. Post (May 15, 2025), https://www.washingtonpost.com/politics/2025/05/15/birthright-citizenship-ban-supreme-court-arguments/; M. Schwartz & M. Baker, *Twenty-two States Sue to Stop Trump's Birthright Citizenship Order*, N.Y. Times (Jan. 21, 2025), https://www.nytimes.com/2025/01/21/us/trump-birthright-citizenship.html.

2

her husband with immigration enforcement in retaliation for her participation in this litigation. *Id.* ¶ 11. Jane Doe #1 is the only caretaker for newborn child and middle child, and she and her husband have no family nearby that could help with child care if either she or her husband were detained or deported by the Government. *Id.* ¶ 12.

Jane Doe #2 is a native of a foreign country who now resides in the United States under lawful Temporary Protected Status. Jane Doe #2 Decl. ¶ 3 (attached as Exhibit B). Jane Doe #2 is currently pregnant and intends to give birth in the United States, and her unborn child would be denied birthright citizenship under the Executive Order if it takes effect. *See id.* ¶ 4. Jane Doe #2 fears that the U.S. government and members of the public could retaliate against her, her husband, or their minor child because of their participation in this lawsuit. *Id.* ¶ 7, 12-15. She fears, in particular, deportation, detention, and separation from her born and unborn children. *Id*. ¶ 7. In addition, Jane Doe #2's husband is currently applying for asylum in the United States, and they fear the government may retaliate against him by denying his application should they learn of Jane Doe #2's participation in this case. *Id.* ¶ 13.

## LEGAL STANDARDS

While a complaint must generally identify the parties, *see* Fed. R. Civ. P. 10(a); Local Civ. R. 5.1(c), that rule is not absolute. Under Federal Rule of Civil Procedure 5.2(a)(3) and Local Civil Rule 5.4(f)(2), minors have a presumptive right to appear using only their initials. Courts extend additional protections to litigants and allow them to proceed under pseudonyms when litigants' "legitimate interest in anonymity" outweighs any "countervailing interests in full disclosure." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019).

The court has the discretion to allow a party to participate pseudonymously in pending litigation. *See J.W. v. District of Columbia*, 318 F.R.D. 196, 198 (D.D.C. 2016). To evaluate

3

whether a litigant has overcome the "presumption in favor of disclosure" and may proceed under a pseudonym, courts in this Circuit apply a "'flexible and fact driven' balancing test." *Doe v. Fed. Republic of Germany*, 680 F. Supp. 3d 1, 4 (D.D.C. 2023) (first quoting *In re Sealed Case*, 931 F.3d at 96; and then quoting *In re Sealed Case*, 971 F.3d 324, 326 (D.C. Cir. 2020)). That test looks to five "guideposts":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
> [3] the ages of the persons whose privacy interests are sought to be protected;
> [4] whether the action is against a governmental or private party; and, relatedly,
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*In re Sealed Case*, 931 F.3d at 97 (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)) (brackets in original). While the D.C. Circuit has laid out these specific factors, the list is "non-exhaustive." *Chang v. Republic of S. Sudan*, 548 F. Supp. 3d 34, 37 (D.D.C. 2021) (quoting *In re Sealed Case*, 971 F.3d at 326); *see also In re Sealed Case*, 931 F.3d at 97 (cautioning that courts "should not . . . engage in a wooden exercise of ticking the five boxes"). A litigant also need not meet all five factors to justify proceeding anonymously. *See, e.g.*, *Emp. #1 v. Dep't of Behav. Health*, 694 F. Supp. 3d 110, 115 (D.D.C. 2023) (permitting plaintiff to proceed under a pseudonym even though multiple factors weighed in favor of disclosure). Lastly, "[i]n cases where the identities of a minor and parent or guardian are 'inextricably intertwined,' courts allow parents or guardians to proceed under pseudonym when suing on the minor's behalf." *Asylumworks v.*

4

*Wolf*, No. 1:20-cv-03815, 2020 WL 13460835, at *2 n.2 (D.D.C. Dec. 23, 2020) (quoting *Eley v. District of Columbia*, No. 16-cv-806, 2016 WL 6267951, at *2 (D.D.C. Oct. 25, 2016)).[4]

## ARGUMENT

Plaintiffs move this Court for an order allowing the Anonymous Participants to proceed under pseudonym. All five factors under *In re Sealed Case* support this relief for each of the Anonymous Participants, and Baby Doe #1 and Jane Doe #1 should additionally be granted to proceed pseudonymously because of Baby Doe #1's status as a minor.

