## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

OCA – ASIAN PACIFIC AMERICAN
ADVOCATES, *et al.*,

      *Plaintiffs*,

      v.

MARCO RUBIO, in his official capacity as
Secretary of State, *et al.*,

      *Defendants.*

Civil Action No. 1:25-cv-00287 (TJK)

### PLAINTIFFS' COUNTER-STATEMENT OF DISPUTED FACTS

Pursuant to Federal Rule of Civil Procedure 56(c), Local Civil Rule 7(h)(1), and the Court's January 31, 2025 Standing Order (ECF 6), Plaintiffs respectfully submit this Counter-Statement of Disputed Facts in response to Defendants' Statement of Material Facts Not in Dispute (ECF 23-1).

As an overarching objection, Plaintiffs object that the Defendants' statement fails to comply with Local Rule 7(h)(1) in that it does not set forth all material facts in Defendants' motion for summary judgment, or "include references to the parts of the record relied upon to support the statement." It also fails to comply with Paragraph 12 of the January 31, 2025 Standing Order in that it does not include "specific citations to the portions of the record upon which the party relies in fashioning the statement." Defendants' statement also generally fails to comply with Paragraph 12(a) of the Standing Order's formatting requirements or its direction to limit each numbered row to one undisputed factual assertion. In addition to these objections, Plaintiffs set forth their response below.

| | Defendants' Contention | Plaintiffs' Response |
|---|---|---|
| 1. | The Citizenship Clause of the Fourteenth Amendment provides that "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." U.S. Const. amend. XIV, § 1. | Admitted. |
| 2. | On January 20, 2025, President Donald J. Trump issued an Executive Order entitled: "Protecting the Meaning and Value of American Citizenship" and addressing what it means to be "subject to the jurisdiction" of the United States under the Fourteenth Amendment. See Exec. Order No. 14160, (Jan. 20, 2025). | Admitted as to "On January 20, 2025, President Donald J. Trump issued an Executive Order entitled: "Protecting the Meaning and Value of American Citizenship."<br><br>Denied to the portion of the contention "addressing what it means to be 'subject to the jurisdiction' of the United States under the Fourteenth Amendment." That contention is hearsay and cannot be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Moreover, the Executive Order does not address or establish "what it means to be subject to the jurisdiction of the United States." As detailed in the Declaration of Dr. Beth Lew-Williams, the Executive Order departs from the well-accepted understanding of what the Fourteenth Amendment means when it uses the phrase "subject to the jurisdiction." Lew-Williams Decl. ¶¶9-16, 22-29-42. |
| 3. | That Executive Order recognizes that the Constitution does not grant birthright citizenship to the children of aliens who are unlawfully present in the United States as well as children of aliens whose presence is lawful but temporary. *Id*. | Denied. This is a legal conclusion or, in the alternative, hearsay and cannot be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2).<br><br>Moreover, the materials cited do not establish facts supporting the conclusion that |

| | | "the Constitution does not grant birthright citizenship to the children of aliens who are unlawfully present in the United States as well as children of aliens whose presence is lawful but temporary." As detailed in the Declaration of Dr. Beth Lew-Williams, the Executive Order departs from the well-accepted understanding of birthright citizenship, which was intended to extend citizenship to children born in the United States regardless of their parentage. Lew-Williams Decl. ¶¶9-16, 22-50. |
|---|---|---|
| 4. | Section 2(a) of the Executive Order directs the Executive Branch: (1) not to issue documents recognizing U.S. citizenship to persons born in the United States under the conditions described in section 1, and (2) not to accept documents issued by state, local, or other governments purporting to recognize the U.S. citizenship of such persons. The EO specifies, however, that those directives "apply only to persons who are born within the United States after 30 days from the date of this order," or February 19. Id. § 2(b). The Citizenship EO makes clear that its provisions do not "affect the entitlement of other individuals, including children of lawful permanent residents, to obtain documentation of their United States citizenship." Id. § 2(c). | Admitted. |
| 5. | The EO directs the Secretary of State, the Attorney General, the Secretary of Homeland Security, and the Commissioner of Social Security to take "all appropriate measures to ensure that the regulations and policies of their respective departments and agencies are | Admitted that the Executive Order directs the heads of all federal agencies to issue public guidance within 30 days (by February 19) "regarding this order's implementation with respect to their operations and activities." Freedman Decl. Ex. 1 § 3(b).1. |

