UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OCA – ASIAN PACIFIC AMERICAN ADVOCATES, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARCO RUBIO, in his official capacity as Secretary of State, *et al.*,<br><br>*Defendants.* | Civil Action No. 1:25-cv-00287 (TJK) |

**DECLARATION OF JOHN A. FREEDMAN**

I, John A. Freedman, hereby declare as follows:

1. I am a member of the bar of this Court and one of the attorneys for the Plaintiffs in this matter. I make this declaration based on my own personal knowledge and my review of documents and filing relevant to this action.

2. I am Senior Pro Bono Counsel at Arnold & Porter Kaye Scholer LLP ("Arnold & Porter"). I am presenting this declaration in support of Plaintiffs' Motion for Partial Summary Judgment.

3. Attached hereto as **Exhibit 1** is a true and correct copy of Executive Order 14160, titled "Protecting the Meaning and Value of American Citizenship," 90 FR 8449 (Jan. 20, 2025). This page is available at: https://www.federalregister.gov/documents/2025/01/29/2025-02007/protecting-the-meaning-and-value-of-american-citizenship.

4. Attached hereto as **Exhibit 2** is a true and correct copy of the definition of "Residence" from A Law Dictionary: Adapted to the Constitution and Laws of the United States of America (ed. John Bouvier 1860).

5.  Attached hereto as **Exhibit 3** is a true and correct copy of the definition of "Allegiance" from A Law Dictionary: Adapted to the Constitution and Laws of the United States of America (ed. John Bouvier 1860).

6.  Attached hereto as **Exhibit 4** is a true and correct excerpt discussing the definition of "Allegiance" from Archibald Brown, *A Law Dictionary for the Use of Students and the Legal Profession* 20-21 (1875).

7.  Attached hereto as **Exhibit 5** is a true and correct copy of the floor speech of Representative Broomall from Cong. Globe, 39th Cong., 1st Sess. 1262 (1866).

8.  In addition to authenticating documents, in the event the Court concludes that Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment is not moot, I submit this declaration pursuant to Federal Rule of Civil Procedure 56(d) in opposition to Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.

9.  Under Rule 56(d), the Court may "defer considering the [summary judgment] motion or deny it" if the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d)(1). Here, Defendants seek summary judgment on all of the claims for relief {in the initial complaint}. Although not stated explicitly, Defendants are apparently seeking judgment based on the factual averments made in the "Introduction" and "Background" sections of their brief, ECF 22 at 1-5, as well as selected factual averments in its argument, ECF 22 at 17-36.

10.  Many of the Government's factual averments are based on facts uniquely in the Government's control; are predicated on disputed factual assertions; or omit material facts relevant to Plaintiffs' claims. For these specific reasons, Plaintiffs cannot present facts essential to justify their opposition to the Defendants' Motion. Undersigned counsel therefore respectfully submit

that discovery with respect to certain facts and certain claims is warranted and necessary, pursuant to Fed. R. Civ. P. 56(d)(2).

11. For example, the Government's motion for summary judgment that the Citizenship Clause does "not hold for children of foreigners admitted temporarily or individuals here illegally," ECF 22 at 2, and that "[t]he Executive Order seeks to correct the Executive Branch's prior misreading of the Citizenship Clause." ECF 22 at 3. But Plaintiffs disagree with the factual premises of those assertions. As set forth in the Amended Complaint, Plaintiffs contend that the Executive Order is, in reality, based on the animus of key government officials against non-white immigrants, who constitute the overwhelming majority of people whose children will be impacted by the Executive Order. See Amended Complaint ¶¶ 96-141, 170-181, 232-257. In other words, the rationales articulated in the Government's brief for the Executive Branch's change in position about birthright citizenship are pretextual. Discovery is necessary to understand the shift in the Government's position on birthright citizenship.

12. Focused discovery is also necessary to show whether discriminatory intent, rather than a desire to "correct the Executive Branch's prior misreading of the Citizenship Clause," was a substantial or motivating factor behind the Executive Order. *See, e.g.*, *Hunter v. Underwood*, 471 U.S. 222, 228 (1985) (highlighting the fact-intensive nature of determinations about the motivation behind official action).

13. The Amended Complaint describes a sampling of the public statements of Defendants exhibiting their animus against non-white immigrants (e.g., Amended Complaint ¶¶ 97-141), but Plaintiffs require discovery to probe and confirm the underlying motivations for these statements. Courts "allow inquiry into motive where a bad one could transform an official's otherwise reasonable conduct" into a constitutional violation. *Crawford-El. v. Britton*, 951 F.2d

3

1314, 1317 (D.C. Cir. 1991). Among the relevant sources of evidence of discriminatory motive are: "The historical background of the decision . . . The specific sequence of events leading up to the challenged decision . . . [and] the legislative or administrative history may be highly relevant, especially where there are contemporary statements by members of the decisionmaking body, minutes of its meetings, or reports . . . ." *Arlington Heights v. Metropolitan*, 429 U.S. 252 (1977).

14. In addition, to oppose the request for summary judgment, Plaintiffs need discovery into the potential discriminatory impact of the Executive Order. Impact is relevant to determining whether there is an Equal Protection violation. *Arlington Heights v. Metropolitan*, 429 U.S. 252, 266 (1977) ("The impact of the official action – whether it bears more heavily on one race than another – may provide an important starting point"). Records in Defendants' possession—specifically, in the possession of the Department of Homeland Security and the Department of State—would be relevant to determining the impact of the Order.

15. Moreover, the Government has failed, to date, to produce any administrative record. In general, it is not appropriate to grant summary judgment to the Government on Administrative Procedure Act claims before production of the full administrative record. *See, e.g., National Resources Defense Council v. Train*, 519 F.2d 287 (D.C. Cir. 1975); *Browder v. Wormuth*, Civil Action No. 18-2411 (TJK), 2024 U.S. Dist. LEXIS 229365, at *16 (D.D.C. Dec. 19, 2024) (denying motion to for summary judgment as "premature" because a court "cannot review a decision under the APA without having the entire administrative record before it") (citaiton omitted). *See generally Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 420 (1971) (reversing grant of summary judgment granted without production of administrative record and noting "review is to be based on the full administrative record").

16. Defendants have nowhere explained their failure to compile an administrative record, which, under Local Rule 7(n), should have been filed, at the latest, "simultaneously" with the filing of their dispositive motion.

17. At a minimum, the information Plaintiffs seek to discover is essential to opposing the Defendants' Motion. Plaintiffs cannot learn the facts necessary to presentation of that opposition, or obtain evidence about them in admissible form, without discovery.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed in Washington, DC on July 2, 2025

                                                   */s/ John A. Freedman*
                                                    John A. Freedman