# DECLARATION OF JANE DOE #2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **OCA- Asian Pacific American Advocates and Jane Doe #1** <br><br> Plaintiffs, <br><br> v. <br><br> **Marco Rubio,** *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-00287 (TJK) |

**DECLARATION OF JANE DOE #2**

I, Jane Doe, declare under penalty of perjury that the following is true and correct:

1. I am over the age of 18 years old and am fully competent to make this declaration.

2. I live in New Jersey with my husband and my son, who is a United States citizen.

3. I am originally from Nepal and still have Nepali citizenship and a Nepali passport. I am not a United States citizen or Lawful Permanent Resident. I am in the United States with Temporary Protected Status ("TPS"), which I have due to the earthquake in Nepal. I have been in the U.S. with this status for almost 10 years.

4. I am pregnant with my second child, who is due later this year. I intend to give birth in the United States.

5. My first son is a U.S. citizen because he was born in the U.S. in 2022.

6. My husband, the father of both of my children, is neither a U.S. citizen nor a Lawful Permanent Resident ("LPR"). He is seeking asylum in the U.S.

7. If the Executive Order on birthright citizenship becomes effective, I am extremely worried about what will happen to my second child once she is born if she is not a U.S. citizen. I am afraid that she will be treated differently from my first child even though they were both born in the U.S. She will not have a U.S. social security card upon birth, and I am not sure how we would identify her for any government purpose. I am concerned that my children would be separated by status, which will make several things harder for our family. My first son, as a U.S. citizen, would hopefully be more protected from immigration officials, but my daughter could end up being arrested by immigration officials without any documentation of her identity or her immigration status. Based on our income, we are eligible for various government benefits including the Supplemental Nutrition Assistance Program or Temporary Assistance for Needy Families. My son, as a U.S. citizen, would be able to access these, but my daughter would not because she would not be a U.S. citizen and we don't know what, if any, kind of immigration status she would even have.

8. We do not currently have any plans to leave the United States. My life is here, my children's future is all here and my only goal is to set them up for success. But if my daughter cannot get status here, we may be forced to seek some kind of status for her in Nepal as a last resort. We have no future in Nepal and do not want to return, and it would be very difficult to get her a Nepali passport. The process as I understand it is difficult, and it would be costly to try and figure out how to prove her identity.

9. I am participating in this lawsuit so that I, along with other individuals who are in the same position, can be assured that our future children will be U.S. Citizens.

10. I am willing to serve as a class representative on behalf of those who are similarly situated to me.

11. I know that if the class is certified, I will be representing more than just myself in this case. I have spoken with the lawyers who represent me about what being a class representative means. I want to help everyone in my situation because we and our families are all harmed by the Executive Order.

12. With all of this being said, I am afraid of using my real name in this lawsuit. Specifically, I fear that if my real name were to be made public in this lawsuit, I and my family could be retaliated against by the U.S. government, the Nepali government, and others.

13. From the U.S. government, I am afraid that if my real name were discovered, I am fearful that I or my husband may face immigration arrest, detention, even though we have tried to do everything legally. Furthermore, my husband is applying for asylum, and if I am publicly named in a lawsuit against the government, I fear that this will damage his case or that the government will deny him asylum because of my involvement. I have heard about the increase in government agents arresting immigrants, and it is making me worried about putting my name out there for the government to know. I am fighting for my rights under the Constitution and for the future of my child, and it scares me to expose myself to the government in any way, especially while I am pregnant. It is very important for me to stay healthy and safe right now and avoid stressful situations for my health and the health of my baby.

14. I am also worried about potential harassment by private individuals and other potential adverse effects. I do not want people in my life such as friends, neighbors, or my husband's coworkers to know about my immigration status. I am concerned that if people find out that I am suing the government, especially over immigration, this could damage their opinion of me and expose me to real risks of harassment given how angry people are at immigrants right now.

15. If I were detained, even for a short period of time, my family would suffer significantly. My husband works and I am the only one who is available to take care of my son, who is only 3 years old. Our family relies on me to be available and present as a caregiver for both him and our daughter when she is born.

16. For these reasons, I am respectfully asking the court to allow me to proceed as plaintiff in this lawsuit under a pseudonym, to protect myself and my family.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 27, 2025

Jane Doe