UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OCA – ASIAN PACIFIC AMERICAN ADVOCATES, JANE DOE #1, BABY DOE #1, and JANE DOE #2<br><br>*Plaintiffs*,<br><br>v.<br><br>MARCO RUBIO, U.S. Secretary of State, in his official capacity; U.S. DEPARTMENT OF STATE; PAMELA BONDI, Attorney General, in her official capacity; U.S. DEPARTMENT OF JUSTICE; KRISTI NOEM, Secretary of Homeland Security, in her official capacity; U.S. DEPARTMENT OF HOMELAND SECURITY; FRANK BISIGNANO, Commissioner of the Social Security Administration, in his official capacity; U.S. SOCIAL SECURITY ADMINISTRATION; and DONALD J. TRUMP, President of the United States, in his official capacity,<br><br>*Defendants.* | Civil Action No. 1:25-cv-00287 (TJK) |

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO THE AMENDED COMPLAINT AND MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs oppose Defendants' untimely request to delay further these proceedings in the form of their Motion for Extension of Time to Respond to the Amended Complaint and Partial Motion for Summary Judgment ("Motion") (ECF No. 32). The Motion is the Defendants' fifth request to delay proceedings, *see* ECF Nos. 13, 15, 16, and 20, and fails to comply with numerous aspects of the Court's January 31, 2025 Standing Order. ECF No. 6. Defendants have not come close to establishing "good cause" required under Federal Rule 6(b)(1), and further delay only compounds the prejudice to Plaintiffs. Moreover, Defendants nowhere acknowledge or address this Court's prior admonitions that "motions for extensions . . . are discouraged," ECF

No. 6 ¶ 10 and that the "Court does not anticipate granting any further extensions." June 2, 2025 Minute Order. For the reasons that follow, the Motion should be denied.

## PROCEDURAL BACKGROUND

1. Plaintiff OCA filed its Complaint (ECF No. 1) on January 30, 2025, and served the Complaint on February 4, 2025. ECF No. 10. Defendants' responsive pleading was originally due on April 7, 2025. ECF No. 10.

2. On April 7, 2025, Defendants sought to "extend the time to respond to Plaintiff's Complaint until April 14, 2025, to file a Motion to Stay the proceedings." ECF No. 13 at 1. Plaintiff consented to extend Defendants' time to file a responsive pleading by 30 days, but did not consent to a motion to stay. *See id.* The Court denied this motion without prejudice. April 9, 2025 Minute Order.

3. On April 11, 2025, Defendants filed another motion for extension of time, seeking to "extend time to respond to Plaintiffs' Complaint until April 14, 2025 . . . ." ECF No. 15 at 1. The Court granted this motion *nunc pro tunc* and ordered Defendants to "answer or otherwise respond to the Complaint by April 14." April 14, 2025 Minute Order.

4. On April 14, Defendants did not answer or file a responsive pleading. Instead, on April 14, 2025, Defendants moved for an indefinite stay of this matter, but alternatively requested to set Defendants' responsive pleading deadline "twenty-one calendar days from issuance" of an order denying the motion to stay. ECF No. 16 at 1; ECF No. 18 at 1.

5. On May 14, 2025, the Court denied the motion for stay, noting that Defendants had not established harm. The Court granted Defendants' alternative request for an extension, ordering that Defendants "answer or otherwise respond to the Complaint by June 4, 2025." ECF No. 19 at 4.

6.      On May 29, 2025, Defendants filed their fourth motion to delay these proceedings, seeking a 21-day extension to respond to the Complaint on June 25, 2025.  ECF No. 20.  The Court granted in part and denied in part Defendants' motion and directed that "Defendants shall answer or otherwise respond to Plaintiffs' Complaint by June 18, 2025."  June 2, 2025 Minute Order. The Court warned that it "does not anticipate granting any further extensions." *Id.*

7.      On June 18, 2025, Defendants filed a Motion to Dismiss Plaintiff's Complaint, and in the Alternative a Motion for Summary Judgment.  ECF No. 22.  For reasons discussed in Plaintiffs' July 2 Memorandum of Opposition to Defendants' Motion for Summary Judgment and in Support of Plaintiffs' Motion for Partial Summary Judgment, that motion failed to comply with Rule 56(c)(1)(A), Local Rule 7(h)(1), and the January 31, 2025 Standing Order (ECF No. 6) ¶ 12, in numerous respects.  Among other things, Defendants had failed to support their motion with declarations, affidavits, or admissible evidence, and had moved on Administrative Procedure Act claims without having produced the relevant administrative records.  *See generally* ECF No. 30-1 at 4-5.

