# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OCA – ASIAN PACIFIC AMERICAN ADVOCATES, et. al. | |
| *Plaintiffs*, | |
| v. | Civil Action No. 1:25-cv-00287 (TJK) |
| MARCO RUBIO, U.S. Secretary of State, in his official capacity, et al., | |
| *Defendants.* | |

## PLAINTIFFS' MOTION TO SET CONSOLIDATED BRIEFING SCHEDULE AND FOR OTHER RELIEF

Plaintiffs respectfully move to set a briefing schedule governing the parties' cross-motions for summary judgment and Defendants' motion to dismiss, allowing Plaintiffs to file a single consolidated brief on or before August 13, 2025, the present deadline for Plaintiffs' opposition to Defendants' Motion to Dismiss Plaintiffs' Class Action Amended Complaint or in the Alternative for Summary Judgment, ECF Nos. 34, 35.

## PROCEDURAL BACKGROUND

1.    Plaintiff OCA – Asian Pacific American Advocates filed its Complaint (ECF No. 1) on January 30, 2025, and served the Complaint on February 4, 2025.  ECF No. 10. Defendants' responsive pleading was originally due on April 7, 2025.  ECF No. 10.

2.    After the Defendants requested and received various requests for extensions, *see, e.g.*, ECF Nos. 13, 15, sought to stay these proceedings, ECF No. 16, and then again sought an extension, ECF No. 20, on June 18, 2025, they filed a Motion to Dismiss Plaintiff's Complaint, and in the Alternative a Motion for Summary Judgment.  ECF Nos. 22, 23.

3.    On June 30, 2025, Plaintiffs filed, as of right under Rule 15(a)(1)(B), an Amended Class Action Complaint, ECF No. 29, adding as plaintiffs Jane Doe #1, Baby Doe #1, and Jane

Doe #2.  On July 2, 2025, Plaintiffs filed their Motion for Partial Summary Judgment, along with their Memorandum in Opposition to Defendants' Motion for Summary Judgment and in Support of Plaintiff's Motion for Summary Judgment ("Plaintiffs' Motion"), and related statements and declarations.  ECF No. 30.

4.      On July 11, 2025, Defendants sought an extension from the Court to extend their deadline from July 14, 2025 to August 14, 2025. ECF No. 32. Plaintiffs had opposed the extension but during conferral via e-mail indicated they were willing to consent to extending "the Government's time to file a responsive pleading to the amended complaint to July 16 to allow the Government the option of filing a cross-motion as its responsive pleading." ECF No. 33-2.

5.      The Court granted in part and denied in part Defendants' motion, ordering Defendants to file a "comprehensive response" to Plaintiffs' Amended Complaint by July 30, 2025. July 14, 2025 Minute Order (granting limited extension of additional two weeks). This provided Defendants a streamlined briefing schedule, allowing them to file one brief in support of their Motion to Dismiss and Motion for Summary Judgment and in opposition to Plaintiff's Motion for Partial Summary Judgment.

6.      On July 30, 2025, Defendants filed a combined Motion to Dismiss Plaintiffs' Class Action Amended Complaint or in the Alternative for Summary Judgment, Opposition to Plaintiffs' Motion for Partial Summary Judgment and Memorandum in Support ("Combined Motion"). This document was filed across multiple docket entries as both a dispositive motion, ECF Nos. 34, 35, and as an opposition to Plaintiffs' Motion. ECF No. 36.

7.      At the time of this filing, Plaintiffs have neither sought nor received any extensions.

8.      On August 1, 2025, at approximately 2:15 p.m., counsel for Plaintiffs contacted counsel for Defendants via e-mail to obtain Defendants' position on this motion. Counsel for Plaintiffs provided counsel for Defendants with the proposed briefing schedule set forth below.

9.      On August 1, 2025, at approximately 2:30 p.m., counsel for Defendants responded to counsel for Plaintiffs that Defendants "do not consent or agree to this schedule."

10.     Pursuant to the Local Rules, Plaintiffs' opposition to the Combined Motion is due on August 13, 2025. *See* LCvR 7(b) (opposition due "[w]ithin 14 days of the date of service"). Plaintiffs' reply in support of their Motion for Partial Summary Judgment, which Defendants opposed through their Combined Motion, is due on August 6. See LCvR 7(d) (reply memorandum due "[w]ithin seven days after service of the memorandum in opposition"). Defendants' reply in support of their Combined Motion is due on August 20. See LCvR 7(b).

11.     Plaintiffs' opposition to the Combined Motion and Plaintiffs' reply in support of their Motion for Partial Summary judgment would address substantially the same legal and factual issues, though Plaintiffs' opposition would address a handful of additional legal issues not implicated in Plaintiffs' reply.

## ARGUMENT

12.     In the interest of judicial economy and the sound administration of the Court's and the parties' resources, the Court should consolidate the briefing schedule, as it did previously, *see* July 14, 2025 Minute Order, such that Plaintiffs need file only one brief, a combined opposition to Defendants' Combined Motion and reply in support of Plaintiffs' Motion, and Defendants may file a combined reply in support of their Combined Motion.

