## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OCA – ASIAN PACIFIC AMERICAN ADVOCATES, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> MARCO RUBIO, in his official capacity as Secretary of State, *et al.*, <br><br> *Defendants.* | Civil Action No. 1:25-cv-00287 (TJK) |

### PLAINTIFFS' REPLY TO DEFENDANTS' COUNTER-STATEMENT TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE (ECF 36-1)

Pursuant to Federal Rule of Procedure 56(c), Local Rule 7(h), and Paragraph 12(c) of the January 31, 2025 Standing Order (ECF 6), Plaintiffs hereby submit the attached reply to Defendants' Counter-Statement of Disputed Facts. Plaintiffs note the following:

1.    Defendants' Counter-Statement of Disputed Facts (ECF 36-1) did not identify any additional facts.  Rather, it is limited to responding to the 147 facts that Plaintiffs identified in Plaintiffs' Rule 56 Statement of Material Facts Not in Dispute (ECF 30-3).

2.    In conjunction with the 106 facts that Defendants dispute in Defendants' Counter-Statement of Disputed Facts, Defendants failed to comply with Federal Rule of Procedure 56(c)(1), which requires "citing to particular parts of materials in the record, including depositions, documents, electronically stored documents, affidavits or declarations . . . " to support Defendants' assertion that the fact is "genuinely disputed."

3.    Similarly, in conjunction with the 106 facts that Defendants dispute in Defendants' Counter-Statement of Disputed Facts, Defendants failed to comply with Local Rule 7(h), which requires including "references to the parts of the record relied upon" to dispute "the statement."

4.      In conjunction with the 106 facts that Defendants dispute in Defendants' Counter-Statement of Disputed Facts, Defendants also failed to comply with Paragraph 12(b) of the January 1, 2025 Standing Order, in that Defendants failed "to provide specific citations to the record" to support their denials, or to provide "appropriate citations" where facts are disputed in part. Defendants also failed to comply with Paragraph 12(b)'s requirement that "the opposing party shall promptly provide an electronic copy in editable format to the moving party."

5.      Defendants cannot satisfy their obligations under Rule 56 by incorporating by reference their four so-called "General Objections," for several discrete reasons.

a.   Defendants' form objections and the specific responses that rely on them fail to comport with Rule 56(c), which "explicitly requires a party opposing summary judgment to support an assertion that a fact is generally disputed with materials in the record." *Oviedo v. Wash. Metro Transit Authority*, 948 F. 3d 386, 396 (D.C. Cir. 2020). "Under Rule 56(c)(1), a party seeking to dispute a fact supported by competent evidence must either show that the proffered evidence "does not establish the absence . . . of a genuine dispute" or "cite to particular parts of materials in the record controverting the proffered evidence." *Shapiro v. U.S. Dept. of Justice*, 507 F. Supp. 3d 283, 304 (D.D.C. 2020) (cleaned up). Where a party's counterstatement of material fact "rather than seriously addressing the substance of each asserted fact" provides a boilerplate response that a fact is "disputed and not material," that party's response "demonstrates so little care and it is so devoid of evidentiary support that it is properly treated as a nullity." *Id.* at 304. "A party opposing a motion for summary judgment may not rest upon the mere allegation or denials of the adverse party's pleading,

but . . . must set forth specific facts showing that there is a genuine issue for trial." *Jackson v. Finnegan, Henderson, Farabow, Farrett*, 101 F.3d 145, 150 (D.C. Cir. 1996) (citing Rule 56(e) and affirming summary judgment against party whose counterstatement of fact was "devoid of citations to the record, depositions, or affidavits").

b.  Defendants' form objections are not tailored to, and in many cases, have no relevance to the contested factual assertion.  For example, Defendants invoke objection no. 1 (that something is a not a "material" fact) as to 79 separate asserted facts, and objection no. 2 (that something is a "legal conclusion") as to 50 separate asserted facts.  Plaintiffs supported each of these facts with competent evidence—in most cases, a sworn declaration. And many of the objected-to propositions are clearly factual in nature, such as historical events, statements people made leading up to the passage of the Fourteenth Amendment (Nos. 103-110, 114-119, 121-124, 127-146), descriptions of key terms, characteristics, or demographics of various immigration programs (Nos. 41-44, 51-57, 62, 65, 68, 71-73), or descriptions of the eligibility requirements for various benefit programs relevant to the assessment of the impact of the Executive Order on Plaintiffs and other members of the class (Nos. 77-88, 91-96).  Defendants nowhere explain why the particular objected-to facts are not material.

c.  Defendants' General Objection No. 4 (that Plaintiffs have supposedly failed to consider subsequent agency guidance) fails to comply with Rule 56(c), in that Defendants have not cited to the record to support their assertion that the fact is

disputed. Nor have they presented their dispute in a form that would be admissible in evidence. Defendants simply list hyperlinks where they assert that "agency guidance issued by various departments" can be "found."

6.      In conjunction with the 26 facts where Defendants purport to partially dispute an unspecified portion of the fact to a certain unspecified "extent," (Nos. 2, 4-7, 14-21, 80-88, 90-93), Defendants' responses fail to satisfy Rule 56(c) or Standing Order (ECF 6) Paragraph 12(b) which require that where a "fact is admitted in part and denied in part," the party must to "specifically identify which parts are admitted and which are denied, with appropriate citations to the record." Defendants neither specify which parts are denied nor do they support the denial with any citations to the record.

| Plaintiffs' Statement of Material Facts Not in Dispute | | |
|---|---|---|
| **Plaintiffs' Material Fact** (ECF 30-3) | **Defendants' Response** (ECF 36) | **Plaintiffs' Reply** |
| The Executive Order | | |
| 1.  On January 20, 2025, President Trump signed an Executive Order ("EO") called "Protecting the Meaning and Value of American Citizenship."  (**Freedman Decl. ¶4, Ex. 1**) | Undisputed. | |
| 2.  The EO purports to interpret the clause "subject to the jurisdiction thereof" in the Citizenship Clause of the Fourteenth Amendment. (***See* Freedman Decl. ¶4, Ex. 1**) | Disputed to the extent this is an incomplete statement and is a conclusion of law subject to general objection no. 2. Defendants refer to the EO for its full and accurate contents. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). |

| | | | Additionally, Defendants' response fails to comply with Standing Order Paragraph 12(b) where a "fact is admitted in part and denied in part," which requires the party to "specifically identify which parts are admitted and which are denied, with appropriate citations to the record." |
|---|---|---|---|
| 3. | Section 1 of the EO, titled "Purpose," states that "[t]he Fourteenth Amendment has always excluded from birthright citizenship persons who were born in the United States but not 'subject to the jurisdiction thereof.'" **(Freedman Decl. ¶4, Ex. 1)** | Undisputed. | |
| 4. | Section 1 further states that "the privilege of United States citizenship does not automatically extend" to a child born in the United States if, at the time of their birth, their father was neither a U.S. citizen nor a lawful permanent resident and either (i) their mother was either "unlawfully present in the United States" or (ii) their "mother's presence in the United States was lawful but temporary." **(Freedman Decl. ¶4, Ex. 1)** | Disputed to the extent Plaintiffs' characterization may be read in any other way than that of the actual text set forth here: "the privilege of United States citizenship does not automatically extend to persons born in the United States: (1) when that person's mother was unlawfully present in the United States and the father was not a United States citizen or lawful permanent resident at the time of said person's birth, or (2) when that person's mother's presence in the United States at the time of said person's birth was lawful but temporary (such as, but not limited to, visiting the United States under the auspices of the Visa Waiver Program or visiting | Defendants have failed to properly address this assertion of fact as required by Rule 56. Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). Additionally, Defendants' response fails to comply with Standing Order Paragraph 12(b) where a "fact is admitted in part and denied in part," which requires the party to "specifically identify which parts are admitted and which are denied, with appropriate citations to the record." |

| | | | |
|---|---|---|---|
| | | on a student, work, or tourist visa) and the father was not a United States citizen or lawful permanent· resident at the time of said person's birth." *See* Executive Order 14159 ("Citizenship EO") | |
| 5. | Section 2 declares the policy of the United States government. (*See* **Freedman Decl. ¶4, Ex. 1**.) | Disputed to the extent Plaintiffs' characterization may be read in any other way except that of the actual text set forth here: "Sec. 2. Policy. (a) It is the policy of the United States that no department or agency of the United States government shall issue documents recognizing United States citizenship, or accept documents issued by State, local, or other governments or authorities purporting to recognize United States citizenship, to persons: (1) when that person's mother was unlawfully present in the United States and the person's father was not a United States citizen or lawful permanent resident at the time of said person's birth, or (2) when that person's mother's presence in the United States was lawful but temporary, and the person's father was not a United States citizen or lawful permanent resident at the time of said person's birth. (b) Subsection (a) of this section shall apply only to persons who are born within the United States after 30 days from the date of this order. (c) Nothing in this order shall be | Defendants have failed to properly address this assertion of fact as required by Rule 56. Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).<br><br>Additionally, Defendants' response fails to comply with Standing Order Paragraph 12(b) where a "fact is admitted in part and denied in part," which requires the party to "specifically identify which parts are admitted and which are denied, with appropriate citations to the record." |

| | | construed to affect the entitlement of other individuals, including children of lawful permanent residents, to obtain documentation of their United States citizenship." | |
|---|---|---|---|
| 6. | Section 2 states that no federal department or agency "shall issue documents recognizing United States citizenship, or accept documents issued by State, local, or other governments or authorities purporting to recognize United States citizenship" to a person whose mother was unlawfully present or lawfully present with only temporary status and whose father was neither a United States citizen nor lawful permanent resident at the time of that person's birth. (**Freedman Decl. ¶4, Ex. 1**) | Disputed to the extent Plaintiffs' characterization may be read in any other way than that of the actual text set forth here: "no department or agency of the United States government shall issue documents recognizing United States citizenship, or accept documents issued by State, local, or other governments or authorities purporting to recognize United States citizenship, to persons: (1) when that person's mother was unlawfully present in the United States and the person's father was not a United States citizen or lawful permanent resident at the time of said person's birth, or (2) when that person's mother's presence in the United States was lawful but temporary, and the person's father was not a United States citizen or lawful permanent resident at the time of said person's birth." *See* "Citizenship EO". | Defendants have failed to properly address this assertion of fact as required by Rule 56. Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).<br><br>Additionally, Defendants' response fails to comply with Standing Order Paragraph 12(b) where a "fact is admitted in part and denied in part," which requires the party to "specifically identify which parts are admitted and which are denied, with appropriate citations to the record." |
| 7. | Section 2(b) provides that Section 2 applies only to persons who are born in the United States on or after 30 days from the date of the order, *i.e.,* February 19, 2025. (**Freedman Decl. ¶4, Ex. 1**.) | Disputed to the extent Plaintiffs' characterization may be read in any other way except that of the actual text set forth here: "(b) Subsection (a) of this section shall apply only to persons who are born within the United States | Defendants have failed to properly address this assertion of fact as required by Rule 56. Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule |

