# SUPPLEMENTAL DECLARATION OF THU NGUYEN

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**OCA- Asian Pacific American Advocates,** *et al.*,

Plaintiffs,

**v.**

**Marco Rubio,** *et al.*,

Defendants.

Civil Action No. 1:25-cv-00287 (TJK)

## SUPPLEMENTAL DECLARATION OF THU NGUYEN

I, Thu Nguyen, declare under penalty of perjury that the following is true and correct:

1.      I am over the age of 18 years old and am fully competent to make this declaration.

2.      I am the Executive Director of OCA - Asian Pacific American Advocates ("OCA"), a position that I have held since November 1, 2021.

3.      OCA is a membership-based organization with both national headquarters and local chapters. We are a plaintiff in this lawsuit because Executive Order 14,160 threatens both our members and our own interests in maintaining our mission.

4.      OCA represents its members in this suit in good faith.

5.      As stated in my prior Declaration in this matter, if the Executive Order were to take effect, it would affect OCA itself in a number of ways.  For example, we expect our local chapters would face a massive increase in demand for their naturalization and application services.

Previously, OCA's local chapters provided such services to its non-US citizen members, but the U.S.-born children of such members had no need for assistance.  Right now, the Order is not being implemented because of the other cases against it, but as soon as the Executive Order is implemented, we expect a substantial increase in requests for assistance with immigration services for U.S.-born children of our members.  This, in turn, would require OCA to dedicate more resources to helping those chapters with policy guidance, including guidance at the state and local level to address implementation of the Executive Order.  Supporting our chapters and members would require us to pull staff who are working on other important policy initiatives such as mental health and caregiving access or digital literacy and reallocate their time to creating and distributing this guidance to our chapters.

6.    If the Executive Order were to take effect and the local chapters of OCA experience the expected large increase in demand for naturalization counseling and application services, the OCA national organization would need to step in to respond to chapter requests for, and provide, additional resources such as grants and/or funding, as well as expenditure of national staff time. The national staff of OCA would need to dedicate more time advising the local chapters, preparing guidance documents and policies, and connecting chapters with other groups locally and nationally that may be able to assist them in handling the anticipated increase in demand for naturalization counseling and application services.  This would amount to a diversion of resources by the national organization of OCA in order to meet the needs of local chapters as a result of the Executive Order.

7.    Additionally, OCA has already had to divert and expend resources even while the Executive Order is enjoined from enforcement and is being litigated across the country. Specifically, OCA national has had to divert and expend a substantial amount of staff time to talk to members about the Executive Order and its potential effects, which falls outside of the typical

workload and programming planned for OCA this year.  This expenditure of staff resources takes the form of informal conversations with members, such as on video or conference calls, originally convened for unrelated matters, or whenever OCA staff interact with members in person.  These interactions include questions regarding updates on the Executive Order, its potential implementation, how the implementation may impact members, and any potential retroactive application of the Executive Order if it is no longer enjoined.

8.    As a result, OCA staff members have been delayed in other work and programming they would typically be doing or had previously planned to do prior to the Executive Order.  OCA staff have had to extend meeting times in order to discuss the Executive Order and its potential impacts, including delaying discussion of other programming and policy priorities.  The discussions of, and planning for, the potential impacts of the Executive Order have resulted in tangible impacts on other policy priorities as a result of the diversion of staff resources.  For example, the members of OCA's staff have been planning to develop a strategy for chapters to mobilize civic engagement on state-level policy issues.  Instead members of that team have had to rededicate their time to address issues related to the Executive Order, to assist in preparing guidance for local chapters regarding the potential impacts of the Executive Order, and to plan for the potential impacts on services if the Executive Order is implemented.  This diversion of resources has resulted in the state advocacy initiative being delayed by roughly seven months.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on  Aug 12, 2025

Thu Nguyen (Aug 12, 2025 18:26:47 EDT)

Thu Nguyen