UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| OCA – ASIAN PACIFIC AMERICAN ADVOCATES, <br><br> Plaintiff, <br><br> v. <br><br> MARCO RUBIO, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )  Civil Action No. 25-0287 (TJK) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' MOTION FOR EXTENSION OF TIME
TO REPLY IN SUPPORT OF THEIR MOTION TO DISMISS
OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Defendants Donald J. Trump, in his official capacity as President of the United States, Kristi Noem, in her official capacity as Secretary of the United States Department of Homeland Security and the U.S. Department of Homeland Security; Marco Rubio in his official capacity as Secretary of State and the U.S. Department of State; Pam Bondi, in her official capacity as Attorney General of the United States and the U.S. Department of Justice; and Frank Bisignano, in his official capacity as Commissioner of the Social Security Administration and the Social Security Administration (collectively, "Defendants"), by and through their attorneys, respectfully submit this motion for extension of time until August 6, 2025, to file a comprehensive response to Plaintiffs' filings including the Amended Complaint and Partial Motion for Summary Judgment with counterstatement of disputed facts.

**PROCEDURAL POSTURE**

OCA-Asian Pacific American Advocates ("OCA") filed this APA action on January 31, 2025. On April 7, 2025, Defendants filed a motion for extension of time to file a motion to stay on

April 14, 2025. ECF No. 13.  The Court ultimately granted Defendants' request *nunc pro tunc* on April 14, 2025.  *See* April 14, 2025, Minute Order. On April 14, 2025, Defendants filed their motion to stay proceedings primarily because the Executive Order Plaintiffs are challenging—Executive Order 14160, Protecting the Meaning and Value of American Citizenship ("EO 14160" or the "Executive Order")—was the subject of three nationwide injunctions and because in the interests of judicial economy the stay would avoid duplicative and potentially conflicting litigation. Defendants also requested that to the extent that the Court denies their motion to stay, they be allowed twenty-one calendar days from issuance of any order denying the motion to stay to respond to Plaintiff's petition.  On May 14, 2025, the Court denied Defendants' motion to stay holding, in part, "that a stay would simply reallocate the Court's time by delaying the case's resolution." And that "if the Supreme Court takes up the question of whether Executive Order 14160 is lawful, that would be a different matter. But until then, the Court cannot see how the requested stay would materially promote efficient use of its resources."  Mem. Op. at 3-4, ECF No. 19. Accordingly, the Court ordered that Defendants answer or otherwise respond to the Complaint by June 4, 2025, twenty-one (21) days from its decision.  Due to the press of business and the need for internal review, an additional extension from June 4, 2025, up to and including Wednesday, June 25, 2025, was requested. ECF No. 20. The plaintiffs opposed. ECF No. 21.  The Court granted the motion in part and ordered the Defendants to file a responsive pleading by June 18, 2025.  June 2, 2025, Min. Order.  Defendants filed their Motion for Summary Judgment and in the alternative to Dismiss on June 18, 2025.  ECF No. 22, 23.  An Amicus brief in support of Defendants was filed by Immigration Reform Law Institute on June 26, 2025. ECF No. 31. Thereafter, on July 2, 2025, Plaintiffs, filed: (1) an unopposed Motion to proceed pseudonymously (ECF No. 28); (2) an Amended Complaint (ECF NO. 29) with class action allegations; and (3) a

Motion for Partial Summary Judgment (ECF No. 30) with numerous exhibits including two expert declarations and One Hundred and Forty-Six Statements of Material facts (ECF NO. 30-3). Defendants requested an extension of time to respond to Plaintiff's amended pleading and partial motion for Summary Judgment, until August 14, 2025, but Plaintiffs again opposed (ECF No. 33). The Court granted Defendants motion in part and denied it in part and ordered that Defendants file a comprehensive response to the Amended Complaint and Plaintiffs' Motion for Partial Summary Judgment by July 30, 2025. July 14, 2025, Min. Order. On August 1, 2025, Plaintiffs filed a Motion for Briefing schedule. ECF No. 37. In granting that motion the Court ordered that Plaintiffs file their Combined Reply and Opposition by August 13, 2025, and Defendants to file their Reply in support of their Motion by August 20, 2025. August 6, 2025, Min. Order. On August 13, 2025, Plaintiffs filed their Supplemental Motion to Proceed Pseudonymously for OCA's Member B. ECF No. 39; Reply in support of Plaintiffs Cross Motion for Summary Judgment. ECF No. 40; and Opposition to Defendant's Motion to Dismiss and Summary Judgment. ECF No. 41. On August 14, 2025, Plaintiffs filed a Notice of Corrected Filing of their Reply and Opposition (ECF Nos. 40 & 41), with a copy of the corrected brief attached as Exhibit 1. ECF No. 42.

