**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| OCA – ASIAN PACIFIC AMERICAN ADVOCATES, et al., | |
| *Plaintiffs*, | |
| v. | Civil Action No. 1:25-cv-00287 (TJK) |
| MARCO RUBIO, et al., | |
| *Defendants*. | |

## PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME

Defendants' latest request for an extension ("Motion", ECF No. 43) represents Defendants' sixth effort to delay proceedings (*see* ECF Nos. 13, 15, 16, 20, 32) which have cumulatively deferred progress in this case by nearly three months. Defendants' Friday evening filing was made without ascertaining Plaintiffs' position (in violation of Local Rule 7(m)) and failed to comply with Paragraphs 10 or 11(a) of the January 31 Standing Order (ECF 6), in failing both to properly confer and to satisfy the requirements for an extension of time. Nevertheless, as a matter of professional courtesy, Plaintiffs are willing to consent to a one-week extension of time within which Defendants may file their Reply in Support of their Motion to Dismiss or in the Alternative for Summary Judgment.

Otherwise, Plaintiffs oppose Defendants' Motion for a two-week extension until September 3, 2025, ECF No. 43. The reasons counseling against granting Defendants' further extensions remain largely unchanged from those articulated in Plaintiffs' prior oppositions: Defendants have not satisfied the "good cause" standard for an extension, have not complied with the Standing Order, and further extensions would prejudice Plaintiffs.

## PROCEDURAL BACKGROUND

1.      Plaintiff OCA – Asian Pacific American Advocates filed its Complaint (ECF No. 1) on January 30, 2025, and served the Complaint on February 4, 2025.  ECF No. 10. Defendants' responsive pleading was originally due on April 7, 2025.  ECF No. 10.

2.      After Defendants requested four separate delays of this case (ECF Nos. 13, 15, 16, and 20), on June 2, the Court directed that "Defendants shall answer or otherwise respond to Plaintiffs' Complaint by June 18, 2025." June 2, 2025 Minute Order. The Court warned that it did "not anticipate granting any further extensions." *Id*.

3.      On June 18, 2025, Defendants filed a Motion to Dismiss Plaintiff's Complaint, and in the Alternative a Motion for Summary Judgment.  ECF No. 23.  For reasons discussed in Plaintiffs' July 2 Memorandum of Opposition to Defendants' Motion for Summary Judgment and in Support of Plaintiffs' Motion for Partial Summary Judgment, that motion failed to comply with Rule 56(c)(1)(A), Local Rule 7(h)(1), and the January 31, 2025 Standing Order (ECF No. 6) ¶ 12, in numerous respects.  Among other things, Defendants had failed to support their motion with declarations, affidavits, or admissible evidence, and had moved on Administrative Procedure Act claims without having produced the relevant administrative records.  *See generally* ECF No. 30-1 at 4-5.

4.      On June 30, 2025, Plaintiffs filed, as of right under Rule 15(a)(1)(B), an Amended Class Action Complaint.  ECF No. 29, adding as plaintiffs Jane Doe #1, Baby Doe #1, and Jane Doe #2.  On July 2, 2025, Plaintiffs filed their Motion for Partial Summary Judgment, along with their Memorandum in Opposition to Defendants' Motion for Summary Judgment and in Support of Plaintiff's Motion for Summary Judgment, and related statements and declarations.  ECF No. 30.

5.      On July 11, Defendants sought a six-week extension. ECF No. 32.

6.      On July 14, 2025, this Court entered a minute order granting in part and denying in part Defendants' motion. The Court noted that Defendants had yet again failed to comply with the standing order requiring that a party seeking an extension file such a motion at least four business days prior to the deadline. July 14, 2025 Minute Order (referring to ECF No. 6). The Court further observed that "Defendants have not shown good cause for a further extension." *Id*. Nevertheless, the Court permitted Defendants an additional two weeks to file a "comprehensive response" to Plaintiffs' Amended Complaint, ECF No. 27, and Motion for Partial Summary Judgment, ECF No. 30.

7.      On July 30, Defendants filed a 40-page (56 with tables of contents and authorities) combined Motion to Dismiss Plaintiffs' Class Action Amended Complaint or in the Alternative for Summary Judgment, Opposition to Plaintiffs' Motion for Partial Summary Judgment and Memorandum in Support, which they filed across three ECF entries. ECF Nos. 34, 35, 36. The motion included arguments under Rule 12(b)(1) and Rule 56. Defendants also filed a 49-page Counter-Statement to Plaintiffs' Rule 56 Statement of Material Facts Not in Dispute, ECF No. 36-1, and a Rule 56(c) Statement of Material Undisputed Fact. ECF 36.

8.      After consulting the Local Rules, counsel for Plaintiffs determined that their reply brief would be due within one week and their opposition, in two weeks. To avoid duplicative briefing, on August 1, Plaintiffs contacted counsel for Defendants to obtain Defendants' position on a motion to set a consolidated briefing schedule along with a proposed schedule. *See* ECF No. 37 at 3. Counsel for Defendants replied that they did "not consent or agree" to the proposed schedule, but did not suggest any alternative schedule. *Id*.

9.      On August 1, after Defendants declined to consent to Plaintiffs' proposed consolidated briefing motion, Plaintiffs filed their Motion to Set Consolidated Briefing Schedule. ECF No. 37.

10.     On August 5, Defendants filed their response to Plaintiffs' motion, wherein they indicated that they "have no objection to consolidated briefing." ECF No. 38.

11.     On August 6, the Court granted Plaintiffs' Motion to Set Consolidated Briefing Schedule, noting that "Defendants do not oppose the relief sought." August 6, 2025 Minute Order. Accordingly, the Court ordered:

> Plaintiffs shall file their combined reply in support of their [ECF No.] 30 Motion for Partial Summary Judgment and opposition to Defendants' [ECF No.] 34 Motion to Dismiss Plaintiffs' Class Action Amended Complaint or in the Alternative for Summary Judgment by August 13, 2025, and Defendants shall file their reply in support of their [ECF No.] 34 Motion by August 20, 2025. It is further ORDERED that Plaintiffs' combined reply and opposition shall be no more than 55 pages, non-inclusive of exhibits, the Table of Contents and Table of Authorities. *Id.*

12.     On August 13, Plaintiffs filed their combined briefing. ECF Nos. 40, 41.  This included a 52-page brief (65 pages with tables of authorities and contents), and three declarations that responded to Defendants' Rule 12(b)(1) arguments as to standing and Rule 56 arguments as to lack of material disputed fact.  ECF 41-3, 4 & 5.

13.     The next day, on August 14, Plaintiffs filed a corrected combined brief, ECF No. 42, which altered the original filing "so that the footnote size complies with Local Rule 5.1(d), with corresponding corrections to the Tables of Contents and Authorities, and to address minor typographical errors." ECF No. 42. This included a 53-page brief (68 pages with tables). Plaintiffs made no substantive alterations to the original brief.

14.    Around 4:30 pm on Friday, August 15, counsel for Defendants contacted Plaintiffs via e-mail, stating: "I intend to ask the Court for a two-week extension on the government's Reply, until September 3, 2025 due to my litigation schedule."

15.    Without awaiting Plaintiffs' reply, Defendants filed their Motion. ECF No. 43, at around 6:30 pm on Friday evening seeking an extension until September 3.

**ARGUMENT**

16.    Defendants' stated bases for seeking an extension are not materially different from those offered in their last motion for an extension, which did not come close to meeting the standard for "good cause" required under either the January 31 Standing Order or Federal Rule of Civil Procedure 6(b)(1)(B). *See, e.g.*, July 14, 2025 Minute Order ("Defendants have not shown good cause for a further extension.").

17.    Granting a further extension would also be prejudicial to Plaintiffs, particularly in light of the many extensions the Court has already granted to Defendants. It has been over half a year since Plaintiffs filed this litigation; Defendants have sought to delay proceedings, on average, nearly every month. Only once have Defendants met their original filing deadline for a substantive response without seeking, and obtaining, an extension or otherwise delaying their time within which to respond. Even after this Court's admonitions that it "[did] not anticipate granting any further extensions", June 2, 2025 Minute Order, Defendants have continued to seek additional extensions. *See, e.g.*, ECF No. 32.

18.    Plaintiffs have a pending motion for partial summary judgment that is supported by expert and fact witness declarations and other evidence. Defendants previously obtained the vacatur of three nationwide injunctions that were protecting Plaintiffs, and have taken the position (in the Supreme Court arguments concerning other litigation challenges to Executive

Order 14160) that, in the absence of a decision from the Supreme Court or a certified nationwide class, court orders invalidating the Executive Order would only be valid as to litigants who brought a particular case or within particular appellate circuits.  *See* Transcript of Oral Argument at 30-36, 60-64, *Trump v. CASA* (2025) (No. 24A884).

19.    Plaintiffs filed for summary judgment promptly to ensure that the fundamental constitutional rights of newborn and forthcoming children of themselves and their members' children as citizens are honored; as attested to in the declarations of the individual plaintiffs, the uncertainty is causing considerable mental anguish and stress.  *See* ECF Nos. 30-13 ¶¶ 6, 7, 11; 30-15 ¶ 7, 13; 41-5 ¶¶ 5, 6, 7, 8.

20.    To be sure, other proceedings are underway, but they provide no certainty to Plaintiffs, as Defendants will undoubtedly appeal any decision in those cases adverse to them. For example, while one court has subsequently granted new relief that enjoins Defendants from enforcing Executive Order 14160 anywhere in the United States, Defendants contested the validity of that injunction and "expressly contemplate[d]" an appeal. *See Barbara v. Trump*, No. 25-cv-244-JL-AJ, 2025 U.S. Dist. LEXIS 130805, at *44 (D.N.H. July 10, 2025).

21.    As another example, though the Ninth Circuit recently affirmed a nationwide injunction in a litigation brought by certain states, *Washington v. Trump*, No. 25-807, 2025 U.S. App. LEXIS 18419 (9th Cir. July 23, 2025), Defendants have repeatedly argued that states lack standing to bring the litigation at all and that the injunction is "overbroad." *See, e.g.*, Appellants' Emergency Motion Under Circuit Rule 27-3 for Partial Stay Pending Appeal, Dkt. No. 21.1 at 8 ("[T]he States are not proper parties to this suit"), 17 ("[T]he district court erred in granting nationwide injunctive relief in a suit brought by four States and two individuals."), *Washington v. Trump*, No. 25-807 (9th Cir.). And Defendants have explicitly indicated interest in both

challenging the preliminary injunction affirmed by the Ninth Circuit and seeking certiorari as to lawfulness of the Executive Order. Joint Status Report, ECF No. 151, at 1, *Washington v. Trump* No. 2:25-cv-00127-JCC (W.D. Wash. Aug. 6, 2025) ("In light of the Ninth Circuit's decision, Defendants represent that the Solicitor General plans to seek certiorari expeditiously to enable the Supreme Court to settle the lawfulness of the Citizenship Order next Term, but he has not yet determined which case or combination of cases to take to the Court. . . . Defendants are currently considering whether to seek further review of this Court's preliminary injunction[.]").

22.     The durability, duration, and scope of existing injunctions is therefore uncertain, and that very uncertainty is prejudicial to Plaintiffs.  If Defendants' requested relief is granted, Plaintiffs and Plaintiff OCA – Asian Pacific American Advocates' members—which include individuals in every state—would be subject to the injury Plaintiffs seek to prevent through this suit.

23.     To the extent the other proceedings are relevant, they militate against granting Defendants additional time within which to respond. To be sure, as Defendants note, the matter is "significan[t]", ECF No. 43 at 3, but the other proceedings offer Defendants ample material to draw from. Indeed, in this case Defendants have already liberally borrowed from what they have filed in other litigation concerning the Executive Order. *Compare* Defendants' Opposition to Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction, ECF No. 40, at 25, *CASA, Inc. v. Trump*, 8:25-cv-00201-DLB *with* ECF No. 23 at 35 (copying paragraph almost verbatim).

24.     Nor does Plaintiffs' corrected filing provide any reason to grant an extension, as it made no substantive changes to Plaintiffs' original filing. The length of the brief (53 pages) is also within the 55-page limit set in the Court's August 6 Minute Order.

25.     As before, Defendants' stated reasons for the extension reflect Defendants' own strategic and staffing decisions (or failure to make decisions), in two critical respects.

26.     *First*, Plaintiffs' Amended Class Action Complaint and Motion for Partial Summary Judgment were a direct response to Defendants' decisions on June 18 and July 30 to file 37-page and 40-page dispositive motions, respectively, contending that "the claims raised by Plaintiffs present purely legal issues . . . . Defendants submit that the legal question can be resolved through summary judgment briefing at the threshold without any need for fact discovery." ECF No. 23 at 17 n.1 & at 1.  Defendants did not have to tee up dispositive motions; they simply could have filed an answer and opposed Plaintiffs' motion for summary judgment. But having chosen to drive this case to expedited resolution, Defendants should not be allowed to unilaterally slow things down.   Similarly, to the extent that Defendants complain about the length of Plaintiffs' brief, (ECF No. 43 at 3-4) they fail to recognize that 53 pages is within the 55-page limit the Court set in the August 6 Minute Order.  And to the extent that Defendants complain that Plaintiffs filed declarations in opposition to their motion (ECF No. 43 at 4), they fail to understand that Rule 12(b)(1) and Rule 56(c) contemplate that a party may substantiate its opposition with declarations.

27.     *Second*, Defendants cite the "short timeframe" to respond, and "counsel's current litigation and supervisory responsibilities."  ECF No. 32 at 3.  To begin, counsel for Defendants could have requested additional time when counsel for Plaintiffs reached out to confer over the consolidated briefing schedule. Yet counsel for Defendants did not do so. And while Plaintiffs do not dispute Defendants' counsel's representations about her personal workload, as this Court has noted, the Defendants "are the United States, the richest, most powerful, and best represented litigant to appear before the Court."  ECF No. 19 at 2-3 (citing *Ctr. for Biological Diversity v.*

*Ross*, 419 F. Supp. 3d 16, 21 (D.D.C. 2019)).  As this Court has also observed, the Department of Justice has other lawyers and "the cases Defendants are already defending concern the same Executive Order, and the same legal issues, at the heart of this case."  *Id.*  Defendants fail to explain why they have not drawn on their considerable resources to attend to this litigation, as they have been aware of the asserted concerns since at least April 11, 2025, when counsel for Defendants first asserted her workload in a request for an extension, ECF No. 15 (filed April 11, 2025), not to mention the subsequent instances. ECF Nos. 20 (filed May 29, 2025), 32 (filed July 11, 2025). Defendants have had at least three months—more than ample time to address any such concerns. Defendants were presumably also aware of the "short timeframes" (since they are set forth by Federal Rule 15(a)(3) and Local Rule 7(b), and the Court's August 6, 2025 Minute Order), and this Court's prior admonishments that further extensions in this case will be heavily disfavored.

28.    Defendants present no circumstances justifying a further extension of time.  Their sixth request to delay proceedings should be denied.

Dated: August 18, 2025

Respectfully submitted,

*/s/ Noah Baron*

John A. Freedman (D.C. Bar No. 453075)
Sally Pei (D.C. Bar No. 1030194)
Jonathan L. Stern (D.C. Bar No. 375713)
Ronald D. Lee (D.C. Bar No. 411516)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001
(202) 942-5000
John.Freedman@arnoldporter.com
Sally.Pei@arnoldporter.com
Jonathan.Stern@arnoldporter.com
Ronald.Lee@arnoldporter.com

John C. Yang (D.C. Bar No. 438672)
Niyati Shah (D.C. Bar No. 1659560)
Noah Baron (D.C. Bar No. 1048319)
ASIAN AMERICANS
ADVANCING JUSTICE-AAJC
1620 L Street, NW, Suite 1050
Washington, D.C. 200036
(202) 296-2300
jcyang@advancingjustice-aajc.org
nshah@advancingjustice-aajc.org
nbaron@advancingjustice-aajc.org

Kaitlin Banner (D.C. Bar No. 1000436)
Sarah Bessell (D.C. Bar No. 219254)
Madeleine Gates (D.C. Bar No. 90024645)
WASHINGTON LAWYERS' COMMITTEE
FOR CIVIL RIGHTS AND URBAN
AFFAIRS
700 14th Street, NW, Suite 400
Washington, D.C. 20005
(202) 319-1000
kaitlin_banner@washlaw.org
sarah_bessell@washlaw.org
madeleine_gates@washlaw.org

*Counsel for Plaintiffs*