UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OCA – ASIAN PACIFIC AMERICAN ADVOCATES, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARCO RUBIO, *et al.*,<br><br>*Defendants* | Civil Action No. 1:25-cv-00287 (TJK) |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

October 23, 2025
Angela D. Caesar
Clerk of Court
United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 20001
Room 1225

Re: *Doe v. Trump,* No. 25-1169 (1st Cir.)

Plaintiffs notify the Court of the First Circuit's Opinion in *Doe v. Trump,* No. 25-1169 (1st Cir. Oct 3, 2025) upholding the district court's order enjoining enforcement and implementation of Executive Order No. 14160.

*Doe* provides further support for Plaintiffs' interpretations of Section 1401 and the Citizenship Clause, and for Plaintiffs' Article III standing.

As to Section 1401, *Doe* relied on the legislative history of the section's predecessor in the Nationality Act to conclude that Congress intended to incorporate the ruling in *Wong Kim Ark* and except <u>only</u> three specific groups from birthright citizenship, as well as clarify that *Wong Kim Ark*'s holding "is also applicable to a child born in the United States of parents residing therein temporarily." *Id.* at 49-50. The First Circuit confirmed, as Plaintiffs here have argued, that what matters is what the phrase "'subject to the jurisdiction thereof' was understood to mean when 1401 became law in 1952." *id.* at 47.

The First Circuit's extensive analysis of the Citizenship Clause, and specifically the "jurisdiction" requirement, *e.g.*, *id.* at 66-67,72-73, likewise confirms Plaintiffs' interpretation. *Doe* explained that "all those present here" have a "temporary allegiance to the United States," *id.* at 66-67, and therefore "there is nothing strange" about interpreting the Clause to cover those "<u>actually</u> subjected to the United States law in full." *Id.* at 71-72. For the same reasons, the Court rejected the "incoherence" inherent in the Government's argument that jurisdiction for purposes of the Citizenship Clause should be based on domicile. *Id.*

Finally, the First Circuit concluded that plaintiff O. Doe, an expectant mother with Temporary Protected Status, like Plaintiff Jane Doe #2 here, satisfies the requirements of Article III standing, and that the organizational plaintiffs likewise have associational standing because they have identified "individual members who are pregnant," as Plaintiff OCA-Asian Pacific American Advocates has done here. *Id.* at 18.

Dated: October 23, 2025                                              Respectfully submitted,

John A. Freedman (D.C. Bar No. 453075)        /s/ Noah Baron
Sally Pei (D.C. Bar No. 1030194)                       Noah Baron (D.C. Bar No. 1048319)
Jonathan L. Stern (D.C. Bar No. 375713)

| | |
|---|---|
| Ronald D. Lee (D.C. Bar No. 411516)<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>601 Massachusetts Avenue, N.W.<br>Washington, D.C. 20001<br>(202) 942-5000<br>John.Freedman@arnoldporter.com<br>Sally.Pei@arnoldporter.com<br>Jonathan.Stern@arnoldporter.com<br>Ronald.Lee@arnoldporter.com | John C. Yang (D.C. Bar No. 438672)<br>Niyati Shah (D.C. Bar No. 1659560)*<br>ASIAN AMERICANS<br>ADVANCING JUSTICE-AAJC<br>1620 L Street, NW, Suite 1050<br>Washington, D.C. 200036<br>(202) 296-2300<br>jcyang@advancingjustice-aajc.org<br>nshah@advancingjustice-aajc.org<br>nbaron@advancingjustice-aajc.org<br><br>Kaitlin Banner (D.C. Bar No. 1000436)<br>Sarah Bessell (D.C. Bar No. 219254)<br>Madeleine Gates (D.C. Bar No. 90024645)<br>WASHINGTON LAWYERS'<br>COMMITTEE FOR CIVIL RIGHTS<br>AND URBAN AFFAIRS<br>700 14th Street, NW, Suite 400<br>Washington, D.C. 20005<br>(202) 319-1000<br>aitlin_banner@washlaw.org<br>sarah_bessell@washlaw.org<br>madeleine_gates@washlaw.org<br><br>*Application for admission to D.D.C. pending |

*Counsel for Plaintiffs*