**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| OCA – ASIAN PACIFIC AMERICAN ADVOCATES et al.,<br>*Plaintiffs*,<br>v.<br>MARCO A. RUBIO et al.,<br>*Defendants*. | Civil Action No. 25-287 (TJK) |

**MEMORANDUM**

Plaintiff OCA—an organization that works "to advance the social, political, and economic well-being of Asian Americans, Native Hawaiians, and Pacific Islanders"—sued the Secretary of State and several other Government officials in January 2025, challenging President Trump's Executive Order No. 14160, which addressed birthright citizenship. ECF No. 1 ¶¶ 12, 86. The Executive Order provided "that children born of persons unlawfully or temporarily present in the United States are not 'subject to the jurisdiction' of the United States—and thus do not qualify for citizenship under the Fourteenth Amendment." *Trump v. Barbara*, 609 U.S. __, 146 S. Ct. 2438, 2444 (2026) (quoting Exec. Order No. 14160, 90 Fed. Reg. 8449 (2025)). When the lawsuit was filed, OCA alleged that it had members who were "pregnant women on lawful temporary visas," whose expected children "would have been born and recognized as U.S. citizens but for" the Executive Order. ECF No. 1 ¶¶ 9, 23. OCA then amended the complaint, adding three Individual Plaintiffs: a pregnant woman here on a temporary visa (thus, neither a U.S. citizen or lawful permanent resident), an infant born after the Executive Order became effective to a mother on a temporary visa, and that infant's mother. ECF No. 29-1 ¶¶ 32–34. Neither of the husbands of the two women were U.S. citizens or lawful permanent residents either, so under the Executive Order, the

infant and the pregnant woman's unborn child would not have been recognized as U.S. citizens. *Id*.

The Amended Complaint brings six claims, alleging that the Executive Order is unconstitutional under the Fourteenth Amendment's Citizenship Clause (First Claim); ultra vires (Second Claim); violates the Administrative Procedure Act in several ways (Third and Fourth Claims); unconstitutional under the Fifth Amendment's Equal Protection Clause (Fifth Claim); and they seek a declaratory judgment (Sixth Claim). ECF No. 29-1 ¶¶ 215–261. Plaintiffs moved for partial summary judgment on their First, Second, and Sixth Claims. ECF No. 30. Defendants moved to dismiss or, in the alternative, for summary judgment. ECF Nos. 34, 35. After briefing on the motions concluded, the Supreme Court granted certiorari before judgment in *Trump v. Barbara*, No. 25-365, a case—like this one—in which the plaintiffs challenged the lawfulness of Executive Order No. 14160. *See* Minute Order of December 8, 2025. The Court stayed proceedings in this case, directing the parties to "file a joint status report fourteen days after the [Supreme Court] issues its opinion in *Barbara*." *Id.*

In June 2026, the Supreme Court held in *Barbara* that, under the Fourteenth Amendment's Citizenship Clause, "children born of parents unlawfully or temporarily present in the United States" "satisfy both elements of the Citizenship Clause: they are 'born . . . in the United States' and 'subject to the jurisdiction thereof.' Under the Constitution, they are citizens at birth." 146 S. Ct. at 2450. And the Court affirmed the judgment of the district court, which had preliminarily enjoined Executive Order No. 14150. *Id.* at 2458. As a result, the parties agree that the Court held that the Executive Order "is facially unconstitutional" for the above reasons. ECF No. 49 at 1; *see* 146 S. Ct. at 2477 (Thomas, J., dissenting).

The parties now agree that the Court should enter judgment in Plaintiffs' favor. ECF No.

49. Plaintiffs request that this Court "eliminate any doubt about the status of their children by entering a final judgment in this case in their favor for the reasons articulated in their briefing: they are right on the merits and Defendants failed to comply with Rule 56(c)." *Id.* at 2 (cleaned up). Defendants, for their part, request that the Court "grant Plaintiff's [sic] partial motion for summary judgment for the reasons the Supreme Court stated in *Barbara* and order final judgment in favor of Plaintiffs." *Id.* at 3.

For all these reasons, the Court will lift the stay, deny Defendants' Motions to Dismiss or in the Alternative for Summary Judgment, grant Plaintiffs' Motion for Partial Summary Judgment on the First and Sixth Claims in the Amended Complaint for the reasons explained by the Supreme Court in *Barbara,* and enter judgment for the Individual Plaintiffs and a declaratory judgment that Executive Order No. 14160 is unconstitutional. The Court need not reach the issue of whether the Executive Order was ultra vires, as Plaintiffs allege in their Second Claim and as they argue in their Motion for Partial Summary Judgment, because the Supreme Court held that it is unconstitutional for other reasons. In addition, the Court will decline to enter judgment on OCA's behalf because Defendants have advanced colorable challenges to its Article III standing to sue, *see* ECF No. 34 at 8–9, and "if one party has standing in an action"—which the others do here—"a court need not reach the issue of the standing of other parties when it makes no difference to the merits of the case." *Comcast Corp. v. FCC*, 579 F.3d 1, 6 (D.C. Cir. 2009) (quoting *Ry. Labor Executives' Ass'n v. United States*, 987 F.2d 806, 810 (D.C. Cir. 1993)).

A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: August 20, 2026