### I.    Jane Doe #1 and Baby Doe #1 should be permitted to proceed pseudonymously because Baby Doe #1 is a minor and Jane Doe #1 is his representative

As an initial matter, Baby Doe #1 is a minor and is entitled to the redaction of his full name. *See* Jane Doe #1 Decl. ¶ 4. Under the Federal Rule of Civil Procedure 5.2(a)(3), minor children have the right to be anonymously referenced in court filings and to proceed under their initials alone. Courts in the D.C. Circuit have consistently upheld similar results. *See, e.g.*, *Refugee & Immigrant Ctr. for Educ. & Legal Servs. v. Noem*, No. CV 25-306 (RDM), 2025 WL 579648, at *2 (D.D.C. Feb. 20, 2025) (holding that pseudonymity is required for all minor plaintiffs in the case); *Courtenay J. v. Cigna Health & Life Ins. Co.*, No. CV 25-80 (JEB), 2025 WL 435987, at *1

---

[4] Some courts in the D.C. Circuit have also relied on the D.C. Circuit's sealing test when deciding whether a party may proceed under a pseudonym. *See, e.g., John Doe Co. No. 1 v. CFPB*, 195 F. Supp. 3d 9, 15–17 (D.D.C. 2016). This test weighs: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *See United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980). Regardless, both tests are similar in application, and generally ask "whether the non-speculative privacy interests that the movants have identified outweigh the public's substantial interest in knowing the identities of parties in litigation, along with any legitimate interest that the non-moving parties[] . . . may have in revealing the identity of the movants." *John Doe Co. No. 1*, 195 F. Supp. 3d at 17.

5

(D.D.C. Feb. 7, 2025) (noting that federal and local rules require parties to redact minors' names from all filings); *E.M.-R. by & through T.R.-M. v. D.C.*, No. CV 21-177 (BAH), 2021 WL 11550509, at *2 (D.D.C. Jan. 25, 2021) (affirming that the Federal Rules of Civil Procedure require the use of initials to protect the identities of minor children).  In this case, Plaintiffs seek to use the pseudonyms "Jane Doe #1" and "Baby Doe #1" for additional protection of the identities of each individual, and for ease of reference along with Jane Doe #2.

Jane Doe #1 should be permitted to proceed under pseudonym because of her relationship to Baby Doe #1.  When a parent is bringing a lawsuit as a representative of a minor plaintiff, the anonymity of the minor plaintiff would be "eviscerated" unless the identity of the parent is also kept anonymous.  *E.M.-R. by & through T.R.-M.*, 2021 WL 11550509, at *2.  In this case, Jane Doe #1 is a plaintiff both on behalf of herself but also as a representative of Baby Doe #1. Therefore, to protect the identity and privacy of Baby Doe #1, this Court should also allow Jane Doe #1 to proceed pseudonymously.

## II. Each of the Anonymous Participants should be permitted to proceed pseudonymously under the factors in *In re Sealed Case*

Each of the Anonymous Participants, including Jane Doe #1 and Baby Doe #1, should be permitted to proceed pseudonymously under the five factors from *In re Sealed Case*.

### A. The Anonymous Participants seek to preserve privacy in a matter of sensitive and highly personal nature

First, the Anonymous Participants seek to preserve privacy in a matter of sensitive and highly personal nature.  *See In re Sealed Case*, 931 F.3d at 97.  Jane Doe #1 fears that her participation in this lawsuit will jeopardize her and her family's ability to stay in the United States because they believe that the government could retaliate against them for their advocacy.  Jane Doe #1 Decl. ¶¶ 11, 12, 15.  Jane Doe #1 is in the United States on a "U" visa and her husband is not an LPR.  *Id.* ¶¶ 3, 5.  Baby Doe #1's status is uncertain due to ongoing litigation of the

6

Executive Order. *Id.* ¶ 6. Jane Doe #2 has TPS and her husband is an asylum applicant. Jane Doe #2 Decl. ¶¶ 3, 6. The Anonymous Participants each fear their family will be targeted for immigration consequences—including revocation of visas, denial of asylum, deportation, and separation from children/parents—as a result of their participation in this lawsuit. Jane Doe #1 Decl. ¶¶ 7, 11; Jane Doe #2 Decl. ¶¶ 7, 12, 13. These fears are not unfounded, given several recent examples of apparent targeting of individuals by immigration officials after the individuals allegedly spoke out against the government.[5] These fears are further exacerbated by the recent instances across the country of immigration officials arresting, detaining, and expediting deportation of individuals simply for appearing at court hearings.[6] This Court would join other federal courts in recognizing that individuals like the Anonymous Participants reasonably and

---

[5] *See, e.g.*, J. Bromwich, *Mahmoud Khalil's Wife Gives Birth as ICE Bars Him From Being There*, N.Y. TIMES (Apr. 21, 2025), https://www.nytimes.com/2025/04/21/nyregion/mahmoud-khalil-denied-baby-birth.html; S. Otterman & A. Ley, *Columbia Activist Arrested by ICE at His Appointment for Citizenship*, N.Y. TIMES (Apr. 14, 2025), https://www.nytimes.com/2025/04/14/nyregion/columbia-student-palestinian-arrested-ice.html; K. Tsui, *What we know about the federal detention of activists, students and scholars connected to universities*, CNN (Apr. 2, 2025), https://www.cnn.com/2025/03/31/us/what-we-know-college-activists-immigration-hnk (listing eleven examples of potential targeting of foreign students and faculty by the federal government); S. Saul, *ICE Tells a Cornell Activist to Turn Himself In*, N.Y. TIMES, (Mar. 21, 2025), https://www.nytimes.com/2025/03/21/us/politics/trump-cornell-student-ice.html; M. Boorstein, *Activist Who Took Sanctuary in Church During First Trump Term is Detained*, WASH. POST (Mar. 19, 2025), https://www.washingtonpost.com/nation/2025/03/18/jeanette-vizguerra-colorado-immigrant-activist/.

[6] *See, e.g.*, M. Bellisle, et. al, *Immigration officers intensify arrests in courthouse hallways on a fast track to deportation*, ASSOC. PRESS (June 11, 2025), https://apnews.com/article/immigration-court-arrests-ice-deportation-99d822cdc93ae7dc26026c27895d5ea1; X. Bustillo, *ICE's novel strategy allows for more arrests from inside immigration courts*, NPR (June 12, 2025), https://www.npr.org/2025/06/12/nx-s1-5409403/trump-immigration-courts-arrests; S. Rosenthal, *ICE arrests 10 people in Sterling Immigration Court*, WUSA9 (June 12, 2025), https://www.wusa9.com/article/news/dmv-immigration/ice-arrests-10-people-sterling-immigration-court-virginia/65-680c6415-6583-4d6a-9b54-fc56ad4c6f59.

7

legitimately fear of retaliation by the government as a result of their participation in litigation challenging government action in the area of immigration.[7]

Courts in this Circuit have recognized that concerns about immigration status, deportation, and ability to remain in the United States are quintessential matters of highly sensitive and personal nature, and have allowed plaintiffs to proceed pseudonymously in similar circumstances. *See, e.g., Las Americas Immigrant Advoc. Ctr. v. Wolf*, No. 19-cv-3640 (KBJ), 2020 WL 7319297, at *3 (D.D.C. July 8, 2020) (permitting pseudonymity and noting highly sensitive and personal nature of case where plaintiffs feared removal from the U.S. and were the parents of minors); *M.M.V. v. Barr,* No. 19-CV-2773, 2019 WL 10890338, at *2 (D.D.C. Sept. 26, 2019) (permitting pseudonymity and noting "significant privacy interests" where plaintiffs feared deportation and retaliatory harm); *see also Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1063 (9th Cir. 2000) (permitting plaintiffs to proceed pseudonymously where they "fear[ed] […] immediate deportation to China or their country of origin" if their true identity were to be revealed).

Accordingly, this factor weighs in favor of permitting each of the Anonymous Participants to proceed under pseudonym in this matter.

---

[7] During the previous Trump administration, the Second Circuit held that immigrant rights activist Ravidath Ragbir had stated a claim under the First Amendment against the government (in that case, Immigration and Customs Enforcement) based on allegations that it had selectively enforced a deportation order against him in retaliation for his outspokenness against the government's immigration policies. *Ragbir v. Homan*, 923 F.3d 53, 57, 71 (2d Cir. 2019) ("A plausible, clear inference is drawn that Ragbir's public expression of his criticism, and its prominence, played a significant role in the recent attempts to remove him."), *vacated on other grounds sub nom. Pham v. Ragbir*, 141 S. Ct. 227 (2020).

### B. Identification poses substantial concerns of retaliatory physical or mental harm for the Anonymous Participants and their families.

The Anonymous Participants should be granted anonymity in this case because of fear of retaliatory physical and mental harm not only to themselves, but also their family members—innocent non-parties to this litigation. *See, e.g.*, *In re Sealed Case*, 931 F.3d at 97 (noting that "risk of retaliatory physical or mental harm to the requesting party *or even more critically, to innocent non-parties*" can justify pseudonymity (emphasis added)); *I.A. v. Barr*, No. 1:19-CV-02530, 2019 WL 3945577, at *2 (D.D.C. Aug. 21, 2019) (maintaining plaintiffs' anonymity where disclosure of participation in lawsuit could place plaintiff and their families at risk of future harm). As articulated above, the Anonymous Participants fear physical harm from the government in the form of detention or deportation if they are identified as plaintiffs in this litigation. *See* Jane Doe #1 Decl. ¶¶ 7, 11; Jane Doe #2 Decl. ¶¶ 7, 12, 13.

This fear of retaliation from the government affects not only the Anonymous Participants, but also their family members who are innocent non-parties to this case. For example, Jane Doe #2's husband, the father of her expected child, has a pending application for asylum and Jane Doe #2 is concerned that the U.S. government might deny, delay, or otherwise interfere with her husband's application because of her involvement with this lawsuit. *See* Jane Doe #2 Decl. ¶ 13. Each of the adult Anonymous Participants have expressed similar fears about retaliation against their families (including Baby Doe #1) in the form of detention, deportation, or separation from immediate family members. *See* Jane Doe #1 Decl. ¶¶ 7, 11; Jane Doe #2 Decl. ¶¶ 7, 12, 13.

The adult Anonymous Participants not only fear retaliation from the government, but also from the public if they proceed under their own names, since immigration is a highly charged, politically sensitive issue. Each of the adult Anonymous Participants has expressed concerns that they and their families (including Baby Doe #1) could be targeted for harassment and intimidation

9

by members of the general public for their participation in this suit. *See* Jane Doe #1 Decl. ¶¶ 13, 14; Jane Doe #2 Decl. ¶ 14.

For all these reasons, this factor additionally weighs in favor of permitting the Anonymous Participants to proceed under pseudonym. *See, e.g.*, *I.A. v. Barr*, 2019 WL 3945577, at *2 (permitting anonymity in light of fear of future harm).

### C. The Anonymous Participants seek to proceed pseudonymously to protect the privacy interests of themselves and their minor children.

The Anonymous Participants also seek to proceed pseudonymously in light of the age of the persons whose privacy interests they seek to protect. *In re Sealed Case*, 931 F.3d at 97. The adult Anonymous Participants seek to protect the privacy interest of their non-party minor children, a factor that weighs particularly strongly in favor of pseudonymity. *See Las Americas Immigrant Advoc. Ctr. v. Wolf*, No. 19-cv-3640 (KBJ), 2020 WL 7319297 (D.D.C. July 8, 2020) at *3 (noting that "the adult plaintiffs are also all parents of the minor plaintiffs in the instant lawsuit, and thus, the Court is cognizant of the risk of harm to the minor plaintiffs as a result of publicizing their parents' identities and locations"). As discussed above, the Federal Rules recognize the unique privacy interests of minors and provide special protection against the disclosure of the names of minor children. Fed. R. Civ. P. 5.2(a). This includes Baby Doe #1, who is himself a minor whose privacy interests the Anonymous Participants seek to protect.

The adult Anonymous Participants' participation in this lawsuit could expose the identities of their minor children, born and unborn, and subject them to retaliation and harassment by the U.S. government and members of the public. *See J.W.*, 318 F.R.D. at 199 (noting that "a parent's identity, if disclosed, could jeopardize the child's confidentiality"); Jane Doe #1 Decl. ¶¶ 7, 11-14; Jane Doe #2 Decl. ¶¶ 7, 12-14. The adult Anonymous Participants fear that their participation in this lawsuit will reveal sensitive and private information about their born and unborn children,

10

including information about their children's uncertain immigration statuses, subjecting them to the risk of retaliation and harm. *See* Jane Doe #1 Decl. ¶¶ 6, 7, 11, 13-15; Jane Doe #2 Decl. ¶¶ 7, 12-14.

Accordingly, this factor also weighs in favor of permitting the Anonymous Participants to proceed under pseudonym. *See, e.g., M.M.V. v. Barr*, No. 19-CV-2773, 2019 WL 10890338, at *2 (D.D.C. Sept. 26, 2019) (allowing parents to proceed pseudonymously where revealing parents' names would risk identifying their minor children); *Eley v. D.C.*, No. 16-CV-806 (BAH/GMH), 2016 WL 6267951, at *2 (D.D.C. Oct. 25, 2016) (granting anonymity where parents and their minor children are mentioned in the same filings because "the child's privacy interests and those of his or her parents or guardians are intractably intertwined") (cleaned up); *O.M.G. v. Wolf*, No. 20-CV-786 (UNA), 2020 WL 12956895, at *1 (D.D.C. Mar. 23, 2020) (allowing parents to proceed pseudonymously where doing so will aid in protecting the anonymity of their minor children, also parties to the suit).

### D. The Anonymous Participants should be permitted to proceed anonymously because this Action is against government parties.

The fact that the Defendants are government agencies and officers also weighs in favor of pseudonymity. Generally, "[c]ourts have concluded that anonymous litigation is more acceptable when the defendant is a governmental body because government defendants do not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing." *J.W.*, 318 F.R.D. at 201 (internal quotation omitted). This is particularly true "in a case involving a challenge to the constitutional, statutory, or regulatory validity of government activity." *Int'l Refugee Assistance Project (IRAP) v. Trump*, No. TDC-17-0361, 2017 WL 818255, at *2 (D. Md. Mar. 1, 2017). "Use of pseudonyms is more likely to be appropriate in cases challenging government activity because there is both arguably a public interest in a vindication

11

of rights and a risk of stigmatization of the plaintiff, who often represents a minority interest." *Id.* at *3 (cleaned up). That is entirely true here. The Anonymous Participants represent minority interests as a pregnant noncitizen, a recent mother noncitizen, and a newly born child of uncertain citizenship status, all of whom risk retaliation and stigmatization for their participation in this suit. *See* Jane Doe #1 Decl. ¶¶ 7, 11, 13-15; Jane Doe #2 Decl. ¶¶ 7, 12-14. And Plaintiffs challenge an Executive Order, bringing claims only against government defendants, to vindicate the rights of the adult Anonymous Participants, the rights of their children (including Baby Doe #1), and the rights of other similarly situated individuals. The fourth factor therefore supports granting the motion to proceed under pseudonym.

> **E.    There is no risk of unfairness to Defendants if the Court allows the Anonymous Participants to proceed pseudonymously.**

Allowing the Anonymous Participants to proceed under pseudonym would also pose no risk of unfairness or prejudice to Defendants, satisfying the fifth factor. Plaintiffs' claims are legal ones: that President Trump's Executive Order "Protecting the Meaning and Value of American Citizenship" violates both the Fourteenth Amendment and federal statute. Defendants do not need to know Plaintiffs' identities in order to address their legal arguments. *See Campbell v. U.S. Dep't of Agric.*, 515 F. Supp. 1239, 1246 (holding that Doe plaintiffs need not divulge their identities in a suit seeking declaratory and injunctive relief that would affect all social security disability recipients under the Food Stamp Act); *Lozano v. City of Hazelton*, 496 F. Supp. 2d 477, 512 (M.D. Pa. 2007) (allowing immigrant plaintiffs to remain anonymous to both the public and to the defendant, holding that the defendant had "less interest in the identity of the particular plaintiffs than in the resolution of the legal issues in this case"). Accordingly this factor additionally weighs in favor of granting the motion to proceed pseudonymously.

### F. The public interest weighs in favor of granting Plaintiffs' motion to proceed pseudonymously.

Finally, while there is a "general public interest in the openness of processes," including in judicial proceedings, here, that interest is "substantially outweighed by the privacy threats that ... disclosure [of the Anonymous Participants' identities] would engender." *Las Americas Immigrant Advoc. Ctr.*, 2020 WL 7319297, at *2, 4. The purely legal nature of the case means that the public has "an atypically weak" interest in knowing the Anonymous Participants' identities, because that information is not relevant to the ability of members of the public to understand and follow the case. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008) (quoting *Doe v. Del Rio*, 241 F.R.D. 154, 157 (S.D.N.Y. 2006)); *see also Lozano*, 496 F. Supp. 2d at 512 ("The decision in this case does not turn on judgements about the credibility of particular witnesses, but instead on an assessment of the parties' legal arguments."). Although there may be some public interest in disclosure of a plaintiff's identity in suits against the federal government, that interest "is reduced" where "the claim is a pure legal challenge to [an] Executive Order, such that individual plaintiffs play only a minor role in the litigation." *IRAP*, 2017 WL 818255, at *3. And that interest is reduced even further in cases like this one, where "the public already has significant information about the parties . . . because there [is an] organizational plaintiff[] . . . who[se] name[] ha[s] been disclosed." *Id.* In general, a minimal public interest in disclosure will not outweigh a significant interest in anonymity. *See Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989))).

If anything, allowing the Anonymous Participants to proceed under a pseudonym would vindicate the public's interest in "testing the constitutionality" of the Executive Order. *Lozano*,

13

496 F. Supp. 2d at 512. "[W]here a plaintiff attacks governmental activity," and especially when he "represents a minority interest (and may be subject to stigmatization) . . . there is arguably a public interest in a vindication of his rights." *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003). Requiring the Anonymous Participants to disclose their identities and thereby make themselves and their families possible targets for retaliation "could dissuade [them] from pursuing their rights in court," undermining that public interest. *IRAP*, 2017 WL 818255, at *2. "[W]hen the willingness to file suit is chilled by fear of retaliatory action, the public interest in seeing the suit move forward on its merits outweighs the public interest in knowing the plaintiffs' names." *L.H. v. Schwarzenegger*, No. CIV. S-06-2042, 2007 WL 662463, at *18 (E.D. Cal. Feb. 28, 2007). Accordingly, the public interest in this case weighs in favor of granting anonymity to the Anonymous Participants as they seek to vindicate their rights against the Order.

## CONCLUSION

For the reasons stated above, the Court should permit the Anonymous Participants to proceed pseudonymously. The Anonymous Participants respectfully ask this Court to allow them to proceed by pseudonym, and that the address of Plaintiffs' counsel be listed as the address for each of the Anonymous Participants in the Court's records.

*[Remainder of this page intentionally left blank. Signature page to follow.]*

Dated: June 30, 2025                                          Respectfully submitted,


/s/ *John A. Freedman*                                        John C. Yang (D.C. Bar No. 438672)
John A. Freedman (D.C. Bar No. 453075)                        Niyati Shah (D.C. Bar No. 1659560)
Sally Pei (D.C. Bar No. 1030194)                              Noah Baron (D.C. Bar No. 1048319)
Jonathan L. Stern (D.C. Bar No. 375713)                       ASIAN AMERICANS
Ronald D. Lee (D.C. Bar No. 411516)                             ADVANCING JUSTICE-AAJC
ARNOLD & PORTER KAYE SCHOLER LLP                              1620 L Street, NW, Suite 1050
601 Massachusetts Avenue, N.W.                                Washington, D.C. 200036
Washington, D.C. 20001                                        (202) 296-2300
(202) 942-5000                                                jcyang@advancingjustice-aajc.org
John.Freedman@arnoldporter.com                                nshah@advancingjustice-aajc.org
Sally.Pei@arnoldporter.com                                    nbaron@advancingjustice-aajc.org
Jonathan.Stern@arnoldporter.com
Ronald.Lee@arnoldporter.com                                   Kaitlin Banner (D.C. Bar No. 1000436)
                                                              Sarah Bessell (D.C. Bar No. 219254)
                                                              Madeleine Gates (D.C. Bar No. 90024645)
                                                              WASHINGTON LAWYERS' COMMITTEE
                                                              FOR CIVIL RIGHTS AND URBAN
                                                              AFFAIRS
                                                              700 14th Street, NW, Suite 400
                                                              Washington, D.C. 20005
                                                              (202) 319-1000
                                                              kaitlin_banner@washlaw.org
                                                              sarah_bessell@washlaw.org
                                                              madeleine_gates@washlaw.org

                              *Counsel for Plaintiffs*