| | | |
|---|---|---|
| | consistent with this order," and not to "act, or forbear from acting, in any manner inconsistent with this order." Id. § 3(a). It further directs the heads of all federal agencies to issue public guidance within 30 days (by February 19) "regarding this order's implementation with respect to their operations and activities." Id. § 3(b).1. | Denied as to the first sentence, which misquotes the Executive Order as to who is directed not to "act, or forebear from acting in any manner inconsistent with this order." *See* Freedman Decl. Ex. 1 § 3(a).. |
| 6. | | Defendants' Contention: "Senator Lyman Trumbull explained the purpose of the Act was to "make citizens of everybody born in the United States who owe[d] allegiance to the United States" and "went on to equate 'being subject to our jurisdiction' with 'owing allegiance solely to the United States," ECF 22 at 21.<br><br>Denied: Senator Lyman Trumbull's statement during debate over the Civil Rights Act of 1866 that citizenship is extended to people "owing allegiance to the United States" was immediately followed by the statement: "We cannot make a citizen of the child of a foreign minister who is temporarily residing here" because they do not "owe allegiance. . . ." Lew-Williams Decl. ¶24 |
| 7. | | Defendants' Contention: "Congressional debates over the . . . Fourteenth Amendment also confirm that children born in the United States to non-resident noncitizens lack a right to U.S. citizenship because they are not subject to U.S. jurisdiction. For instance, Representative James Wilson . . . recognized "exceptions" to that general rule for "children born on our soil to temporary sojourners or representatives of foreign governments." ECF 22 at 26. |

| | | |
|---|---|---|
| | | Denied. Representative James Wilson's statement that "children born on our soil to temporary sojourners" are not "natural born citizens" was made during the debate over the Civil Rights Act of 1866, not the debate over the Fourteenth Amendment. Lew-Williams Decl. ¶40. Neither Representative Wilson nor any other legislator made a statement during the Fourteenth Amendment Citizenship Clause ratification debate that the children of "sojourners" would not be citizens. Lew-Williams Dec. ¶¶38, 40-41. There were no comparable statements made during the debate over the Fourteenth Amendment. Lew-Williams Decl. ¶¶37-42 |
| 8. | | <u>Defendants' Contention</u>: "Representative James Wilson explained . . . that, under "the general law relating to subjects and citizens recognized by all nations,"" there are "exceptions" to that general rule for "children born on our soil to temporary sojourners or representatives of foreign governments." ECF 22 at 26.<br><br>Denied. Representative Wilson's extended speech in which he referenced "sojourners" concerned his view that Black people could be citizens under the original constitution, refuting the conclusion of the *Dred Scott* decision; in this context, he observed that the Constitution did not define "citizen" and speculated that "it may be" the case in international law ("general law"), rather than the law of the United States, that "sojourners" were not citizens. Lew Williams Decl. ¶40. |
| 9. | | <u>Defendants' Contention</u>: "Representative James Wilson explained . . . that, under "the general law relating to subjects and citizens recognized by all nations,"" there are |

| | | |
|---|---|---|
| | | "exceptions" to that general rule for "children born on our soil to temporary sojourners or representatives of foreign governments." ECF 22 at 26.<br><br>Denied. Each of the "general law" sources Representative Wilson cited in his speech – former Attorney General Bates, William Rawle, and Sir William Blackstone – recognized that citizenship would extend to the children of "aliens." Lew-Williams Dec. ¶40. |
| 10. | | Defendants' Contention: The Citizenship Clause "uses the term "reside[nce] synonymously with "domicile." ECF 22 at 21.<br><br>Denied. The term "residence" and "domicile" had different meanings at the time of the Fourteenth Amendment's ratification. *See* Freedman Decl. 4 & Ex. 2 (definition of *Residence,* A Law Dictionary: Adapted to the Constitution and Laws of the United States of America (ed. John Bouvier 1860) |
| 11. | | Defendants' Contention: "[t]o be subject to the jurisdiction of the United States under the Clause, a person must owe "no allegiance to any alien power" . . . a person owes a form of "allegiance" to the country in which he is "domiciled." ECF No. 22 at 21-23.<br><br>Denied: At the time of ratification of the Fourteenth Amendment, the term "allegiance" generally referred to a duty to comply with, and enjoyment of the protection of, the law. See Lew-Williams Decl. ¶¶33-34, 41 |

| | | |
|---|---|---|
| 12. | | Defendants' Contention: "noncitizens . . . are not domiciled here but in foreign countries . . . noncitizens formally retain their foreign domiciles. . . . a person owes a form of "allegiance" to the country in which he is "domiciled." ECF 22 at 23.<br><br>Denied: At the time of ratification of the Fourteenth Amendment, all aliens in the United States (other than diplomats and their families), including temporary visitors, were understood to owe "allegiance" to the United States. Lew-Williams Decl. ¶¶33-34 (discussing *Schooner Exchange*, 11 U.S. at 144); Freedman Decl. ¶5 & Ex. 3. |
| 13. | | Defendants' Contention: "A child born of foreign parents other than lawful permanent residents is domiciled in, and owes primary allegiance to, his parents' home country . . . such a child is not subject to the jurisdiction of the United States. . . . those children owe primary allegiance to the countries of their parents' nationalities." ECF No. 22 at 22-23.<br><br>Denied: At the time of ratification of the Fourteenth Amendment, it was generally understood that birth within the United States created "allegiance." Lew-Williams Decl. ¶¶13-14, 33-34; Freedman Decl. ¶¶6-7 & Ex. 4 (Archibald Brown, *A Law Dictionary for the Use of Students and the Legal Profession* 20-21 (1875) & Ex. 5 (Cong. Globe, 39th Cong., 1st Sess. 1262 (1866) (statement of Rep. Broomall)). |

| 14. | | Defendants' Contention: Senator Trumbull wrote to President Andrew Johnson that the Civil Rights Act "declares all persons born of parents domiciled in the United States, except untaxed Indians, to be citizens of the United States." |
| --- | --- | --- |
| | | Denied. Senator Trumbull's public statements during the legislative debate made clear that the children of aliens (other than foreign diplomats) were citizens. Lew-Williams Decl. ¶26. Moreover, President Andrew Johnson understood the Civil Rights Act of 1866 to extend citizenship to the U.S.-born children of all non-diplomatic aliens and cited that in his veto message. Lew-Williams Decl. ¶28. |
| 15. | | Defendants' Contention: "There is no reason to read the phrase 'subject to the jurisdiction thereof" in the [Fourteenth] Amendment as broader than the phrase "not subject to any foreign power" in the [Civil Rights] Act." |
| | | Denied: Following Andrew Johnson's veto of the Civil Rights Act of 1866, and the congressional override of that veto, drafters of the Citizenship Clause made changes from the Civil Rights Act to the language of the Citizenship Clause—making it even broader than that in the Civil Rights Act—as they assumed a less conciliatory attitude toward President Johnson. Lew-Williams Decl. ¶31. |

Dated: July 2, 2025                          Respectfully submitted,


<u>/s/ John A. Freedman</u>                     John C. Yang (D.C. Bar No. 438672)
John A. Freedman (D.C. Bar No. 453075)       Niyati Shah (D.C. Bar No. 1659560)
Sally Pei (D.C. Bar No. 1030194)             Noah Baron (D.C. Bar No. 1048319)
Jonathan L. Stern (D.C. Bar No. 375713)      ASIAN AMERICANS
Ronald D. Lee (D.C. Bar No. 411516)           ADVANCING JUSTICE-AAJC
ARNOLD & PORTER KAYE SCHOLER LLP             1620 L Street, NW, Suite 1050
601 Massachusetts Avenue, N.W.               Washington, D.C. 200036
Washington, D.C. 20001                       (202) 296-2300
(202) 942-5000                               jcyang@advancingjustice-aajc.org
John.Freedman@arnoldporter.com               nshah@advancingjustice-aajc.org
Sally.Pei@arnoldporter.com                   nbaron@advancingjustice-aajc.org
Jonathan.Stern@arnoldporter.com
Ronald.Lee@arnoldporter.com                  Kaitlin Banner (D.C. Bar No. 1000436)
                                             Sarah Bessell (D.C. Bar No. 219254)
                                             Madeleine Gates (D.C. Bar No. 90024645)
                                             WASHINGTON LAWYERS'
                                             COMMITTEE FOR CIVIL RIGHTS
                                             AND URBAN AFFAIRS
                                             700 14th Street, NW, Suite 400
                                             Washington, D.C. 20005
                                             (202) 319-1000
                                             kaitlin_banner@washlaw.org
                                             sarah_bessell@washlaw.org
                                             madeleine_gates@washlaw.org


*Counsel for Plaintiffs*