8.      On June 30, 2025, Plaintiffs filed, as of right under Rule 15(a)(1)(B), an Amended Class Action Complaint.  ECF No. 29.  On July 2, 2025, Plaintiffs filed their Motion for Partial Summary Judgment, along with their Memorandum in Opposition to Defendants' Motion for Summary Judgment and in Support of Plaintiffs' Motion for Summary Judgment, and related statements and declarations.  ECF No. 30.

9.      On July 7, 2025, counsel for Defendants wrote by e-mail to counsel for Plaintiffs, stating that under FRCP 15, their response to the amended complaint would be due July 14 and the response to Plaintiffs' motion for partial summary judgment would be due July 15.  Counsel

for Defendants stated, "In the interest of cleaning things up here, I would like to file an extension to review and respond to everything all at once in 30 days by August 14, 2025." *See* Ex. A.

10. Later in the afternoon of July 7, 2025, Plaintiffs' counsel responded:

> Plaintiffs oppose and plan to file a written opposition. While we would ordinarily assent to a reasonable request, (i) we do not consider the request to extend the Government's response time to over six weeks from when the amended complaint and motion for partial summary judgment were filed to be reasonable, particularly in light of the Government's prior requests for extensions and the admonitions in Judge Kelly's January 31 Standing Order and June 2 Minute Order, and (ii) in view of the position the Government took in the Supreme Court in the CASA v. Trump matter, with the resulting nullification of the universal injunctions previously protecting our clients, we need to move as expeditiously as possible for relief and cannot agree to further delay adjudication of this case. While we cannot agree to your request as posed, we are willing to extend the Government's time to file a responsive pleading to the amended complaint to July 16 to allow the Government the option of filing a cross-motion as its responsive pleading.

*See* Ex. B.

11. On the evening of Friday July 11, 2025, at approximately 8:25 pm, Defendants moved for an extension of time to respond to the amended complaint and motion for partial summary judgment with counterstatement of material facts, seeking an extension of time to August 14, 2025. ECF No. 32 at 1.

**ARGUMENT**

12. Plaintiffs filed this case on January 30, 2025. As the Court's January 31 Standing Order provides, motions for extensions "are discouraged." ECF No. 6 ¶ 10. Following the Defendants' fourth request to delay proceedings, this Court wrote, "the Court does not anticipate granting any further extensions." June 2, 2025 Minute Order. The present Motion is nonetheless the Government's fifth request since April 7, 2025 to delay the proceedings.

13. Granting a further extension would be prejudicial to Plaintiffs, particularly in light of the extensions the Court has already granted to Defendants. Plaintiffs have a pending motion

for partial summary judgment that is supported by expert and fact witness declarations and other evidence. Since the question of extensions was last briefed, the Defendants have obtained the vacatur of three nationwide injunctions that were protecting Plaintiffs, and have taken the position (in the Supreme Court arguments concerning other litigation challenges to Executive Order 14160) that, in the absence of a decision from the Supreme Court or a certified nationwide class, court orders invalidating the Executive Order would only be valid as to litigants who brought a particular case or within particular appellate circuits. *See* Transcript of Oral Argument at 30-36, 60-64, *Trump v. CASA* (2025) (No. 24A884). Plaintiffs filed for summary judgment promptly to ensure that the fundamental constitutional rights of newborn and forthcoming children of themselves and their members' children as citizens are honored; as attested to in the declarations of the individual Plaintiffs, the uncertainty is causing considerable mental anguish and stress. *See* ECF Nos. 30-13 ¶¶ 6, 7, 11; 30-15 ¶¶ 7, 13. While one judge has subsequently granted new relief that enjoins Defendants from enforcing Executive Order 14160 anywhere in the United States (which he immediately stayed to enable Defendants to appeal), Defendants contested the validity of that injunction and will undoubtedly seek to invalidate it. *"Barbara" et al. v. Trump et al.*, D. N.H. No. 25-cv-244-JL-AJ (Jul. 10, 2025). The durability and duration of that injunction is therefore uncertain, and that very uncertainty is prejudicial to Plaintiffs. If any of Defendants' requested relief is granted, Plaintiffs and Plaintiff OCA – Asian Pacific American Advocates' members—which include individuals in every state—would be subject to the injury Plaintiffs seeks to prevent through this suit.

14. The reasons Defendants cite for further delay do not come close to meeting the standard for "good cause" required under either the January 31 Standing Order or Federal Rule

of Civil Procedure 6(b)(1)(B).  Instead, Defendants' assertions reflect Defendants' own strategic and staffing decisions (or failure to make decisions), in two critical respects.

15. First, Plaintiffs' Amended Class Action Complaint and Motion for Partial Summary Judgment were a direct response to Defendants' decision on June 18 to file a 37-page dispositive motion contending that "the claims raised by Plaintiffs present purely legal issues . . . .  Defendants submit that the legal question can be resolved through summary judgment briefing at the threshold without any need for fact discovery."  ECF No. 23 at 17 n.1 & at 1.  Defendants did not have to tee up expedited resolution at this juncture; they simply could have filed an answer.  But having chosen to drive this case to expedited resolution, Defendants should not be allowed to unilaterally slow things down.

16. Second, Defendants cite the "short timeframe" to respond to the Amended Complaint and Partial Motion for Summary Judgment, "counsel's current litigation and supervisory responsibilities," and the need to seek internal Justice Department's review and comments.  ECF No. 32 at 3.  While Plaintiffs do not dispute Defendants' counsel's representations about her personal workload, as this Court has noted, the Defendants "are the United States, the richest, most powerful, and best represented litigant to appear before the Court."  ECF No. 19 at 2-3 (citing *Ctr. for Biological Diversity v. Ross*, 419 F. Supp. 3d 16, 21 (D.D.C. 2019)).  As this Court has also noted, the Department of Justice has other lawyers, and "the cases Defendants are already defending concern the same Executive Order,  and the same legal issues, at the heart of this case."  *Id.*  Defendants fail to explain why they have not drawn on their considerable resources to attend to this litigation, especially considering the "short timeframes," of which Defendants were presumably aware (since they are set forth by Federal

Rule 15(a)(3) and Local Rule 7(b)), and this Court's prior admonishments that further extensions in this case will be heavily disfavored.

17. Independently, the request should be denied for Defendants' failure (not for the first time, *see* ECF No. 14) to comply with the requirements of the January 31, 2025 Standing Order to request an extension. The deadline for Defendants' response to the amended complaint is July 14, 2025. Under the Court's Standing Order, the deadline for the government's motion was "at least **four days prior to the deadline** at issue," i.e., July 10, 2025. *See* ECF No. 6 ¶ 10 (bolded text in original). Defendants' motion was filed after the close of business on Friday, July 11. Defendants nowhere explain why they did not promptly file after the Parties conferred on July 7, or why they failed to file by the deadline. In failing to explain, Defendants failed to comply (again) with the requirement in the Standing Order that "[i]f a party cannot comply with this four-day requirement, it shall explain why it cannot do so in its motion." *See id.* Defendants also do not address several of the seven enumerated factors that the Court requires even for a timely request.

18. Finally, Defendants also nowhere explain why an extension shorter than August 14 is not permissible. Defendants' brief cites no court-related obligations after July 16 and no obligations of counsel after July 24. ECF No. 32 at 4.

19. Defendants present no circumstances justifying a further extension of time. Their fifth request to delay proceedings should be denied.

| | |
|---|---|
| Dated: July 14, 2025 | Respectfully submitted, |
| /s/ *John A. Freedman* <br> John A. Freedman (D.C. Bar No. 453075) <br> Sally Pei (D.C. Bar No. 1030194) <br> Jonathan L. Stern (D.C. Bar No. 375713) <br> Ronald D. Lee (D.C. Bar No. 411516) | John C. Yang (D.C. Bar No. 438672) <br> Niyati Shah (D.C. Bar No. 1659560) <br> Noah Baron (D.C. Bar No. 1048319) <br> ASIAN AMERICANS <br> ADVANCING JUSTICE-AAJC |

| | |
|---|---|
| ARNOLD & PORTER KAYE SCHOLER LLP<br>601 Massachusetts Avenue, N.W.<br>Washington, D.C. 20001<br>(202) 942-5000<br>John.Freedman@arnoldporter.com<br>Sally.Pei@arnoldporter.com<br>Jonathan.Stern@arnoldporter.com<br>Ronald.Lee@arnoldporter.com | 1620 L Street, NW, Suite 1050<br>Washington, D.C. 200036<br>(202) 296-2300<br>jcyang@advancingjustice-aajc.org<br>nshah@advancingjustice-aajc.org<br>nbaron@advancingjustice-aajc.org<br><br>Kaitlin Banner (D.C. Bar No. 1000436)<br>Sarah Bessell (D.C. Bar No. 219254)<br>Madeleine Gates (D.C. Bar No. 90024645)<br>WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS<br>700 14th Street, NW, Suite 400<br>Washington, D.C. 20005<br>(202) 319-1000<br>kaitlin_banner@washlaw.org<br>sarah_bessell@washlaw.org<br>madeleine_gates@washlaw.org |

*Counsel for Plaintiffs*