13.     The Court has authority to do so, as it "enjoys broad discretion in managing its docket and determining the order in which a case should proceed." *Grimes v. District of*

*Columbia*, 794 F.3d 83, 90 (D.C. Cir. 2015). That includes the timing for briefing on summary judgment. *See* Fed. R. Civ. P. 56(b), Committee Notes ("Scheduling orders or other pretrial orders can regulate timing to fit the needs of the case.").

14.     The Court should exercise that authority here because requiring the Court to review, and the parties to brief, essentially the same legal issues in separate briefs would not be "in the interest of the sound administration of judicial—and the parties'—resources." *Am. Hosp. Ass'n v. U.S. Dep't of Health & Human Servs.*, Civil Action No. 18-2112 (JDB), 2018 U.S. Dist. LEXIS 187624, at *7 (D.D.C. Nov. 2, 2018).[1]

15.     For example, without a combined briefing schedule, Plaintiffs would submit a total of 70 pages, many of which would address identical factual and legal issues. *See* LCrR 7(e) (setting a limit of 45 pages for a brief in opposition and 25 pages for a reply brief). Instead, Plaintiffs propose submitting only a total of 55 pages of briefing.

16.     Instead of subjecting the Court and the parties to this duplicative work, Plaintiffs propose the following combined briefing schedule and page limits:

| Filing | Page Limit | Deadline |
|---|---|---|
| Plaintiffs' Combined Opposition to Defendants' Motion to Dismiss Plaintiffs' Class Action Amended Complaint or in the Alternative for Summary Judgment and Reply in Support of Plaintiffs' Motion for Partial Summary Judgment | 55 pages | August 13, 2025 |
| Defendants' Combined Reply in Support of Defendants' Motion to Dismiss Plaintiffs' Class Action Amended Complaint or in the Alternative for Summary Judgment | 25 pages | August 20, 2025 |

---

[1] This also constitutes "good cause" for an extension, to the extent the Court deems this a motion for an extension governed by paragraph 10 of the Standing Order, ECF No. 6, and Federal Rule of Civil Procedure 6(b)(1). *Cf. Day v. D.C. Dep't of Consumer & Regulatory Affairs*, 191 F. Supp. 2d 154, 160 (D.D.C. 2002) ("good cause" for *nunc pro tunc* extension of time where doing so would not prejudice other party or "interfere with the fair administration of justice"); *Est. of Babbitt v. United States*, No. 24-cv-0033-BAS-DDL, 2024 U.S. Dist. LEXIS 41337, at *3 (S.D. Cal. Mar. 7, 2024) ("Judicial economy and resource waste offer good reasons to extend Defendant's time to respond."). Granting this motion would also serve to construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of" this proceeding. Fed. R. Civ. P. 1.

17.    Adopting this briefing schedule will conserve the Court's, and the parties',

resources by reducing the workload of everyone involved and eliminating unnecessary

duplicative briefing.

**CONCLUSION**

For the foregoing reasons, the Court should (1) order the above schedule for briefing on

the parties' cross-motions; and (2) grant the request to extend page limits for all briefs identified

in that schedule.


Dated: August 1, 2025                        Respectfully submitted,

                                             */s/ Noah Baron*

John A. Freedman (D.C. Bar No. 453075)       John C. Yang (D.C. Bar No. 438672)
Sally Pei (D.C. Bar No. 1030194)             Niyati Shah (D.C. Bar No. 1659560)
Jonathan L. Stern (D.C. Bar No. 375713)      Noah Baron (D.C. Bar No. 1048319)
Ronald D. Lee (D.C. Bar No. 411516)          ASIAN AMERICANS
ARNOLD & PORTER KAYE SCHOLER LLP             ADVANCING JUSTICE-AAJC
601 Massachusetts Avenue, N.W.               1620 L Street, NW, Suite 1050
Washington, D.C. 20001                       Washington, D.C. 200036
(202) 942-5000                               (202) 296-2300
John.Freedman@arnoldporter.com               jcyang@advancingjustice-aajc.org
Sally.Pei@arnoldporter.com                   nshah@advancingjustice-aajc.org
Jonathan.Stern@arnoldporter.com              nbaron@advancingjustice-aajc.org
Ronald.Lee@arnoldporter.com

                                             Kaitlin Banner (D.C. Bar No. 1000436)
                                             Sarah Bessell (D.C. Bar No. 219254)
                                             Madeleine Gates (D.C. Bar No. 90024645)
                                             WASHINGTON LAWYERS' COMMITTEE
                                             FOR CIVIL RIGHTS AND URBAN
                                             AFFAIRS
                                             700 14th Street, NW, Suite 400
                                             Washington, D.C. 20005
                                             (202) 319-1000
                                             kaitlin_banner@washlaw.org
                                             sarah_bessell@washlaw.org
                                             madeleine_gates@washlaw.org
                                             *Counsel for Plaintiffs*