| | | after 30 days from the date of this order." | 56(c)(2) and is not supported as required by Rule 56(c)(1).<br><br>Additionally, Defendants' response fails to comply with Standing Order Paragraph 12(b) where a "fact is admitted in part and denied in part," which requires the party to "specifically identify which parts are admitted and which are denied, with appropriate citations to the record." |
|---|---|---|---|
| 8. | Section 3 of the EO addresses enforcement. (**See Freedman Decl. ¶4, Ex. 1**.) | Undisputed. | |
| 9. | Section 3(a) of the EO directs the Secretary of State, the Attorney General, the Secretary of Homeland Security, and the Commissioner of Social Security to "take all appropriate measures to ensure that the regulations and policies of their respective departments and agencies are consistent with this order" and that "no officers, employees, or agents of their respective departments and agencies act, or forbear from acting, in any manner inconsistent with" the EO. (**Freedman Decl. ¶4, Ex. 1**.) | Undisputed. | |
| 10. | Section 3(b) of the EO directs the heads of all executive departments and agencies to issue public guidance regarding implementation of the EO with respect to their operations and activities. (**Freedman Decl. ¶4, Ex. 1**.) | Undisputed. *See* agency guidance issued to date *supra*. | |

| | | Plaintiff OCA | |
|---|---|---|---|
| 11. | OCA is a membership-based organization with both national headquarters and local chapters. (**Nguyen Decl. ¶3.**) | Undisputed. | |
| 12. | OCA's mission is to advance the social, political, and economic well-being of Asian Americans, Native Hawaiians, and Pacific Islanders ("AANHPIs"). (**Nguyen Decl. ¶4.**) | Undisputed. | |
| 13. | OCA has over 1,700 voting members who all pay dues. These members either join at large or join their local chapter, in which case their dues are split 50-50 between their local chapter and our national headquarters. These voting members also have the right to vote for their local chapter leadership, such as a board of directors and certain officers such as the President and Treasurer. The local chapter leadership in turn determines the composition of the National Board, which sets the mission and policies of the organization. (**Nguyen Decl. ¶5.**) | Undisputed. | |
| 14. | In return for OCA members' active and robust participation through votes and dues, OCA provides services and programming, including education programs to further financial and legal literacy and personal wellness; mentorship and internship programs; and trainings around civic advocacy. OCA also convenes its | Disputed as to the number of local chapters. https://www.ocanational.org/oca-chapters | Defendants have failed to properly address this assertion of fact as required by Rule 56. The website cited by Defendants lists 35 chapters in 21 U.S. jurisdictions. Defendants have failed to substantiate the basis for disputing this fact. |

| | | | |
|---|---|---|---|
| | membership at national conferences and summits where members have an opportunity to make social and professional connections across its 35 local chapters and affiliates. (**Nguyen Decl. ¶7.**) | | |
| 15. | OCA provides subgrants to individual chapters and the heads of each local chapter serve on our national board. These subgrants are one of OCA's most important relationships with their local chapters as OCA funds specific projects or initiatives that are important for the social and political development of that specific AANHPI community. (**Nguyen Decl. ¶8.**) | Disputed to the extent these are not publicly listed services on Plaintiffs' website. https://www.ocanational.org/programs-overview | Defendants have failed to properly address this assertion of fact as required by Rule 56. Pursuant to Rule 56(c)(2), Defendants have not presented their dispute in a form that would be admissible in evidence. |
| 16. | For instance, many of OCA's chapters provide naturalization and citizenship application support. This furthers OCA's mission by allowing its members to gain access to the important political, social, and financial benefits of U.S. citizenship. (**Nguyen Decl. ¶9.**) | Disputed to the extent this is not a publicly listed service on Plaintiffs' website. https://www.ocanational.org/programs-overview | Defendants have failed to properly address this assertion of fact as required by Rule 56. Pursuant to Rule 56(c)(2), Defendants have not presented their dispute in a form that would be admissible in evidence. |
| 17. | Reflecting the mission of OCA, its membership includes noncitizens who are in the United States on many forms of temporary and nonimmigrant visas. Their future children would be deprived of birthright citizenship if this Order is allowed to stand. (**Nguyen Decl. ¶10.**) | Disputed to the extent Plaintiffs' statement is speculative and makes a legal conclusion it is subject to general objections nos. 2 and 3. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). Additionally, Defendants' response fails to comply with |

| | | |
|---|---|---|
| | | Standing Order Paragraph 12(b) where a "fact is admitted in part and denied in part," which requires the party to "specifically identify which parts are admitted and which are denied, with appropriate citations to the record." |
| 18. | Allowing the Order to take effect would affect OCA itself. OCA's local chapters would face a massive increase in demand for their naturalization and application services. In part, that is because OCA chapters would need to provide assistance for immigration services for U.S.-born children of their members, who would otherwise received birthright citizenship. (**Nguyen Decl. ¶¶10, 12.**) | Disputed to the extent that Plaintiffs assertions are conclusions of law, not supported by admissible evidence and speculates about a "massive increase" in demand for services is based on mere conjecture absent a tangible basis in fact- all of which are subject to general objections 1, 2 and 3. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). Additionally, Defendants' response fails to comply with Standing Order Paragraph 12(b) where a "fact is admitted in part and denied in part," which requires the party to "specifically identify which parts are admitted and which are denied, with appropriate citations to the record." |
| 19. | The increase in demand for OCA chapters' naturalization and citizenship application services will require greater support from the national OCA organization. To adequately support its chapters, OCA would need to develop guidance for these services, such how to approach getting birth certificates or other documents for | Disputed due to Plaintiffs' speculation about a "massive increase" in demand for services is based on mere conjecture absent a tangible basis in fact and is a conclusion of law as opposed to a statement of fact subject to general objection no. 2. Disputed as to Plaintiffs' purported activities, reviewing OCA's own | Defendants have failed to properly address this assertion of fact as required by Rule 56. Pursuant to Rule 56(c)(2), Defendants have not presented their dispute in a form that would be admissible in evidence. |

| | | |
|---|---|---|
| | U.S.-born children who are subject to the Order. Providing this support will require OCA to divert staff time from other important work—such as mental health and caregiving access, or digital literacy—to creating and distributing the guidance. OCA would not be able to hire additional staff dedicated to developing or distributing the guidance in light of the limited funding available for this type of work. As a result, OCA would need to do more work with the same amount of limited funds. **(Nguyen Decl. ¶¶10, 12.)** | website and annual report, there appears to be no mention of these services being offered throughout the entity. Generally, the website refers to actively litigating or providing internet access to immigrant/elder communities but makes no mention of immigration assistance. Further, there is no mention of immigration resources in the organizations 2024 report.<br><br>https://www.ocanational.org/policy-platform<br><br>The statements in item 19, also violates the Court's standing order- see general objection no. 4. | |
| 20. | If OCA's chapters cannot meet this increased demand, that harms OCA's ability to fulfill its mission, which OCA sets at the national level and which chapters agree to work towards. Advancing the immigrant rights of AANHPI individuals is a core part of OCA's mission, especially given the history of Asian migration to the United States and OCA's beginnings as an organization founded by Chinese immigrants. **(Nguyen Decl. ¶14.)** | Disputed to the extent this is advertised as a core part of OCA's mission.<br>https://www.ocanational.org/policy-platform<br>Plaintiff speculates about a "massive increase" in demand for services is a conclusion of law based on mere conjecture absent a tangible basis in fact. See general objection no. 2. And item no. 20 violates the Court's standing order as particularized in general objection no. 3. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Pursuant to Rule 56(c)(2), Defendants have not presented their dispute in a form that would be admissible in evidence. |
| 21. | Even if these consequences are short-lived or temporary, they will require a fast mobilization of OCA's services, which drains OCA's resources. It is impossible to know whether the affected | Disputed as these statements are conclusions of law and Plaintiff speculation about a "massive increase" in demand for services is based on mere conjecture absent a tangible basis in fact all | Defendants have failed to properly address this assertion of fact as required by Rule 56. Pursuant to Rule 56(c)(2), Defendants have not presented their dispute in a form that |

| | | | |
|---|---|---|---|
| | members will ultimately have their legal status rectified and OCA currently has no guidance for either its chapters or members on how they should approach getting birth certificates or other documents for their U.S.-born children who are subject to the Order. (**Nguyen Decl. ¶14.**) | subject to general objection no. 2 and no. 3 for failing to comply with the Court's standing order. | would be admissible in evidence. |
| 22. | OCA has identified two members, Member A and her husband, willing to have their circumstances discussed in the lawsuit. Member A gave birth to a child in the United States after February 19, 2025. Member A has nonimmigrant visa (J visa) status in the United States and is here for educational purposes. Member A's husband, who is also the father of Member A's child, is neither a U.S. citizen nor lawful permanent resident. (**Nguyen Decl. ¶14.**) | Disputed as member A has not been identified and to the extent discovery has not started, nor have any stipulations been entered, Defendants are unable to confirm any of the facts currently asserted about Member A, absent the opportunity for discovery. Also, statements are Disputed because they fail to comply with the Court's standing order as stated in general objection no. 3. | Defendants have failed to properly address this assertion of fact as required by Rule 56. To the extent Defendants now contend that they do not have adequate access to facts not in their possession to dispute this proposition, that is inconsistent with positions they have previously taken in this case (*e.g.,* ECF 18 at 3 (seeking summary judgment asserting the case "will not turn on witness testimony or other evidence") and procedurally improper: Defendants should have filed a declaration under Rule 56(d). |
| | Plaintiffs Jane Doe #1 and Baby Doe #1 | | |
| 23. | Jane Doe #1 is not a U.S. citizen or Legal Permanent Resident. (**Jane Doe #1 Decl. ¶3**). | Disputed as Jane Doe# 1 is a pseudonym and to the extent discovery has not started, nor have any stipulations been entered, Defendants are unable to confirm any of the facts currently asserted about Jane Doe #1, absent the opportunity for discovery. "[I]f proceeding | Defendants have failed to properly address this assertion of fact as required by Rule 56. To the extent Defendants now contend that they do not have adequate access to facts not in their possession to dispute this proposition, that is |

| | | pseudonymously is allowed, the court must provide appropriate procedures to ensure full fairness in the process." *In re Sealed Case*, 971 F.3d 324, 326 n. 1 (D.C. Cir. 2020). | inconsistent with positions they have previously taken in this case (*e.g.,* ECF 18 at 3 (seeking summary judgment asserting the case "will not turn on witness testimony or other evidence") and procedurally improper: Defendants should have filed a declaration under Rule 56(d). |
|---|---|---|---|
| 24. | Jane Doe #1 is present in the United States with "U" nonimmigrant status, which she has held since 2021. (**Jane Doe #1 Decl. ¶3.**) | Disputed as Jane Doe# 1 is a pseudonym and to the extent discovery has not started, nor have any stipulations been entered, Defendants are unable to confirm any of the facts currently asserted about Jane Doe #1, absent the opportunity for discovery. See ECF No. 28. "[I]f proceeding pseudonymously is allowed, the court must provide appropriate procedures to ensure full fairness in the process." *In re Sealed Case*, 971 F.3d 324, 326 n. 1 (D.C. Cir. 2020). | Defendants have failed to properly address this assertion of fact as required by Rule 56. To the extent Defendants now contend that they do not have adequate access to facts not in their possession to dispute this proposition, that is inconsistent with positions they have previously taken in this case (*e.g.,* ECF 18 at 3 (seeking summary judgment asserting the case "will not turn on witness testimony or other evidence") and procedurally improper: Defendants should have filed a declaration under Rule 56(d). |
| 25. | Jane Doe #1 gave birth to her third child, Baby Doe #1, after February 19, 2025. (**Jane Doe #1 Decl. ¶4**). | Disputed as Jane Doe # 1 is a pseudonym and to the extent discovery has not started, nor have any stipulations been entered, Defendants are unable to confirm any of the facts currently asserted about. Jane Doe #1, absent the opportunity for discovery. "[I]f proceeding | Defendants have failed to properly address this assertion of fact as required by Rule 56 To the extent Defendants now contend that they do not have adequate access to facts not in their possession to dispute this proposition, that is |

| | | pseudonymously is allowed, the court must provide appropriate procedures to ensure full fairness in the process.'' *In re Sealed Case*, 971 F.3d 324, 326 n. 1 (D.C. Cir. 2020). | inconsistent with positions they have previously taken in this case (*e.g.,* ECF 18 at 3 (seeking summary judgment asserting the case "will not turn on witness testimony or other evidence") and procedurally improper: Defendants should have filed a declaration under Rule 56(d). |
|---|---|---|---|
| 26. | Jane Doe #1 gave birth to Baby Doe #1 in the state of California. (**Jane Doe #1 Supp. Decl. ¶5.**) | Disputed as Jane Doe # 1 is a pseudonym and to the extent discovery has not started, nor have any stipulations been entered, Defendants are unable to confirm any of the facts currently asserted about Jane Doe #1, absent the opportunity for discovery. "[I]f proceeding pseudonymously is allowed, the court must provide appropriate procedures to ensure full fairness in the process." *In re Sealed Case*, 971 F.3d 324, 326 n. 1 (D.C. Cir. 2020). | Defendants have failed to properly address this assertion of fact as required by Rule 56. To the extent Defendants now contend that they do not have adequate access to facts not in their possession to dispute this proposition, that is inconsistent with positions they have previously taken in this case (*e.g.,* ECF 18 at 3 (seeking summary judgment asserting the case "will not turn on witness testimony or other evidence") and procedurally improper: Defendants should have filed a declaration under Rule 56(d). |
| 27. | Jane Doe #1 is the mother of two other children with her husband, both of whom were born in the United States prior to February 19, 2025, and therefore are U.S. citizens. (**Jane Doe #1 Decl. ¶4.**) | Disputed as Jane Doe # 1 is a pseudonym and to the extent discovery has not started, nor have any stipulations been entered, Defendants are unable to confirm any of the facts currently asserted about Jane Doe #1, absent the opportunity for discovery. See ECF No. 28. "[I]f | Defendants have failed to properly address this assertion of fact as required by Rule 56. To the extent Defendants now contend that they do not have adequate access to facts not in their possession to dispute this proposition, that is |

| | | | |
|---|---|---|---|
| | | proceeding pseudonymously is allowed, the court must provide appropriate procedures to ensure full fairness in the process." *In re Sealed Case*, 971 F.3d 324, 326 n. 1 (D.C. Cir. 2020). | inconsistent with positions they have previously taken in this case (*e.g.,* ECF 18 at 3 (seeking summary judgment asserting the case "will not turn on witness testimony or other evidence") and procedurally improper: Defendants should have filed a declaration under Rule 56(d). |
| 28. | Jane Doe #1's husband is the father of Baby Doe #1. Jane Doe #1's husband is neither U.S. citizen nor a Legal Permanent Resident. (**Jane Doe #1 Decl. ¶5.**) | Disputed as Jane Doe# 1 is a pseudonym and to the extent discovery has not started, nor have any stipulations been entered, Defendants are unable to confirm any of the facts currently asserted about Jane Doe #1, absent the opportunity for discovery. See ECF No. 28. "[I]f proceeding pseudonymously is allowed, the court must provide appropriate procedures to ensure full fairness in the process." *In re Sealed Case*, 971 F.3d 324, 326 n. 1 (D.C. Cir. 2020). | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>To the extent Defendants now contend that they do not have adequate access to facts not in their possession to dispute this proposition, that is inconsistent with positions they have previously taken in this case (*e.g.,* ECF 18 at 3 (seeking summary judgment asserting the case "will not turn on witness testimony or other evidence") and procedurally improper: Defendants should have filed a declaration under Rule 56(d). |
| 29. | As a result of the Executive Order, Jane Doe #1 has experienced significant fear about what may happen if Baby Doe #1 is deprived of citizenship, including concern that her son or family may be subject to immigration enforcement and that her son will have fewer opportunities in the | Disputed as Jane Doe # 1 is a pseudonym and to the extent discovery has not started, nor have any stipulations been entered, Defendants are unable to confirm any of the facts or the state of mind currently asserted about Jane Doe #1, absent the opportunity for discovery. See | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>To the extent Defendants now contend that they do not have adequate access to facts not in their possession to dispute this proposition, that is |

| | | | |
|---|---|---|---|
| | United States. (**Jane Doe #1 Decl. ¶¶6, 7.**) | ECF No. 28. ",[I]f proceeding pseudonymously is allowed, the court must provide appropriate procedures to ensure full fairness in the process." *In re Sealed Case*, 971 F.3d 324, 326 n. 1 (D.C. Cir. 2020). | inconsistent with positions they have previously taken in this case (*e.g.,* ECF 18 at 3 (seeking summary judgment asserting the case "will not turn on witness testimony or other evidence") and procedurally improper: Defendants should have filed a declaration under Rule 56(d). |
| 30. | Jane Doe #1 is also concerned that, should the Executive Order take effect, she and her husband will need to take steps to secure legal status for Baby Doe #1 in the United States, which she believes will entail a substantial time commitment and financial cost. (**Jane Doe #1 Supp. Decl. ¶6.**) | Disputed as Jane Doe # 1 is a pseudonym and to the extent discovery has not started,. nor have any stipulations been entered, Defendants are unable to confirm any of the facts or state of mind currently asserted about Jane Doe #1, absent the opportunity for discovery. See ECF No. 28. "[I]f proceeding pseudonymously is allowed, the court must provide appropriate procedure to ensure full fairness.in the process." *In re Sealed Case*, 971 F.3d 324, 326 n. l (D.C. Cir. 2020). | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>To the extent Defendants now contend that they do not have adequate access to facts not in their possession to dispute this proposition, that is inconsistent with positions they have previously taken in this case (*e.g.,* ECF 18 at 3 (seeking summary judgment asserting the case "will not turn on witness testimony or other evidence") and procedurally improper: Defendants should have filed a declaration under Rule 56(d). |
| | Plaintiff Jane Doe #2 | | |
| 31. | Jane Doe #2 is not a U.S. citizen or Legal Permanent Resident. (**Jane Doe #2 Decl. ¶3.**) Jane Doe #2 is in the United States with Temporary Protected Status, which she has held for | Disputed as Jane Doe# 2 is a pseudonym and to the extent discovery has not started, nor have any stipulations been entered, Defendants are unable to confirm any of the facts currently | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>To the extent Defendants now contend that they do not have |

| | | |
|---|---|---|
| | approximately 10 years. (**Jane Doe #2 Decl. ¶3.**) | asserted about Jane. Doe #2, absent the opportunity for discovery. See ECF No. 28. "[I]f proceeding pseudonymously is allowed, the court must provide appropriate procedures to ensure full fairness in the process." *In re Sealed Case*, 971 F.3d 324, 326 n. 1 (D.C. Cir. 2020). | adequate access to facts not in their possession to dispute this proposition, that is inconsistent with positions they have previously taken in this case (*e.g.,* ECF 18 at 3 (seeking summary judgment asserting the case "will not turn on witness testimony or other evidence") and procedurally improper: Defendants should have filed a declaration under Rule 56(d). |
| 32. | Jane Doe #2 is the mother of one older child, apart from her expected child. That older child was born in the United States prior to February 19, 2025, and therefore is a U.S. citizen. (**Jane Doe #2 Decl. ¶5.**) | Disputed as Jane Doe # 2 is a pseudonym and to the extent . discovery has not started, nor have any stipulations been entered, Defendants are unable to confirm any of the facts currently asserted about Jane Doe #2, absent the opportunity for discovery. See ECF No. 28. "[I]f proceeding pseudonymously is allowed, the court must provide appropriate procedures to ensure full :fairness in the process." *In re Sealed Case*, 971 F.3d 324, 326 n. 1 (D.C. Cir. 2020). | Defendants have failed to properly address this assertion of fact as required by Rule 56.. <br><br> To the extent Defendants now contend that they do not have adequate access to facts not in their possession to dispute this proposition, that is inconsistent with positions they have previously taken in this case (*e.g.,* ECF 18 at 3 (seeking summary judgment asserting the case "will not turn on witness testimony or other evidence") and procedurally improper: Defendants should have filed a declaration under Rule 56(d). |
| 33. | Jane Doe #2 is pregnant with her second child, who is due later this year. She intends to give birth in the United States. (**Jane Doe #2 Decl. ¶4.**). Jane Doe #2 does not currently have any plans to leave | Disputed as Jane Doe# 2 is a pseudonym and to the extent discovery has not started, nor have any stipulations been entered, Defendants are unable to confirm arty of the facts currently | Defendants have failed to properly address this assertion of fact as required by Rule 56. <br><br> To the extent Defendants now contend that they do not have |

| | | |
|---|---|---|
| the United States. (**Jane Doe #2 Decl. ¶8**). | asserted about Jane Doe #2, absent the opportunity for discovery. See ECF No. 28. "[I]f proceeding pseudonymously is allowed, the court must provide appropriate procedures to ensure full fairness in the process." *In re Sealed Case*, 971 F.3d 324; 326 n. 1 (D.C. Cir. 2020). Fact No. 33 also violates the court's standing order and is subject to general objection no. 3. | adequate access to facts not in their possession to dispute this proposition, that is inconsistent with positions they have previously taken in this case (*e.g.,* ECF 18 at 3 (seeking summary judgment asserting the case "will not turn on witness testimony or other evidence") and procedurally improper: Defendants should have filed a declaration under Rule 56(d). |
| 34. | Jane Doe #1's husband, the father of both of her children, is neither a U.S. citizen nor a Legal Permanent Resident ("LPR"). He is seeking asylum in the U.S. (**Jane Doe #2 Decl. ¶6.**) | Disputed as Jane Doe# 2 is a pseudonym and to the extent discovery has not started, nor have any stipulations been entered, Defendants are unable to confirm any of the facts currently asserted about Jane Doe #2, absent the opportunity for discovery. See ECF No. 28.· "[I]f proceeding pseudonymously is allowed, the court must provide appropriate procedures to ensure full fairness in the process." In re Sealed Case, 971 F.3d 324, 326 n. 1 (D.C. Cir. 2020). Fact No. 34 also violates the court's standing order and is subject to general objection no. 3. | Defendants have failed to properly address this assertion of fact as required by Rule 56. |
| | | To the extent Defendants now contend that they do not have adequate access to facts not in their possession to dispute this proposition, that is inconsistent with positions they have previously taken in this case (*e.g.,* ECF 18 at 3 (seeking summary judgment asserting the case "will not turn on witness testimony or other evidence") and procedurally improper: Defendants should have filed a declaration under Rule 56(d). |
| 35. | Jane Doe #2 is worried about what will happen to her second child once he is born if he is not a U.S. citizen. Jane Doe #2 is afraid that he will be treated differently from her first child even though they | Disputed as speculative and Jane Doe# 2 is a pseudonym and to the extent discovery has not started, nor have any stipulations been ·entered, Defendants are unable to confirm any of the fact or state | Defendants have failed to properly address this assertion of fact as required by Rule 56. |
| | | To the extent Defendants now contend that they do not have |

| | | |
|---|---|---|
| | were both born in the U.S. He will not have a U.S. social security card upon birth, and Jane Doe #2 is not sure how they would identify him for any government purpose. (**Jane Doe #2 Decl. ¶7.**) | of mind currently asserted about Jane Doe #2, absent the opportunity for discovery. See ECF No. 28. "[I]f proceeding pseudonymously is allowed, the court must provide appropriate procedures to ensure full fairness in the process." *In re Sealed Case*, 971 F.3d 324, 326 n. 1 (D.C. Cir. 2020). Fact No. 35 also violates the court's standing order and- is subject to general objection no. 3. | adequate access to facts not in their possession to dispute this proposition, that is inconsistent with positions they have previously taken in this case (*e.g.,* ECF 18 at 3 (seeking summary judgment asserting the case "will not turn on witness testimony or other evidence") and procedurally improper: Defendants should have filed a declaration under Rule 56(d). |
| 36. | Jane Doe #1 is concerned that her children would be separated by status. Her first son, as a U.S. citizen, would hopefully be more protected from immigration officials, but her second son could end up being arrested by immigration officials without any documentation of his identity or his immigration status. (**Jane Doe #2 Decl. ¶7.**) | Disputed as speculative and Jane Doe# 2 is a pseudonym and to the extent discovery has not started; nor have any stipulations been entered, Defendants are unable to confirm any of the facts currently asserted about Jane Doe #2, absent the opportunity for discovery. See ECF No. 28. "[I]f proceeding pseudonymously is allowed, the court must provide appropriate procedures to ensure full fairness in the process." *In the Sealed Case*, 971 F.3d 324, 326 n. 1 (D.C. Cir. 2020). Fact No. 34 also violates the court's standing order and is subject to general objection no. 3. | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>To the extent Defendants now contend that they do not have adequate access to facts not in their possession to dispute this proposition, that is inconsistent with positions they have previously taken in this case (*e.g.,* ECF 18 at 3 (seeking summary judgment asserting the case "will not turn on witness testimony or other evidence") and procedurally improper: Defendants should have filed a declaration under Rule 56(d). |
| 37. | Jane Doe #2 does not know if her second child would be granted Nepali citizenship or how she would go about trying to get him a Nepali passport. She is concerned that doing so would be very | Disputed as speculative and Jane Doe# 2 is a pseudonym and to the extent discovery has not started; nor have any stipulations been entered, Defendants are unable to confirm any of the facts currently | Defendants have failed to properly address this assertion of fact as required by Rule 56. |

| | | |
|---|---|---|
| | difficult and costly. (**Jane Doe #2 Decl. ¶8.**). | asserted about Jane Doe #2, absent the opportunity for discovery. See ECF No. 28. "[I]f proceeding pseudonymously is allowed, the court must provide appropriate procedures to ensure full fairness in the process." *In the Sealed Case*, 971 F.3d 324, 326 n. 1 (D.C. Cir. 2020). Fact No. 34 also violates the court's standing order and is subject to general objection no. 3. | To the extent Defendants now contend that they do not have adequate access to facts not in their possession to dispute this proposition, that is inconsistent with positions they have previously taken in this case (*e.g.,* ECF 18 at 3 (seeking summary judgment asserting the case "will not turn on witness testimony or other evidence") and procedurally improper: Defendants should have filed a declaration under Rule 56(d). |
| 38. | Currently, Jane Doe #2 and her husband are income-eligible for various benefits—such as the Supplemental Nutrition Assistance Program or Temporary Assistance for Needy Families—for their older child, who is a United States citizen. Jane Doe #2 would not be able to receive these benefits for their expected child if that child is deprived of citizenship pursuant to the Executive Order. (**Jane Doe #2 Decl. ¶7.**) | Disputed as speculative and Jane Doe# 2 is a pseudonym and to the extent discovery has not started; nor have any stipulations been entered, Defendants are unable to confirm any of the facts currently asserted about Jane Doe #2, absent the opportunity for discovery. See ECF No. 28. "[I]f proceeding pseudonymously is allowed, the court must provide appropriate procedures to ensure full fairness in the process." *In the Sealed Case*, 971 F.3d 324, 326 n. 1 (D.C. Cir. 2020). Fact No. 34 also violates the court's standing order and is subject to general objection no. 3. | Defendants have failed to properly address this assertion of fact as required by Rule 56. To the extent Defendants now contend that they do not have adequate access to facts not in their possession to dispute this proposition, that is inconsistent with positions they have previously taken in this case (*e.g.,* ECF 18 at 3 (seeking summary judgment asserting the case "will not turn on witness testimony or other evidence") and procedurally improper: Defendants should have filed a declaration under Rule 56(d). |

| The Executive Order's impact on the noncitizen population | | |
|---|---|---|
| 39. | The United States immigration system divides noncitizens into different categories, each with distinct privileges and conditions. One broad division is between those who are lawfully present and those who are unlawfully present. In simple terms, individuals who hold a recognized, valid status in the United States—including citizenship, lawful permanent residence, and a range of temporary statuses—are lawfully present. By contrast, individuals who lack a formal status—including those who entered without inspection, or who overstayed their visas—are generally considered to lack lawful presence. **(Rathod Decl. ¶12.)** | Disputed. Pursuant to general objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law, and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).<br><br>Furthermore, Defendants do not provide a reasoned basis for any of their assertions or the applicability of their boilerplate objections. This failure to "seriously address[] the substance" of the disputed fact is "properly treated as a nullity." *Shapiro*, 507 F. Supp. 3d at 304.<br><br>Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 40. | Noncitizens who are lawfully present in the United States can be further divided into certain key categories: (1) lawful permanent residents, also known as "green card" holders or "immigrants"; (2) nonimmigrants, or those holding temporary visas; (3) holders of | Disputed. Pursuant to general objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law, and violate the Court's standing order concerning short and concise statements and no | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule |

| | | |
|---|---|---|
| certain humanitarian statuses, including asylees, refugees, parolees, and beneficiaries of Temporary Protected Status; and (4) holders of certain liminal statuses, such as DACA beneficiaries. **(Rathod Decl. ¶14.)** | more than one undisputed factual assertion per numbered row. | 56(c)(2) and is not supported as required by Rule 56(c)(1). Furthermore, Defendants do not provide a reasoned basis for any of their assertions or the applicability of their boilerplate objections. This failure to "seriously address[] the substance" of the disputed fact is "properly treated as a nullity." *Shapiro*, 507 F. Supp. 3d at 304. Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 41. | Although nonimmigrant visas are often referred to temporary visas, the period of authorized stay in the United States can be quite lengthy in some instances. For example, investors who are admitted to the United States on E-2 visas are permitted a maximum initial stay of two years, but they may then seek an unlimited number of two-year extensions. **(Rathod Decl. ¶25.)** | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). Furthermore, Defendants do not provide a reasoned basis for any of their assertions or the applicability of their boilerplate objections. This failure to "seriously address[] the substance" of the disputed fact is "properly treated as a |

| | | |
|---|---|---|
| | | nullity." *Shapiro*, 507 F. Supp. 3d at 304.<br><br>Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 42. | An H-1B specialty occupation worker is permitted to remain in the United States for up to six years, and sometimes even longer when applying for adjustment of status. **(Rathod Decl. ¶25.)** | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).<br><br>Furthermore, Defendants do not provide a reasoned basis for any of their assertions or the applicability of their boilerplate objections. This failure to "seriously address[] the substance" of the disputed fact is "properly treated as a nullity." *Shapiro*, 507 F. Supp. 3d at 304.<br><br>Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |

| 43. | Noncitizens admitted as L-1A Intracompany Transferee Executives or Managers can potentially remain in the United States for up to seven years. **(Rathod Decl. ¶25.)** | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).<br><br>Furthermore, Defendants do not provide a reasoned basis for any of their assertions or the applicability of their boilerplate objections. This failure to "seriously address[] the substance" of the disputed fact is "properly treated as a nullity." *Shapiro*, 507 F. Supp. 3d at 304.<br><br>Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| --- | --- | --- | --- |
| 44. | Nonimmigrants on student visas are typically admitted not for a specific period of time, but rather for duration of status – defined as "the time during which an F-1 student is pursuing a full course of study at an [approved] education institution . . . or engaging in authorized practical training following the completion of studies[.]" In other words, | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). |

| | | |
|---|---|---|
| | duration of status depends on the nature of the degree program, but can routinely last upwards of five years. **(Rathod Decl. ¶25.)** | | Furthermore, Defendants do not provide a reasoned basis for any of their assertions or the applicability of their boilerplate objections. This failure to "seriously address[] the substance" of the disputed fact is "properly treated as a nullity." *Shapiro*, 507 F. Supp. 3d at 304.<br><br>Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 45. | When one considers the possibility of change of status on top of a lengthy period of authorized stay, the amount of time that a nonimmigrant may be residing in the United States continuously can easily reach upwards of a decade. For example, if a nonimmigrant student changes status from an F-1 visa to an H-1B visa, he could easily spend five years as a nonimmigrant F-1 student, followed by up to six years or more as an H-1B specialty occupation worker, resulting in a total "temporary" stay of over a decade. **(Rathod Decl. ¶26.)** | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).<br><br>Furthermore, Defendants do not provide a reasoned basis for any of their assertions or the applicability of their boilerplate objections. This failure to "seriously address[] the substance" of the disputed fact is "properly treated as a nullity." *Shapiro*, 507 F. Supp. 3d at 304. |

| | | | Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
|---|---|---|---|
| 46. | Of the nonimmigrant I-94 admissions in Fiscal Year 2023, DHS recorded nearly 5 million admissions of temporary workers and their families, over 1.7 million admissions of students, and over 543,000 admissions of exchange visitors. **(Rathod Decl. ¶30.)** | Undisputed. | |
| 47. | In its publicly available data on nonimmigrant admissions, DHS also reports the countries of citizenship that are most heavily represented in these I-94 admissions. The top countries represented in Fiscal Year 2023 were Mexico (19.7 million nonimmigrant admissions, or 28.9 percent of the total); Canada (13.6 million nonimmigrant admissions, or 19.9 percent); United Kingdom (4.3 million nonimmigrant admissions, or 6.2 percent); India (2.6 million nonimmigrant admissions, or 3.8 percent); Germany (1.99 million nonimmigrant admissions, or 2.9 percent); France (1.96 million nonimmigrant admissions, or 2.9 percent); South Korea, 1.69 million nonimmigrant admissions, or 2.5 percent); Brazil (1.65 million nonimmigrant admissions, or 2.4 percent); Japan (1.43 million | Undisputed. | |

| | | | |
|---|---|---|---|
| | nonimmigrant admissions, or 2.1 percent); and Italy (1.26 million nonimmigrant admissions, or 1.8 percent). **(Rathod Decl. ¶31.)** | | |
| 48. | DHS's FY 2023 report also notes that I-94 admissions among citizens from South Korea and Japan increased 114 and 194 percent respectively from the prior fiscal year, causing the two countries to place among the top ten countries of nationality for I-94 admissions. **(Rathod Decl. ¶31.)** | Undisputed. | |
| 49. | DHS also provides some insight into the age and sex of individuals admitted as nonimmigrants, as recorded by Form I-94. Of the total I-94 admissions in FY 2023, 15.38 million, or about 22.5 percent, were of females between the ages of 18 and 44. **Rathod Decl. ¶32.)** | Undisputed. | |
| 50. | In FY 2024, DOS issued a significant number of nonimmigrant visas in visa categories that permit a relatively lengthy period of authorized stay. For example, DOS issued over 400,000 F-1 visas to students; nearly 220,000 H-1B visas to skilled workers; and nearly 140,000 H-4 visas to the spouses and children of temporary workers. **(Rathod Decl. ¶35.)** | Disputed pursuant to Objections 1, and 2 as to the characterization of the numbers but otherwise undisputed. | Defendants do not dispute the numbers of visas issued. With regard to the dispute, Defendants have failed to properly address this assertion of fact as required by Rule 56. Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |

| 51. | The countries of nationality receiving the largest numbers of nonimmigrant visas in FY 2023 were Mexico, India, Brazil, Colombia, China, Argentina, Philippines, Ecuador, Israel, and Vietnam. **(Rathod Decl. ¶40.)** | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).<br><br>Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| --- | --- | --- | --- |
| 52. | In FY 2023, persons with nationality in Asian countries received the largest number of nonimmigrant visas: 3.369 million of the total 10.438 million visas issued that year, or about 32 percent of the total. **(Rathod Decl. ¶41.)** | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).<br><br>Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 53. | Nationals of certain Asian countries, including China, India, the Philippines, and South Korea, receive relatively high numbers of certain visas that have lengthy periods of authorized stay. Of the | Disputed. Pursuant to general objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is |

| | | |
|---|---|---|
| | 54,812 E-2 visas issued in FY 2023 to treaty investors, 26,975, or 49 percent, were issued to nationals of Asian countries. **(Rathod Decl. ¶42.)** | and concise statements and no more than one undisputed factual assertion per numbered row. | not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 54. | Of the 445,418 F-1 student visas issued in FY 2023, 315,693, or nearly 71 percent, were issued to nationals of Asian countries. **(Rathod Decl. ¶42.)** | Disputed. Pursuant to general objections 1, and 2 these are not material facts, but are improper conclusions of law. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 55. | Of the 265,777 H-1B specialty worker visas issued in FY 2023, 245,085, or 92 percent, were issued to nationals of Asian countries. **(Rathod Decl. ¶42.)** | Disputed. Pursuant to general objections 1, and 2 these are not material facts, but are improper conclusions of law. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and |

| | | | Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
|---|---|---|---|
| 56. | These numbers are significant because individuals who are permitted to remain in the United States for lengthy periods of time, often with their spouses alongside them on family member visas, may understandably have children during a years-long stay in the United States. When looking at this handful of nonimmigrant visa categories with lengthy periods of authorized stay, persons with nationality in Asia predominate. **(Rathod Decl. ¶42.)** | Disputed: Pursuant to general objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). Furthermore, Defendants do not provide a reasoned basis for any of their assertions or the applicability of their boilerplate objections. This failure to "seriously addres[] the substance" of the disputed fact is "properly treated as a nullity." *Shapiro*, 507 F. Supp. 3d at 304.<br><br>Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 57. | Persons of Asian nationality account for nearly one third of all of the nonimmigrant visas issued in FY 2023. **(Rathod Decl. ¶43.)** | Disputed. Pursuant to general objections 1, and 2 these are not material facts, but are improper conclusions of law. | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule |

| | | | |
|---|---|---|---|
| | | | 56(c)(2) and is not supported as required by Rule 56(c)(1). Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 58. | In addition to the many nonimmigrant visa categories that exist in the U.S. immigration system, noncitizens may be residing lawfully in the United States pursuant to a range of humanitarian protections. **(Rathod Decl. ¶44.)** | Undisputed. | |
| 59. | According to data compiled by the Congressional Research Service, "[a]s of September 30, 2024, approximately 1,095,115 foreign nationals residing in the United States from . . . 16 countries were protected by TPS[.]" The sixteen countries with then-active TPS designations were Afghanistan, Burma, Cameroon, El Salvador, Ethiopia, Haiti, Honduras, Nepal, Nicaragua, Somalia, South Sudan, Sudan, Syria, Ukraine, Venezuela, and Yemen. **(Rathod Decl. ¶45.)** | Undisputed. | |
| 60. | As of March 2025, 532,000 individuals have been granted humanitarian parole under the CHNV (Cuba, Haiti, Nicaragua, Venezuela) Parole Program. **(Rathod Decl. ¶47.)** | Undisputed. | |
| 61. | Other humanitarian parole programs initiated under the Biden Administration include Operation | Undisputed. | |

| | | | |
|---|---|---|---|
| | Allies Welcome (OAW) for certain Afghan nationals, and Uniting for Ukraine (U4U), for Ukrainians displaced by the Russian invasion. **(Rathod Decl. ¶48)** | | |
| 62. | In FY 2023, DHS granted over 1.3 million paroles in total. **(Rathod Decl. ¶48)** | Disputed. Pursuant to general objections 1, and 2 these are not material facts, but are improper characterizations or conclusions of law. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 63. | DHS has approved around the statutory maximum of 10,000 U visas each fiscal year since 2010. **(Rathod Decl. ¶49.)** | Disputed. Pursuant to general objections 1, and 2 these are not material facts, but are improper characterizations or conclusions of law. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |

| 64. | DHS has approved several thousand T visas each year in recent years. **(Rathod Decl. ¶49.)** | Disputed. Pursuant to general objections 1, and 2 these are not material facts, but are improper characterizations or conclusions of law. | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).<br><br>Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| --- | --- | --- | --- |
| 65. | Given that these forms of humanitarian protection are explicitly structured as nonimmigrant visas, there is a reasonable probability that the federal government would assert that T and U visa holders fall within the subcategory of "lawful, but temporary" noncitizens subject to EO 14160. **(Rathod Decl. ¶49.)** | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. Undisputed that T and U nonimmigrants fall into the lawful but temporary category. | The government has not disputed that T and U visa holders are lawful but temporary. |
| 66. | DHS data confirms that in FY 2023, a total of 60,050 refugees arrived in the United States, with the largest numbers with nationality in Democratic Republic of Congo (18,080), Syria (10,780), Afghanistan (6,590), and Burma (6,130). Of this total of 60,050, nearly half (29,800, or 49.63 percent) were female, and 25,860 (about 43 percent) were | Undisputed. | |

| | | | |
|---|---|---|---|
| | between the ages of 18 to 44. **(Rathod Decl. ¶51.)** | | |
| 67. | In the same fiscal year (2023), DHS reported that 54,350 individuals were granted asylum in the United States. The top countries of nationality among these individuals were Afghanistan (14,470), China (4,870), Venezuela (3,760), El Salvador (2,990), India (2,710), Guatemala (2,580), and Honduras (2,120). **(Rathod Decl. ¶52.)** | Undisputed. | |
| 68. | DHS and the leading research institutes all estimate that there are over 10 million individuals residing in the United States without lawful immigration status. **(Rathod Decl. ¶54.)** | Disputed. Pursuant to general objections 1, and 2 these are not material facts, but are improper characterizations or conclusions of law. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 69. | According to data from DHS, there were nearly 11 million people living without documentation in the United States in 2022. The top ten countries of birth for the unauthorized immigrant population estimated to be residing in the United States in 2022 were the following: Mexico (4.8 million), Guatemala (750,000), El | Undisputed. | |

| | | |
|---|---|---|
| | Salvador (710,000), Honduras (560,000), Philippines (350,000), Venezuela (320,000), Colombia (240,000), Brazil (230,000), India (220,000), and China (210,000). **(Rathod Decl. ¶55.)** | | |
| 70. | Of the nearly 11 million individuals estimated by DHS to be living without documentation in the United States in 2022, slightly less than half, or 45.77 percent, were estimated to be female. Approximately 57 percent of the same population of 11 million was estimated to be between the ages of 18 and 44. **(Rathod Decl. ¶56.)** | Undisputed. | |
| 71. | The overwhelming majority of the unauthorized immigrant population in the United States comprises persons who would be classified as Hispanic/Latino (including persons of mixed indigenous ancestry from Central and South America) or Asian. **(Rathod Decl. ¶59.)** | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56. <br><br> Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). <br><br> Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 72. | For a parent who entered the United States without inspection, there is no direct pathway for them to obtain permanent residence via their child while remaining in the United States. **(Rathod Decl. ¶60.)** | Disputed. Pursuant to general objections 1, and 2 these are not material facts, but are improper characterizations or conclusions of law. Notwithstanding, undisputed that adjustment of status is generally only available | Defendants have failed to properly address this assertion of fact as required by Rule 56. <br><br> Defendants' response is not a proper objection under Rule 56(c) in that the objection is |

| | | | |
|---|---|---|---|
| | | to an alien who was inspected and admitted or paroled into the United States. See INA 245(a). | not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). Furthermore, Defendants do not provide a reasoned basis for any of their assertions or the applicability of their boilerplate objections. This failure to "seriously addres[] the substance" of the disputed fact is "properly treated as a nullity." *Shapiro*, 507 F. Supp. 3d at 304. |
| 73. | For a parent who was inspected and admitted on a nonimmigrant visa, but who overstayed that visa, there is a potential pathway via a U.S.-born child, but it is lengthy and not guaranteed. **(Rathod Decl. ¶60.)** | Undisputed. However, pursuant to general objections 1, and 2 the terms "lengthy and not guaranteed" are disputed as not material facts, but improper characterizations and conclusions of law. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). Furthermore, Defendants do not provide a reasoned basis for any of their assertions or the applicability of their boilerplate objections. This failure to "seriously addres[] the substance" of the disputed fact is "properly treated as a nullity." *Shapiro*, 507 F. Supp. 3d at 304. |
| 74. | A threshold requirement for a U.S. citizen to sponsor their parent is that the U.S. citizen who wishes to sponsor their parent must be at least 21 years of age. In other words, under any circumstance when a noncitizen parent seeks to | Undisputed. | |

| | | | |
|---|---|---|---|
| | derive status from their U.S. citizen child, they must wait at least 21 years from the time of that child's birth. **(Rathod Decl. ¶61.)** | | |
| 75. | For a parent who entered without inspection to obtain a green card via their U.S. citizen son or daughter, they must wait until the child is 21, depart the country, and further establish their eligibility for a hardship waiver. Depending on the applicant's specific circumstances, they may require additional waivers before they are granted a visa permitting their return to the United States and admission as a lawful permanent resident. **(Rathod Decl. ¶62.)** | Undisputed. | |
| 76. | For a noncitizen parent who was initially inspected and admitted by an immigration officer and overstayed their visa, their U.S. born child would need to wait until they are 21 years of age in order to file the paperwork to "sponsor" their parent for lawful permanent residence. During this period of time, a parent who lacks a formal immigration status would be susceptible to being placed in removal proceedings. **(Rathod Decl. ¶63.)** | Undisputed. | |
| 77. | Certain federal benefits are only extended to U.S. citizens and/or certain classes of lawfully present immigrants. **(Rathod Decl. ¶64.)** | Disputed. Pursuant to general objections 1, and 2 these are not material facts, but are improper characterizations or conclusions of law. | Defendants have failed to properly address this assertion of fact as required by Rule 56.

Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule |

| | | |
|---|---|---|
| | | 56(c)(2) and is not supported as required by Rule 56(c)(1). Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 78. | If EO 14160 were implemented, the noncitizen parents of a U.S-born child who does not acquire birthright citizenship, and who would otherwise be income eligible for federal benefits, would lose access to these important and basic benefits. **(Rathod Decl. ¶64.)** | Disputed. Pursuant to general objections 1, and 2, they are improper characterizations or conclusions of law and are speculative. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 79. | A U.S. citizen child who meets certain income eligibility requirements would be eligible for SNAP (Supplemental Nutrition Assistance Program) benefits. **(Rathod Decl. ¶65.)** | Disputed, there are various factors affecting eligibility besides income and citizenship status. https://www.fns.usda.gov/snap/recinient/eligibility | Defendants have failed to properly address this assertion of fact as required by Rule 56. Pursuant to Rule 56(c)(2), Defendants have not presented their dispute in a form that would be admissible in evidence. |
| 80. | If EO 14160 were implemented, SNAP benefits could not be extended a child was born without any formal status in the United States. **(Rathod Decl. ¶65.)** | Disputed, to the extent that the statement is inconsistent with the guidance now issued. USDA: https://www.fns.usda.gov/programs/guidance/protecting-american-citizenship | Defendants have failed to properly address this assertion of fact as required by Rule 56. Pursuant to Rule 56(c)(2), Defendants have not presented their dispute in a form that |

| | | | would be admissible in evidence.<br><br>Additionally, Defendants' response fails to comply with Standing Order Paragraph 12(b) where a "fact is admitted in part and denied in part," which requires the party to "specifically identify which parts are admitted and which are denied, with appropriate citations to the record." |
|---|---|---|---|
| 81. | Medicaid and the Children's Health Insurance Program provides extensive health benefits to children who are U.S. citizens, but not to undocumented children. **(Rathod Decl. ¶66.)** | Disputed, to the extent that the statement is inconsistent with the guidance now issued.<br><br>HHS:<br><br>https://www.hhs.gov/guidance/document/guidance-protecting-meaning-and-value-american-citizenship-executive-order-14160<br><br>CMS:<br><br>https://www.hhs.gov/guidance/document/cms-gyidance-protecting-meaning-and-value-american-citizenship- executive-order-14160 | Defendants have failed to properly address this assertion of fact as required by Rule 56. Pursuant to Rule 56(c)(2), Defendants have not presented their dispute in a form that would be admissible in evidence.<br><br>Additionally, Defendants' response fails to comply with Standing Order Paragraph 12(b) where a "fact is admitted in part and denied in part," which requires the party to "specifically identify which parts are admitted and which are denied, with appropriate citations to the record." |
| 82. | Supplemental Security Income (SSI), Temporary Assistance for Needy Families, and Affordable Care Act subsidies are available only to U.S. citizens and certain "qualified immigrants." **(Rathod Decl. ¶67)** | Disputed, to the extent that the statement is inconsistent with the guidance now issued and inconsistent with the INA, 8 USC 1611 *et seq*.<br><br>SSA's guidance has been posted here: Request a Social Security number | SSA. You will find the | Defendants have failed to properly address this assertion of fact as required by Rule 56. Pursuant to Rule 56(c)(2), Defendants have not presented their dispute in a form that would be admissible in evidence. |

| | | document titled *SSA's Plan: Executive Order 14160* under the heading Who can request a Social Security number. | Additionally, Defendants' response fails to comply with Standing Order Paragraph 12(b) where a "fact is admitted in part and denied in part," which requires the party to "specifically identify which parts are admitted and which are denied, with appropriate citations to the record." |
|---|---|---|---|
| 83. | U.S.-born children and their parents may be concerned in the future about the cost of higher education. In order to be eligible for federal financial aid, one must either be a U.S. citizen or an "eligible noncitizen." The latter category includes permanent residents, refugees, asylees, and a few select other groups. Accordingly, a U.S.-born child who does not acquire birthright citizenship, and is not able to obtain a lawful status that renders them eligible for federal financial aid, may encounter difficulty in accessing higher education. As one comprehensive review of the literature found, "Financial concerns are the greatest obstacle facing undocumented students as they transition to and persist in higher education. **(Rathod Decl. ¶68.)** | Disputed. Pursuant to general objections 1, 2 and 3 these are facts are speculative, not material facts, but improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. Disputed also to the extent that the statements are inconsistent with the guidance now issued. See citation to Guidance issued on p. 2. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Pursuant to Rule 56(c)(2), Defendants have not presented their dispute in a form that would be admissible in evidence.

Additionally, Defendants' response fails to comply with Standing Order Paragraph 12(b) where a "fact is admitted in part and denied in part," which requires the party to "specifically identify which parts are admitted and which are denied, with appropriate citations to the record." |
| 84. | Another future benefit of U.S. citizenship is the ability to seek employment in the federal sector. Most jobs in the federal government are open only to U.S. | Disputed. Pursuant to general objections 1, and 2 these are facts are speculative, not material facts, but improper characterizations or conclusions | Defendants have failed to properly address this assertion of fact as required by Rule 56. Pursuant to Rule 56(c)(2), Defendants have not presented |

| | | | |
|---|---|---|---|
| | citizens or nationals. **(Rathod Decl. ¶69.)** | of law. Disputed also to the extent that the statements are inconsistent with the guidance now issued. See citation to Guidance issued on p. 2. | their dispute in a form that would be admissible in evidence.<br><br>Additionally, Defendants' response fails to comply with Standing Order Paragraph 12(b) where a "fact is admitted in part and denied in part," which requires the party to "specifically identify which parts are admitted and which are denied, with appropriate citations to the record." |
| 85. | Some classes of noncitizens are eligible for certain federal benefits, but their eligibility for those benefits can be changed by legislation. Congress is actively considering further restrictions on noncitizens' access to benefits. **(Rathod Decl. ¶70.)** | Disputed. Pursuant to general objections 1, and 2 these are facts are speculative, not material facts, but improper characterizations or conclusions of law. Disputed also to the extent that the statements are inconsistent with the guidance now issued. See citation to Guidance issued on p. 2. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Pursuant to Rule 56(c)(2), Defendants have not presented their dispute in a form that would be admissible in evidence.<br><br>Additionally, Defendants' response fails to comply with Standing Order Paragraph 12(b) where a "fact is admitted in part and denied in part," which requires the party to "specifically identify which parts are admitted and which are denied, with appropriate citations to the record." |
| 86. | Children born without U.S. citizenship pursuant to EO 14160 would also lose access to certain state-level benefits that are | Disputed. Pursuant to general objections 1, 2 and 3 these are facts are speculative, not material facts, but improper characterizations or conclusions | Defendants have failed to properly address this assertion of fact as required by Rule 56. Pursuant to Rule 56(c)(2), |

| | | |
|---|---|---|
| | available only to U.S. citizens (or to U.S. citizens and a limited subset of lawfully present noncitizens). For example, several states offer reduced, "in-state" tuition only to U.S citizens. In some states, health-related programs and benefits are limited to citizens and select others. **(Rathod Decl. ¶71.)** | of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. Disputed also to the extent that the statements are inconsistent with the guidance now issued. See citation to Guidance issued on p. 2. | Defendants have not presented their dispute in a form that would be admissible in evidence.<br><br>Additionally, Defendants' response fails to comply with Standing Order Paragraph 12(b) where a "fact is admitted in part and denied in part," which requires the party to "specifically identify which parts are admitted and which are denied, with appropriate citations to the record." |
| 87. | If EO 14160 were implemented, those U.S.-born children of noncitizen parents who would not acquire U.S. citizenship at birth would lose access to important privileges of citizenship. One such privilege is the ability to apply for a U.S. passport. The U.S. passport is one of the most coveted passports in the world, as it permits U.S. citizens to travel to 182 destinations without securing a visa in advance. **(Rathod Decl. ¶72.)** | Disputed. Pursuant to general objections 1, 2 and 3 these are facts are speculative, not material facts, but improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. Disputed also to the extent that the statements are inconsistent with the guidance now issued. See citation to Guidance issued on p. 2. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Pursuant to Rule 56(c)(2), Defendants have not presented their dispute in a form that would be admissible in evidence.<br><br>Additionally, Defendants' response fails to comply with Standing Order Paragraph 12(b) where a "fact is admitted in part and denied in part," which requires the party to "specifically identify which parts are admitted and which are denied, with appropriate citations to the record." |
| 88. | U.S. citizens traveling overseas have the benefit of receiving assistance from the U.S. Department of State should they | Disputed. Pursuant to general objections 1, 2 and 3 these are facts are speculative, not material facts, but improper | Defendants have failed to properly address this assertion of fact as required by Rule 56. Pursuant to Rule 56(c)(2), |

| | | | |
|---|---|---|---|
| | encounter difficulties abroad. **(Rathod Decl. ¶72.)** | characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. Disputed also to the extent that the statements are inconsistent with the guidance now issued. See citation to Guidance issued on p. 2. | Defendants have not presented their dispute in a form that would be admissible in evidence.<br><br>Additionally, Defendants' response fails to comply with Standing Order Paragraph 12(b) where a "fact is admitted in part and denied in part," which requires the party to "specifically identify which parts are admitted and which are denied, with appropriate citations to the record." |
| 89. | Unlike lawful permanent residents, who must spend certain amounts of time in the United States to avoid a claim that they have abandoned their status, U.S. citizens are permitted to travel overseas as frequently as they wish, and for as long as they wish, without risking loss of their status. **(Rathod Decl. ¶72.)** | Undisputed. | |
| 90. | U.S. citizens can also pass along their citizenship to their children who are born in the United States and in many cases, when those children are born abroad. Further, U.S. citizens can sponsor their spouses, parents, minor children, adult children (both married and unmarried), and siblings for lawful permanent residence in the United States. **(Rathod Decl. ¶73.)** | Undisputed. | |
| 91. | If EO 14160 is allowed to go into effect, U.S.-born children who do not acquire citizenship at birth will | Disputed. Pursuant to general objections 1, and 2 these are facts are speculative, not material | Defendants have failed to properly address this assertion of fact as required by Rule 56. |

| | | |
|---|---|---|
| | lack formal status in the United States. There is scant precedent for how such a child would be treated from a U.S. immigration law standpoint. **(Rathod Decl. ¶74.)** | facts, but improper characterizations or conclusions of law. Disputed also to the extent that the statements are inconsistent with the guidance now issued or will be issued in the future. See Section 3 of the published USCIS guidance. | Pursuant to Rule 56(c)(2), Defendants have not presented their dispute in a form that would be admissible in evidence. |
| 92. | A child born in the U.S. to noncitizen parents and who does not acquire birthright citizenship might also be born stateless. **(Rathod Decl. ¶75.)** | Disputed. Pursuant to general objections 1, and 2 these are facts are speculative, not material facts, but improper characterizations or conclusions of law. Disputed also to the extent that the statements are inconsistent with the guidance now issued. See citation to Guidance issued on p. 2. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Pursuant to Rule 56(c)(2), Defendants have not presented their dispute in a form that would be admissible in evidence. |
| 93. | A noncitizen residing without authorization in the United States, the child would technically be susceptible to being placed in removal proceedings. **(Rathod Decl. ¶75.)** | Disputed. Pursuant to general objections 1, and 2 these are facts are speculative, not material facts, but improper characterizations or conclusions of law. Disputed also to the extent that the statements are inconsistent with the guidance now issued or to be issued. See citation to Guidance issued on p. 2. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Pursuant to Rule 56(c)(2), Defendants have not presented their dispute in a form that would be admissible in evidence. |
| 94. | Those U.S.-born children who may find themselves undocumented as a result of EO 14160 are likely to face pervasive stigma that significantly impacts their psychological development and social identity. This stigma stems from societal narratives that frame undocumented status as deviant or criminal, leading many children to internalize shame and | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations, or conclusions of law, and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Pursuant to Rule 56(c)(2), Defendants have not presented their dispute in a form that would be admissible in evidence. |

|  | | | |
|---|---|---|---|
|  | experience social withdrawal. The fear of disclosing their legal status can result in secrecy, anxiety, and a fragmented sense of self, particularly as they transition into adulthood and confront barriers to employment, education, and civic participation. **(Rathod Decl. ¶80.)** | | |
| 95. | In educational settings, undocumented children frequently encounter discrimination, structural exclusion, and lowered expectations. Despite academic potential, they may be tracked into remedial programs or discouraged from higher education due to their status. These institutional barriers, combined with fear of deportation or family separation, contribute to chronic stress and disengagement from school environments. **(Rathod Decl. ¶81.)** | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Pursuant to Rule 56(c)(2), Defendants have not presented their dispute in a form that would be admissible in evidence. |
| 96. | The cumulative psychological effects of stigma have been well-documented. Children in these circumstances are at elevated risk for depression, anxiety, and trauma-related disorders due to constant legal precarity and social exclusion. **(Rathod Decl. ¶82.)** | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Pursuant to Rule 56(c)(2), Defendants have not presented their dispute in a form that would be admissible in evidence. |
|  | History of the Fourteenth Amendment and the Principle of *Jus Soli* in America | | |
| 97. | The Fourteenth Amendment was adopted by Congress in June 1866. **(Lew-Williams Decl. ¶9.)** | Undisputed. | |
| 98. | The Fourteenth Amendment was ratified by the States in July 1868. **(Lew-Williams Decl. ¶9.)** | Undisputed. | |

| | | | |
|---|---|---|---|
| 99. | The Fourteenth Amendment begins with a statement on citizenship. The Citizenship Clause states, "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." (U.S. Const. amend. XIV, § 1; **Lew-Williams Decl. ¶9**.) | Undisputed. | |
| 100. | The Citizenship Clause was derived from seventeenth-century English common law, which held that all persons born within royal dominions were natural-born subjects of the Crown, except the children of foreign diplomats or wartime enemies. Since the nineteenth century, jurists have referred to this English common law rule as *jus soli*, or the right of the soil. (**Lew-Williams Decl. ¶10**.) | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations, or conclusions of law, and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).<br><br>Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 101. | The American colonies adopted many aspects of English common law, including the principle of *jus soli*. (**Lew-Williams Decl. ¶10**.) | Disputed. Pursuant to Objections 1 and 2, these are not material facts but are improper characterizations or conclusions of law. | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).<br><br>Additionally, Defendants failed to comply with Rule |

| | | 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
|---|---|---|
| 102. | Article II, Section I of the U.S. Constitution states that "the President must be a 'natural born Citizen.' It was widely believed at the time, and continues to be the prevailing scholarly view today, that this phrase reflected a presumption that *jus soli* would apply for the purposes of determining U.S. citizenship. That is, all those born under the Republic would automatically acquire membership and be eligible for the Presidency (subject to the narrow exceptions for the children of foreign diplomats and invading armies, as described under common law)." (**Lew-Williams Decl. ¶11.**) | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56.

Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).

Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 103. | The Naturalization Act of 1790, the first federal statute regarding naturalization, outlines the process of naturalization for all aliens, namely '[t]hat any Alien being a free white person, who shall have resided within the limits and under the jurisdiction of the United States for the term of two years, may be admitted to become a citizen thereof….' The Act further outlines the status of 1) a minor child born abroad to U.S. citizen parents and 2) a minor child 'dwelling within the United States' with alien parents in the process of | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56.

Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).

Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support |

| | | |
|---|---|---|
| | naturalization. The fact that the Act does not address a child born within the 'limits and jurisdiction' of the United States reflects that such a child was presumed to be a natural-born citizen. (**Lew-Williams Decl. ¶12**.) | | their objection with citations to record evidence. |
| 104. | In the years after independence, U.S. courts and jurists generally agreed that the English common law principle of *jus soli* constituted the basis of citizenship law in the new republic, at least for free white persons. (**Lew-Williams Decl. ¶13**.) | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 105. | Leading American jurist James Kent delivered a lecture "On Aliens and Natives," which he later published in *Commentaries on American Law* (1827), which states that "inhabitants of every country" can be divided into two categories: "aliens and natives." He explained, "Natives are all persons born within the jurisdiction of the United States" whereas "an alien is a person born out of the jurisdiction of the United States." (**Lew-Williams Decl. ¶13**.) | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support |

| | | | their objection with citations to record evidence. |
|---|---|---|---|
| 106. | In the Antebellum Period, members of the executive branch also referred to the *jus soli* rule as common knowledge. (**Lew-Williams Decl. ¶15**.) | Disputed. Pursuant to Objections 1 and 2, these are not material facts but are improper characterizations or conclusions of law. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by supporting its denial with citations to record evidence. |
| 107. | Secretary of State William Marcy, in a letter to the U.S. ambassador to France in 1854, wrote, "it is presumed that, according to the common law, any person born in the United States, unless he be born in one of the foreign legations therein, may be considered a citizens thereof until he formally renounces his citizenship." (**Lew-Williams Decl. ¶15**.) | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 108. | In 1859, Attorney General J. S. Black stated, "a free white person born in this country, of foreign parents, is a citizen of the United | Disputed. Pursuant to Objections 1 and 2 these are not material facts but are improper | Defendants have failed to properly address this assertion of fact as required by Rule 56. |

| | | |
|---|---|---|
| States." (**Lew-Williams Decl. ¶15**.) | characterizations or conclusions of law. | Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).<br><br>Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 109. | In an 1862 opinion, Attorney General Edward Bates wrote, "I am quite clear in the opinion that children born in the United States of alien parents, who have never been naturalized, are native-born citizens of the United Sates...." (**Lew-Williams Decl. ¶15**.) | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements. | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).<br><br>Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| | The Civil Rights Act of 1866 | |
| 110. | The Civil Rights Act of 1866 is the first federal statute in the United States that explicitly declared the principle of *jus soli*. (**Lew-Williams Decl. ¶23**.) | Disputed. Pursuant to Objections 1 and 2 these are not material facts but are improper characterizations or conclusions of law. | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule |

| | | |
|---|---|---|
| | | 56(c)(2) and is not supported as required by Rule 56(c)(1). Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 111. | Senator Lyman Trumbull drafted and introduced the Civil Rights Act of 1866. (**Lew-Williams Decl. ¶23**.) | Undisputed. | |
| 112. | As amended the Civil Rights Act of 1866 stated, "That all persons born in the United States and not subject to any foreign power, excluding Indians not taxed, are hereby declared to be citizens of the United States." (Civil Rights Act of 1866, 14 Stat. 27 (1866).) (**Lew-Williams Decl. ¶23**.) | Undisputed. | |
| 113. | During floor debates, Senator Trumbull explained that the birthright citizenship provision was added "for the purpose of removing doubts, not because I suppose it necessary, for I believe that the native-born person of African descent now who is a freeman in this land is as much a citizen as any of us.'" (**Lew-Williams Decl. ¶23**.) | Undisputed. | |
| 114. | The birthright citizenship provision merely codified the existing *jus soli* common law rule for children of non-diplomat aliens. (**Lew-Williams Decl. ¶23.**) | Disputed. Pursuant to Objections 1 and 2 these are not material facts, but are improper characterizations or conclusions of law. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Defendants' response is not a proper objection under Rule 56(c) in that the objection is |

| | | |
|---|---|---|
| | | not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).<br><br>Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 115. | The drafters of the 1866 Civil Rights Bill excluded the children of foreign ministers by using the phrase "and not subject to foreign power." Senator Trumbull explained, "we cannot make a citizen of the child of a foreign minister who is temporarily residing here' because they do not 'owe allegiance' to the United States." **(Lew-Williams Decl. ¶24.)** | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).<br><br>Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 116. | The drafters of the Civil Rights Act also excluded members of Indian tribes, by "excluding Indians not taxed." Senator Trumbull stated, "Our dealings with Indians are with them as foreigners, as separate nations, except in reference to those who are incorporated into the United States as some are, and are taxable and become citizens, and then it would be desirable that it should apply to the Indians so far as those | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. . | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).<br><br>Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and |

| | | | |
|---|---|---|---|
| | who are domesticated and pay taxes and live in civilized society are concerned." (**Lew-Williams Decl. ¶25.**) | | Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 117. | The drafters of the 1866 Civil Rights Act intended the Act to reaffirm that the children of aliens (other than foreign diplomats) were citizens. Senator Trumbull made clear his expectation to the Senate. When asked if the Act would affirm citizenship for "the children of Chinese and Gypsies born in this country," Trumbull answered, "undoubtedly." He stated, "the child of an Asiatic is just as much a citizen as the child of a European." (**Lew-Williams Decl. ¶26.**) | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56. <br><br> Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). <br><br> Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 118. | During floor debates, no Senator disputed the effect of the bill would make the U.S.-born children of non-diplomatic aliens U.S. citizens –including the children of Chinese immigrants-- regardless of their parentage. (**Lew-Williams Decl. ¶27.**) | Disputed. Pursuant to Objections 1 and 2 these are not material facts, but are improper characterizations or conclusions of law. | Defendants have failed to properly address this assertion of fact as required by Rule 56. <br><br> Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). <br><br> Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |

| 119. | President Andrew Johnson vetoed the Civil Rights Act of 1866 because it would extend citizenship to the U.S.-born children of all non-diplomatic aliens. In his veto message to Congress, President Johnson complained that the citizenship provision "comprehends the Chinese of the Pacific States, Indians subject to taxation, the people called gypsies, as well as the entire race designated as blacks, people of color, negroes, mulattoes, and persons of African blood. Every individual of these races born in the United States is by the bill made a citizen of the United States." In recognizing that the Civil Rights Bill would extend citizenship to the children of Chinese and other immigrants, President Johnson acknowledged that the *jus soli* rule applied to all non-diplomatic aliens, even those he found objectionable. (**Lew-Williams Decl. ¶28**.) | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).<br><br>Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| --- | --- | --- | --- |
| 120. | On April 9, 1866, Congress overrode President Johnson's veto and enacted the Civil Rights Act. (**Lew-Williams Decl. ¶28**.) | Undisputed. | |
| | <div align="center">The Citizenship Clause of the Fourteenth Amendment</div> | | |
| 121. | On April 30, 1866, the Joint Committee of Fifteen on Reconstruction introduced a draft of the Fourteenth Amendment. (**Lew-Williams Decl. ¶29**.) | Disputed. Pursuant to Objections 1 and 2 these are not material facts but are improper characterizations or conclusions of law. | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is |

| | | |
|---|---|---|
| | | not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 122. | The original draft of the Fourteenth Amendment did not include a clause affirming birthright citizenship, because most Republicans did not believe such language was necessary. They believed that the English common law principle of *jus soli* had always applied in the United States and *Dred Scott* had been wrongly decided. (**Lew-Williams Decl. ¶30**.) | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 123. | In order to invalidate the *Dred Scott* decision and silence its supporters, Senate Republican Jacob Howard of Michigan introduced a provision, which came to be known as the Citizenship Clause: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." (**Lew-Williams Decl. ¶30**.) | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and |

| | | |
|---|---|---|
| | | Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 124. | Senator Howard employed bolder and broader language in the Citizenship Clause than had been used in the Civil Rights Act of 1866. (**Lew-Williams Decl. ¶30.**) | Disputed. Pursuant to Objections 1 and 2 these are not material facts but are improper characterizations or conclusions of law. | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).<br><br>Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 125. | The Citizenship Clause does not include language "subject to any foreign power" which had been used in the Civil Rights Act of 1866. (**Lew-Williams Decl. ¶30.**) | Undisputed. | |
| 126. | The Citizenship Clause does not include language "Indians not taxed" which had been used in the Civil Rights Act of 1866. (**Lew-Williams Decl. ¶30.**) | Undisputed. | |
| 127. | The Citizenship Clause does not mention the parents of "persons born or naturalized" in the United States. (**U.S. Const. amend. XIV, § 1, cl. 1.**) | Disputed. Pursuant to Objections 1 and 2 these are not material facts but are improper characterizations or conclusions of law. | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). |

| | | | Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
|---|---|---|---|
| 128. | The Citizenship Clause does not mention the citizenship, allegiance, domicile, immigration status, or country of origin of parents of "persons born or naturalized" in the United States. **(U.S. Const. amend. XIV, § 1, cl. 1.)** | Disputed. Pursuant to Objections 1 and 2 these are not material facts but are improper characterizations or conclusions of law. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 129. | Webster's Dictionary of 1865 offered four definitions of "jurisdiction:" 1) "The legal power or authority of doing justice in cases of complaint; the power of executing the laws and distributing justice;" 2) "Power of governing or with legislating;" 3) "The power or right of exercising authority;" 4) "The limit within which power may be exercised." **(Lew-Williams Decl. ¶32**.) | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support |

| | | | their objection with citations to record evidence. |
|---|---|---|---|
| 130. | Burrill's 1860 Law Dictionary defined "jurisdiction" referred to the sovereign's "power to make law; power to legislate or govern; power or right to exercise authority." (**Lew-Williams Decl. ¶32.**) | Disputed. Pursuant to Objections 1 and 2 these are not material facts but are improper characterizations or conclusions of law. | Defendants' have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).<br><br>Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 131. | The Fourteenth Amendment's drafters would have also understood the meaning of "jurisdiction" relative to aliens from previous court decisions, the most prominent of which is Chief Justice Marshall's decision in *Schooner Exchange v. McFaddon* (1812). (**Lew-Williams Decl. ¶32.**) | Disputed. Pursuant to Objections 1 and 2 these are not material facts but are improper characterizations or conclusions of law. | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).<br><br>Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 132. | Henry Wheaton, one of the most prominent American scholars in the Antebellum Period, endorsed Chief Justice Marshall's decision | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions | Defendants have failed to properly address this assertion of fact as required by Rule 56. |

| | | | |
|---|---|---|---|
| | in *Exchange v. McFaddon* and elaborated on the nature of jurisdiction in *Elements of International Law* (1836). He stated, "all persons and property within the territorial jurisdiction of a sovereign [are] amenable to the jurisdiction of himself and his courts." He described this "general rule" as "beyond dispute," but allowed that there were several exceptions "in order to preserve the peace and harmony of nations." These exceptions to "territorial jurisdiction" included "a foreign sovereign," "an ambassador, or other public minister," and "a foreign army or fleet." (**Lew-Williams Decl. ¶34**.) | of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).<br><br>Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 133. | Senator Howard, who introduced the citizenship provision, explained that he sought to constitutionalize existing law. (**Lew-Williams Decl. ¶35**.) | Disputed. Pursuant to Objections 1 and 2 these are not material facts but are improper characterizations or conclusions of law. | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).<br><br>Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 134. | In introducing the Citizenship Clause, Senator Howard stated, "[T]he question of citizenship has | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts but are improper | Defendants have failed to properly address this assertion of fact as required by Rule 56. |

| | | |
|---|---|---|
| been so fully discussed in this body as to not need any further elucidation, in my opinion. This amendment which I have offered is simply declaratory of what I regard as the law of the land already, that every person born within the limits of the United States, and subject to their jurisdiction, is by virtue of natural law and national law a citizen of the United States." (**Lew-Williams Decl. ¶35**.) | characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 135. | Senator Howard then stated that *jus soli* did not apply to foreign ministers, but did apply to all others: "This [provision] will not, of course, include persons born in the United States who are foreigners, aliens, who belong to the families of embassadors [sic] or foreign ministers accredited to the Government of the United States, but will include every other class of persons. It settles the great question of citizenship and removes all doubt as to what persons are or are not citizens of the United States." (**Lew-Williams Decl. ¶35**.) | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 136. | The drafters of the Fourteenth Amendment's Citizenship Clause also intended to exclude members of Indian tribes because they believed that Indian tribes held their own sovereignty. Senator Howard explained, "Indians born within the limits of the United States and who maintain their | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56. Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). |

| | | |
|---|---|---|
| | tribal relations, are not, in the sense of this amendment, born subject to the jurisdiction of the United States. They are regarded, and always have been in our legislation and jurisprudence, as being *quasi* foreign nations." Senator Trumbull agreed that Indian tribes acted similarly to foreign nations; for example, they entered into treaties with the United States. (**Lew-Williams Decl. ¶36.**) | | Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 137. | As detailed in the next eight rows, it is clear from the congressional debates over the Fourteenth Amendment that Congress understood the Citizenship Clause to apply to the children of non-diplomatic aliens, including those aliens considered undesirable at the time. (**Lew-Williams Decl. ¶37.**). | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements. | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).<br><br>Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 138. | During the congressional debate over the Fourteenth Amendment, Senator Howard stated that the Citizenship Clause provided that "every person born within the limits of the United States, and subject to their jurisdiction, is by virtue of natural law and national law a citizen of the United States . . . .This [provision] will not, of | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). |

| | | |
|---|---|---|
| | course, include persons born in the United States who are foreigners, [that is] aliens, who belong to the families of embassadors [sic] or foreign ministers accredited to the Government of the United States, but will include every other class of persons. It settles the great question of citizenship and removes all doubt as to what persons are or are not citizens of the United States." (**Lew-Williams Decl. ¶35.**) | | Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) failing to support their objection with citations to record evidence. |
| 139. | During the congressional debate over the Fourteenth Amendment, Senators Cowan and Conness had an exchange in which Cowan asked, "Is the child of the Chinese immigrant in California a citizen? Is the child of a Gypsy born in Pennsylvania a citizen?" Senator Conness responded, "the children begotten of Chinese parents in California and it is proposed to declare that they shall be citizens. We have declared that by law; now it is proposed to incorporate the same provision in the fundamental instrument of the nation," which he indicated he supported. (**Lew-Williams Decl. ¶37.**) | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56.

Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).

Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 140. | During the same exchange referred to in row 139, Senator Conness acknowledged that while Chinese immigrants "all return to their own country at some time or other, either alive or dead" and that he was "fully aware of the nature of that class of people," he was "entirely ready to accept the | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56.

Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). |

| | | |
|---|---|---|
| | provision proposed in this constitutional amendment" that the children of such immigrants would be citizens. (**Lew-Williams Decl. ¶38.**) | | Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 141. | During the same exchange referred to in rows 139 & 140, Senator Conness asserted that the Citizenship Clause provision declared, "the children of all parentage whatever, born in California, should be regarded and treated as citizens of the United States, entitled to equal civil rights with other citizens of the United States." (**Lew-Williams Decl. ¶37.**) | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).<br><br>Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 142. | During the same exchange referred to in rows 139-141, Senator Cowan complained that the Citizenship Clause would extend citizenship to "Gypsies" whom he described as "people who invade [America's] borders; who owe to her no allegiance; who pretend to owe none; who recognize no authority in her government; who have a distinct, independent government of their own—an *imperium in imperio*; who pay no taxes; who never perform military service; who do nothing in fact, | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).<br><br>Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support |

| | | | |
|---|---|---|---|
| | which becomes a citizen, and perform none of the duties which devolve upon him, but, on the other hand, have no homes, pretend to own no land, live nowhere, settle as trespassers wherever they go, and whose sole merit is a universal swindle; who delight in it, who boast of it, and whose adroitness and cunning is of such a transcendent character that no skill can serve to correct it or punish it" and proposed excluding them. Senator Conness affirmed that the Citizenship Clause would extend to the children of Gypsies, who "were characterized as unwanted 'trespassers' in the United States." (**Lew-Williams Decl. ¶¶41-42.**) | | their objection with citations to record evidence. |
| 143. | During the congressional debate over the Fourteenth Amendment, none of the drafters of the Amendment objected to Senator Conness's characterization and summaries of his response received widespread national attention in the news. (**Lew-Williams Decl. ¶37**). | Disputed. Pursuant to Objections 1 and 2 these are not material facts but are improper characterizations or conclusions of law. | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).<br><br>Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 144. | During the congressional debate over the Fourteenth Amendment. Senators Wade and Fessenden had | Disputed. Pursuant to Objections 1, 2 and 3 these are not material facts, but are improper | Defendants have failed to properly address this assertion of fact as required by Rule 56. |

| | | |
|---|---|---|
| an exchange regarding an amendment proposed by Senator Wade concerning the Privileges and Immunities Clause, Senator Fessenden asked, "Suppose a person is born here of parents from abroad temporarily in this country," were they to be citizens? Senator Wade responded that there was only "one instance" in which such a person would not be a citizen: the children of foreign diplomats. (**Lew-Williams Decl. ¶39**). | characterizations or conclusions of law and violate the Court's standing order concerning short and concise statements and no more than one undisputed factual assertion per numbered row. | Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).<br><br>Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 145. In introducing the Citizenship Clause in the House, Representative Thadeus Stevens explained that it "defin[es] who are citizens of the United States and of the States . . . It declares this great privilege to belong to every person born or naturalized in the United States." (**Lew-Williams Decl. ¶30**) | Disputed. Pursuant to Objections 1 and 2 these are not material facts but are improper characterizations or conclusions of law. | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1).<br><br>Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
| 146. Beyond Representative Stevens' introductory statement, the Congressional Record does not otherwise include discussion of children of aliens in the House debates of the Fourteenth Amendment (**Lew-Williams Decl. ¶40**.) | Disputed. Pursuant to Objections 1 and 2 these are not material facts but are improper characterizations or conclusions of law. | Defendants have failed to properly address this assertion of fact as required by Rule 56.<br><br>Defendants' response is not a proper objection under Rule 56(c) in that the objection is not within the scope of Rule 56(c)(2) and is not supported as required by Rule 56(c)(1). |

| | | | Additionally, Defendants failed to comply with Rule 56(c)(1), Local Rule 7(h) and Standing Order Paragraph 12(b) by failing to support their objection with citations to record evidence. |
|---|---|---|---|

Dated: August 13, 2025                              Respectfully submitted,


/s/ John A. Freedman                        John C. Yang (D.C. Bar No. 438672)
John A. Freedman (D.C. Bar No. 453075)      Niyati Shah (D.C. Bar No. 1659560)
Sally Pei (D.C. Bar No. 1030194)            Noah Baron (D.C. Bar No. 1048319)
Jonathan L. Stern (D.C. Bar No. 375713)     ASIAN AMERICANS
Ronald D. Lee (D.C. Bar No. 411516)          ADVANCING JUSTICE-AAJC
ARNOLD & PORTER KAYE SCHOLER LLP            1620 L Street, NW, Suite 1050
601 Massachusetts Avenue, N.W.              Washington, D.C. 200036
Washington, D.C. 20001                      (202) 296-2300
(202) 942-5000                              jcyang@advancingjustice-aajc.org
John.Freedman@arnoldporter.com              nshah@advancingjustice-aajc.org
Sally.Pei@arnoldporter.com                  nbaron@advancingjustice-aajc.org
Jonathan.Stern@arnoldporter.com
Ronald.Lee@arnoldporter.com                 Kaitlin Banner (D.C. Bar No. 1000436)
                                            Sarah Bessell (D.C. Bar No. 219254)
                                            Madeleine Gates (D.C. Bar No. 90024645)
                                            WASHINGTON LAWYERS'
                                            COMMITTEE FOR CIVIL RIGHTS
                                            AND URBAN AFFAIRS
                                            700 14th Street, NW, Suite 400
                                            Washington, D.C. 20005
                                            (202) 319-1000
                                            kaitlin_banner@washlaw.org
                                            sarah_bessell@washlaw.org
                                            madeleine_gates@washlaw.org


*Counsel for Plaintiff*