Pursuant to Local Civil Rule 7(m), undersigned counsel contacted Plaintiffs' counsel on August 15, 2025, informing them of Defendants intent to file this extension motion. Although, Plaintiffs have not responded, Defendants anticipate that Plaintiffs will oppose this request.

**ARGUMENT**

In support of this motion, Defendants state as follows:

Due to the significance of this matter and its nationwide novel constitutional implications, Defendants are requesting more time to Reply to Plaintiffs' Opposition in their Omnibus filing. ECF No. 41. Plaintiffs filed their sixty-five page Opposition on August 13, 2025, along with three

3

supplemental declarations, including a new declaration for Member B, which was not a part of their original complaint. *Id*. On August 14, 2025, Plaintiffs filed a sixty-eight page corrected version of their omnibus Motion. ECF No. 42-1. Because of the short timeframe to respond - seven days (August 20, 2025)- to this barrage as well as counsel's current litigation schedule and supervisory responsibilities, an extension is requested pursuant to Fed. R. Civ. P. 6 (b)(1)(A), to review the pleadings and prepare a reasoned response as well as to seek internal Justice Department review and comments.

There is good cause for this request. First, Undersigned counsel apologizes to the Court for any inconvenience caused by the filing of this extension motion. Undersigned initially and perhaps naively believed that all could be accomplished by August 20th, but due to ever impending deadlines and interruptions pertaining to other case and managerial responsibilities, the novelty of the issues, required DOJ review of the pleading, and Plaintiffs' sixty-eight page Motion, including three supplemental declarations and reply to Defendants' counter-statement of undisputed facts, undersigned realizes, albeit late, that filing cannot occur by the 20th and this motion is unfortunately necessary.

The reason for this request is as follows: (1) undersigned has been training two new Attorneys that have only recently joined the office; (2) undersigned is defending her own docket of cases and has been involved with witness testimony and preparation for scheduled depositions, including defending a motion to quash scheduled for Monday, August 18, 2025; (3) undersigned is the sole attorney handling this case as the civil division of the USAO has recently lost 11 attorneys and is currently in the process of replenishing its staff; (4) undersigned has daily managerial responsibilities that include reviewing documents to be filed and conferring with individual AUSAs about case strategies as well as program managers.

Unlike what is the likely norm in private practice, the government does not have a team of people assigned to this case. The undersigned is also defending a docket of cases that includes FOIA, Immigration, Privacy Act, Tort and Employment Discrimination cases. Consequently, her time is limited and spent handling and defending those cases, which takes time away from this case. Thus, counsel is requesting a two-week extension, until September 3, 2025, to complete the Reply and for the appropriate DOJ internal review.

The Defendants have not filed this request to delay the proceedings but for good cause. [1]

Accordingly, Defendants respectfully request an extension of time for two-weeks until Wednesday, September 3, 2025, to file their Reply.

Dated: August 15, 2025
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ Heather Graham-Oliver
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2520

*Attorneys for the United States of America*

---

[1] On July 23, 2025, the Ninth Circuit affirmed the District Court's Injunction of Executive Order No. 14160. *State of Washington, et al. v. Trump, et al.* No. 25-807, 2025 U.S. App. LEXIS 18419 (9th Cir. July 23, 2025). The District Court of New Hampshire has provisionally certified a nationwide class of plaintiffs and issued a classwide preliminary injunction, which it stayed until July 17, 2025, pending appeal in the First Circuit. *See Barbara et al., v. Trump,* No. 25-244, 2025 U.S. Dist. LEXIS 130805 (D.N.H. July 10, 2025).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OCA – ASIAN PACIFIC AMERICAN ADVOCATES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARCO RUBIO, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 25-0287 (TJK) |

## [PROPOSED] ORDER

UPON CONSIDERATION of the Defendants' motion for an extension of time to file their Reply in support of their Motion to Dismiss or in the alternative for Summary Judgment, and for good cause shown and the entire record herein, it is hereby

ORDERED that Defendants' motion is GRANTED; and it is further

ORDERED that Defendants shall have through and including September 3, 2025, to file its Reply in support of their Motion to Dismiss or in the alternative for Summary Judgment.

SO ORDERED:


Dated: August 15, 2025

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　TIMOTHY J. KELLY
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge